IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,<br><br>                Defendants. | Case No. 08-CV-74-GKF-FHM |

### ORDER

Plaintiffs' Motions for Entry of a Stipulated Confidentiality Agreement and Protective Order [Dkt. 62] and for Expedited Briefing [Dkt. 65] are before the undersigned United States Magistrate Judge. This Order resolves the Motion for Expedited Briefing and requires the DHS Defendants to respond to Plaintiffs' First Request for Production of Documents under the terms specified herein.

On March 5, 2008, Plaintiffs served their First Request for Production of Documents which sought DHS records concerning the nine named Plaintiff children. There is no question that these records are relevant to the matters at issue in this action. Further, Defendants have not asserted that production of the documents is burdensome or otherwise onerous. On April 2, 2008, the undersigned entered an Order ruling that Defendants could not withhold any documents from production on the basis of 10 Okla. Stat. § 7005-1.2. [Dkt. 53]. The parties were directed to meet and confer and to submit a proposed Protective Order to preserve the confidentiality of the documents to be produced.

The parties have been unable to agree on the terms of a Protective Order, Defendants have sought reconsideration of the April 2nd Order, and to date the requested

documents have not been produced.  Citing their need for the documents to use in conjunction with the class certification issue, Plaintiffs have requested an expedited briefing schedule on their pending motion for entry of a Protective Order. [Dkt. 62].

Plaintiffs' Motion for Entry of a Stipulated Confidentiality Agreement and Protective Order [Dkt. 62] presents issues not suitable for expedited consideration.  However, counsel for Plaintiffs should not be deprived of access to the information which pertains to the nine named Plaintiffs which counsel are clearly are entitled to receive.  Moreover, further delay could disrupt the orderly conduct of the case.  The undersigned likewise acknowledges the importance of the confidentiality issues presented by Defendants.

To balance these competing interests yet keep the case on track, the Court Orders the following:

> The Motion to Expedite Briefing [Dkt. 65] is DENIED.
>
> Defendants' Motion for Reconsideration [Dkt.   ] and Plaintiffs' Motion for Entry of a Stipulated Confidentiality Agreement and Protective Order [Dkt. 62] will be considered after full briefing.
>
> The DHS Defendants are hereby ORDERED to serve their response to Plaintiffs' First Request for Production of Documents, including production of the documents sought therein unless objected to for some reason other than 10 Okla. Stat. § 7005-1.2, no later than April 30, 2008.
>
> The Court further ORDERS that as an interim measure until such time that a Protective Order is entered which fully outlines the terms of distribution and use of such documents, the DHS documents may only be reviewed by the attorneys in this case and their staff.  The documents or their contents may not be disclosed to any other person and may not be disclosed in any public filing.

If the parties are unable to agree on the meaning and scope of the terms of the interim restrictions, that matter will be resolved at a hearing before the undersigned on

Wednesday, April 30, 2008 at 9:30 am.  Counsel are hereby directed to file a joint statement, on or before noon Tuesday April 29, 2008, as to whether such a hearing will be necessary.

SO ORDERED this 23rd day of April, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE