UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G. Gail Stricklin; et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.   ) <br> ) <br> C. BRAD HENRY, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 08-CV-074-GKF-FHM |

**BRIEF IN SUPPORT OF DHS DEFENDANTS'
CONTESTED MOTION FOR CONFIDENTIALITY ORDER**

- Preliminary Statement –

Counsel for Plaintiffs and counsel for the DHS Defendants have conferred in good faith and have been unable to reconcile their competing proposals for an appropriate confidentiality order that covers material produced by either side in discovery. Plaintiffs have filed their motion for entry of a stipulated confidentiality agreement and protective order [Dkt. 62]. The motion accompanying this brief is the DHS Defendants' submission of their competing proposal[1] to protect the confidentiality of some, but not all, of the information exchanged among the parties.

It will be noted that the DHS Defendants have filed a motion to reconsider, asking the Magistrate Judge to reconsider his previous ruling and, instead, hold that Oklahoma confidentiality statutes must be applied by this Court in the instant action. In submitting this brief and the accompanying motion for a confidentiality order, without waiving the arguments made in their motion to reconsider [Dkt. 59], the DHS Defendants assume *arguendo* that their motion to reconsider will be denied, at least in part. This working assumption does not waive the arguments set forth *infra* in support of a protective order that respects state and federal

---

[1] Exhibit 1 accompanying the DHS Defendants' motion.

confidentiality laws, without regard for whether it is mandatory that an Article II court enforce the state statutes.

- Argument and Authorities -

**PROPOSITION I: THE INSTANT DISPUTE CONCERNING THE CONTENTS OF A CONFIDENTIALITY ORDER DOES NOT IMPLICATE STATUTORY OR COMMON-LAW PRIVILEGES.**

Pursuant to the order of this Court, the DHS Defendants have turned over to Plaintiffs' counsel more than 83,000 pages of information about the nine (9) children who are the Named Plaintiffs. The confidentiality order urged by the DHS Defendants does not invoke any "privilege," since its provisions assume that sensitive non-public information has been provided by one side to the other. The protective order endorsed by the DHS Defendants does not address privilege or discoverability, but does rest on considerations of personal privacy. Should private information about individuals and families, which has come into the hands of litigation counsel, be disclosed to anyone other than an agent or employee of litigation counsel? The answer to this question, at least as to information already made confidential by operation of law, is "no." Information that is not the subject of state or federal confidentiality laws presumably can be disseminated without violating the reasonable expectations of privacy of those individuals whose lives may be affected by the dissemination.

Where a state or federal law expressly makes certain personal information confidential, however, there is no good reason to disclose it beyond the need for its use by counsel in litigation. Where the Oklahoma Legislature and Governor have determined that sensitive information about children, foster parents, or biological families should be shielded from public scrutiny, this Court should honor that determination. Where Congress and the President or a federal regulatory body have sequestered personal information from review by members of the

public, this Court should likewise honor that determination. Under the DHS Defendants' proposed version of the confidentiality order, counsel for Plaintiffs will have **full litigation use** of the information contained in discovery material, including the right to disclose that information to their consultants and other agents, so long as the latter agree to comply with the terms of the confidentiality order. A key difference between Plaintiffs' proposed order and the DHS Defendants' proposed order is whether parties shall have the right to flout state and federal laws that protect persons having no direct interest in the outcome of this litigation. (e.g., foster children who are not Named Plaintiffs, foster families, biological families, siblings who are not in foster care).

It is difficult to recruit foster parents, and the process of recruiting them will be made even more difficult if it becomes known that lawyers who file a suit against DHS will have the right to disclose information (e.g., medical history, sensitive social history, financial history) about foster parents, including those who are rejected as foster parents, to anyone and everyone.

Plaintiffs' counsel argue that as long as "personal identifying information" has been redacted from material obtained in discovery, the fact that the remaining information might also be protected by state or federal confidentiality laws is unimportant. Plaintiffs argue that given such redactions, no one will be able to identify the individuals who are the subjects of personal information disclosed to non-parties, including representatives of the media. The DHS Defendants respectfully submit, however, that reporters and non-media persons will be able to pull together both non-redacted information and information from other sources readily available, and will be able to identify individuals who are not parties and whose privacy should not be invaded.

The issue with respect to entry of a confidentiality order is, therefore, not one that involves "privilege," since a true privilege would preclude disclosure even to litigation counsel. Instead, counsel for all parties now have the information at issue and can make use of it in depositions and in court filings. The DHS Defendants, however strongly object to a "confidentiality order" that undermines or heavily discounts the confidentiality established by state and federal laws.

The DHS Defendants adopt the authorities and arguments set forth in their motion to reconsider [Dkt. 59], particularly with respect to the federal statute and regulation requiring the State (1) to keep child abuse and neglect records confidential, and (2) to impose criminal penalties for the release of such confidential records. Even if the Court affirms its prior ruling that the procedural requirements of Oklahoma's statute are not binding in this forum, the Court should at a minimum give effect to the substantive portion of the federal statute in which Congress requires that the privacy rights of children, parents, and guardians be respected by protecting records involving allegations and investigations of child neglect or abuse. That statute requires States to provide:

> **(viii)   methods to preserve the confidentiality of all records** to protect the rights of the child and of the child's parents or guardians, including requirements ensuring that reports and records made and maintained pursuant to the purposes of this subchapter and subchapter III of this chapter shall only be made available to –
>
> **(I)**   individuals who are the subject of the report;
>
> **(II)**   Federal, State, or local government entities, or any agent of such entities, as described in clause (ix);
>
> **(III)**   child abuse citizen review panels;
>
> **(IV)**   child fatality review panels;

> **(V)** a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury; and
>
> **(VI)** other entities of classes of individuals statutorily authorized by the State to receive such information pursuant to a legitimate State purpose;
>
> (ix) provisions to require a State to disclose confidential information to any Federal, State, or local government entity, or any agent of such entity, that has a need for such information in order to carry out its responsibilities under law to protect children from abuse and neglect;
>
> (x) provisions which allow for public disclosure of the findings or information about the case of child abuse or neglect which has resulted in a child fatality or near fatality;
>
> (xi) the cooperation of State law enforcement officials, court of competent jurisdiction, and appropriate State agencies providing human services in the investigation, assessment, prosecution, and treatment of child abuse or neglect;

42 U.S.C. § 5106a(b)(2)(A)(viii)(I)-(VI), (ix)-(xi)(emphasis added).

In the case *sub judice,* Plaintiffs' invitation to the Court to allow them to make public redacted copies of confidential records (Brief [Dkt. 62] at page 8) runs counter to the Congressional determination that "all" covered records must be held away from public view, in order to protect the rights of affected children, parents, and guardians. Simply stated, Congress and the President have already struck the appropriate balance between the public's right to know and the need to protect the confidentiality of this particular set of records. Nowhere in the statutory scheme enacted by Congress is there room to redact confidential records and provide them to the media or to anyone not on the statutorily mandated list of permitted recipients. The content of this statute is "good cause" for entry of an order protecting the confidentiality of reports and records within its ambit.

Similarly, pursuant to federal statutory and regulatory requirements for participating in the program to receive federal financial assistance to help abused and neglected children,

Oklahoma has passed its own legislation (1) specifying which records must remain confidential, and (2) imposing criminal penalties for improper disclosure of such records. Nothing in Oklahoma law permits redaction of confidential records as a means of avoiding criminal liability for their unauthorized release. This Court should not read such an exception into an unambiguous statute. These Oklahoma statutes are similarly "good cause" for entry of a confidentiality order pursuant to Rule 26(c).

Moreover, contrary to Plaintiffs' suggestions, the proposed confidentiality order of the DHS Defendants would only restrict use of certain classes of confidential information or documents, and not the fruit of all discovery in this action. Exhibit 1 of the accompanying motion is the proposal of the DHS Defendants, defining the term "confidential records" in Paragraph 2. The parties agree upon the confidentiality of individually identifiable information as set forth in Paragraph 2(A). The parties agree in part upon the confidentiality of "information about the system architecture of the DHS computer system" as set forth in Paragraph 2(D). Plaintiffs fear that this latter provision would make confidential any document printed by the DHS computer system. (Brief [Dkt. 62] at page 13 n. 5.) That result is not the intention of the DHS Defendants. Instead, the DHS Defendants want to protect the Department's computer system from damage by hackers.[2] Public disclosure of the details of the computer system itself - and not the data stored on that system - could allow the system to be compromised and essential services to DHS clients to be interrupted. Protection of the computer system, and not its electronic contents, is the purpose of Paragraph 2(D).

Plaintiffs object to the remaining two provisions of the DHS Defendants' proposal. Neither objection is sound, and both should be rejected. Plaintiffs object to the provisions

---

[2] DHS has a designated internal office, the Information Security Office, which has the responsibility of ensuring the integrity of the DHS computer system from cyber attacks.

protecting records made confidential by Oklahoma law, in Paragraph 2(B), and records made confidential by federal law, in Paragraph 2(C). This latter provision is particularly ironic: Plaintiffs assert that a federal court should not protect from public disclosure records made confidential by federal law. Plaintiffs' position shows disdain for the Congressional decision to preserve the confidentiality of all such records. No justification is, or could be, offered to support ignoring the will of Congress in this matter.

Similarly, Plaintiffs offer no justification to ignore the requirements of Oklahoma statutes which protect juvenile court records, agency records, and "social records" as defined by Oklahoma law. The provisions of Oklahoma law rendering certain records confidential ought to be honored, and those records should be disclosed only within the confines of this litigation, even if the procedural requirements of state law are found not to apply.

The DHS Defendants ask the Court to enter an order making these four types of records, and the information contained within them, confidential as to non-parties, and requiring that those records be filed only under seal.[3]

**PROPOSITION II: ALTHOUGH FILINGS UNDER SEAL ARE DISFAVORED, THERE ARE COMPELLING REASONS TO REQUIRE SUCH SEALING IN THE INSTANT ACTION, ESPECIALLY WHERE THE PRIVACY INTERESTS OF CHILDREN AND FOSTER FAMILIES ARE AT STAKE.**

The DHS Defendants are mindful of this Court's policy regarding documents that a party seeks to have filed under seal:

> It is the policy of this Court that sealed documents, confidentiality agreements, and protective orders are disfavored. Sealed documents and confidentiality agreements may be approved by the Court only upon a showing that a legally

---

[3] This does not mean that all records or documents discovered from DHS, or from the Plaintiffs, would be considered confidential. For instance, DHS has in its possession a large array of discoverable records which are neither juvenile court records, "agency records," nor "social records" as defined by 10 Okla.Stat. § 1005-1.1. The DHS Defendants do not suggest that such publicly available records must be kept confidential or filed only under seal.

protected interest of a party, non-party or witness outweighs the compelling public interest in disclosure of records. All protective orders dealing with confidentiality must be approved by a magistrate judge and filed of record.

LCvR79.1(a).

This Court, however, has urged counsel to be sensitive to and show respect for the legitimate privacy interest of non-parties:

> <u>In addition, parties</u> should exercise caution when filing a document that contains any of the following information and <u>should consider filing such document under seal</u>, or may refrain from including, or may partially redact where inclusion is necessary personal identifying numbers such a driver's license numbers; <u>medical records</u>; <u>treatment and diagnosis</u>; <u>employment history</u>; <u>individual financial information</u>; . . .

General Order 06-9 (emphasis added).

The quoted portion of the above General Order does not limit its admonition about using "caution" to "personal identifying numbers." The first sentence of the General Order recognizes a policy "to promote electronic access to case files while <u>also</u> protecting personal privacy and other legitimate interests." *Ibid* (emphasis added).[4]

In the case at bar, foster children who are not Named Plaintiffs (many of whom have been sexually abused), individuals who have applied to be foster parents, individuals who have served or are still serving as foster parents, the biological children and stepchildren of prospective and current foster parents, and the individuals who give reference information about prospective and current foster families deserve judicial protection from disclosure beyond necessary use by litigation counsel. If this Court does not have the duty to follow the procedures embodied in Oklahoma juvenile statutes regarding confidentiality, the Court may nevertheless

---

[4] In addition to the General Order quoted above, this Court has adopted LCvR5.3(a), which recognizes a need "to promote electronic access to case files while also protecting personal privacy and other legitimate interests," and which urges parties to "exercise caution" when filing documents that contain "medical records, treatment, and diagnosis, employment history, individual financial information, . . ."

exercise its sound discretion in favor of prohibiting counsel from disclosing such sensitive information except as it may become necessary to offer the same into evidence at trial. Until trial commences, non-parties should learn the contents of information made confidential by law only in depositions whose transcripts can be filed under seal.

Counsel for the DHS Defendants are not asking this Court to prohibit any attorney representing a party from disclosing to the media or anyone else information gained during the discovery process that has not been made confidential by state or federal law. Policy-determinations made by a State Legislature or by Congress regarding individuals' rights of privacy should be respected, and that respect should be reflected in the terms of a confidentiality order, especially when foster parents, children of foster parents, adults who assist foster families, and many other volunteers have not waived their right to avoid media scrutiny and other public attention.

If this Court does not prevent, for example, Plaintiffs' counsel from disclosing to non-parties information made confidential by Oklahoma law, the attorneys for Plaintiff will be free to disclose juvenile-court dockets and records to the public at large and to representatives of the media. Those DHS agency records made confidential by law are entitled to no less protection, especially since such records contain highly personal (e.g., medical and financial) information about prospective and actual foster parents and the children of foster parents, and closely-held information about their friends, relatives, neighbors, and associates. The scope of the confidentiality order sought by the DHS Defendants is limited and appropriate: Only records that are made confidential by state or federal law would be subject to the prohibitions against disclosure set forth in the protective order. If a state or federal law establishes the confidentiality of certain information but allows its disclosure after redaction, the party wishing to disseminate

such redacted information would not be precluded from doing so under the DHS Defendants' proposal. If, however, state or federal law prohibits disclosure altogether, litigation counsel would be bound not to disseminate it except to their own employees, consultants, and other agents, and to deponents under controlled circumstances described in the proposed confidentiality order.

**PROPOSITION III: THE DHS DEFENDANTS HAVE SHOWN GOOD CAUSE TO GRANT THE REQUESTED RELIEF.**

The DHS Defendants recognize that entry of a protective order requires a showing of good cause pursuant to Fed.R.Civ.P. 26(c). The parties agree that a certain degree of confidentiality must be protected by order of the Court and that good cause exists to enter *some sort* of protective order. The issue at present is not whether the DHS Defendants will produce the DHS files to opposing counsel, but what opposing counsel may do with the files once they are produced.[5] The issues remaining unresolved between the parties surround (1) what items are entitled to confidential treatment, (2) whether the Court should allow confidential items to be redacted and released to the press or to others, and (3) whether confidential records, when filed with the Court, must be filed under seal.

In cases involving private litigants and private interests, federal courts recognize a common law right of access to judicial records which is not absolute. *Hatfield v. Price Management,* 2005 WL 375665 (D.Kan. 2005). In such cases, the trial court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with a party's interest in sealing the record or a portion thereof. *Id.*

---

[5] The Court has order production of the DHS files to Plaintiffs' counsel under interim confidentiality measures which restrict review of those records to counsel and their respective staffs. The production order by the Court has been completed.

In the case at bar, however, Plaintiffs' counsel have received from DHS certain records which are made confidential by both federal and state law. Congress has determined that child abuse and negligent records and reports must remain confidential in order to protect the affected children, their parents, and their guardians, and Oklahoma law agrees. These statutory provisions override the common law right of access to judicial records.

Even without reference to federal and state statues protecting the confidentiality of children, their parents, and guardians, it is recognized that there is a strong public policy to protect the identity of children and their parents through redaction. *Sims v. Lakeside School*, 2007 WL 4219347, *1 (W.D.Wash. 2007). In light of the specific confidentiality protections in federal and state law for records of child abuse and neglect, however, redaction is an insufficient safeguard.

*Marisol A. v. Giuliani*, 1997 WL 630183 (S.D.N.Y.), relied upon by Plaintiffs, supports the confidentiality of legally protected records. In that case, in which Children's Rights (Plaintiffs' counsel here) represented the plaintiff, a Case Review Team (CRT) was formed by agreement of the parties to sample children's records, review them, and report to the Court. *Id.* at *1. However, by stipulation of the parties, the CRT maintained the confidentiality of all case review information, case records, and individual-identifying information. *Ibid.* This is precisely the result sought by the DHS Defendants. However, once the CRT prepared its initial report, Children's Rights immediately provided that report to the press. *Ibid.* It was the report of the Case Review Team, and not the underlying case review information, case records, and individually identifying information, which the Court ultimately allowed to be made public. *Id* at *7.

Likewise, in *Holland v. GMAC*, 2004 WL 1534179 (D.Kan.), the Court approved a protective order providing that confidential personnel records and files, trade secret information, and personal financial information be confidential "between the parties." Thus, even in the absence of statutes requiring confidentiality, the Court found such confidential personnel files, trade secret information, and personal financial information could not be released to third persons. Similarly, personnel files, proprietary and confidential information, trade secrets, and supplier lists may be protected, if the application for protection provides sufficient details to justify such protection. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan. 2000). Child abuse and neglect records (including sensitive information about foster children who are not Named Plaintiffs and foster families) certainly deserve more protection than commercial records.

Relying upon Wyoming case law, the Court in *Skinner v. Uphoff*, 2005 WL 408933, *8 (D.Wyo. 2005) recognized that absent a compelling State interest, the State may not exclude an entire class of records from public inspection. In the context of that case, the Court held that state and federal laws clearly prevent the publication of materials relating to medical records, personnel records, and criminal history records, and that information relating to these matters should not be published to either the inmates or the public at large. *Id.* at *3. On the facts of that case, the Court required prison officials to redact legally confidential information, and information indicating that particular inmates had cooperated with prison officials, from documents shared with counsel for the inmates and allowed such redacted records to be made public.

Two serious considerations make redaction an unworkable option in the present case. First, unlike *Skinner,* in which corrections officials redacted documents <u>before</u> providing them to inmates' counsel, the DHS Defendants recently produced to opposing counsel documents that

have not been redacted, due to the considerable burden of redacting such a large volume of material (more than 83,000 pages). Second, unlike *Skinner*, in the present case the State of Oklahoma does have a compelling interest in excluding "an entire class of records from public inspection." That important interest arises from both federal and state laws which require the subject records to remain confidential. The filing of the instant litigation does not repeal federal and state law requiring certain to remain confidential. Plaintiffs should not be permitted to reveal to non-parties information which federal and state statutes require be kept confidential.

The public's right to know how its government is performing is adequately protected by the Oklahoma Open Records Act, 51 Okla. Stat. § 24A.1 *et seq.*, and by other sources of information available to the public at large. However, by enactments of Congress and the Oklahoma Legislature, the public has no right to review DHS "agency records" and child abuse and neglect records. The privacy and confidentiality of these records are recognized as a compelling interest by both federal and state law.

Good cause to override the public's common law interest in access to Court filings and discovery material generally exists when the privacy interests of a litigant predominate in a case. *Bryan v. Eichenwald*, 191 F.R.D. 650, 651 (D.Kan. 2000). In the present case, Congress and the Oklahoma Legislature have determined that the harm resulting from disclosure of confidential DHS records outweighs the public's right to know. Legally confidential records have been provided to Plaintiffs' counsel, but the records should be filed in Court only if placed under seal, and their contents should not be made public.

- Conclusion -

The United States Magistrate held that the Court is not bound, as a matter of federal law, to follow the procedures mandated by Title 10 of the Oklahoma Statutes, but did not hold that no

protection should be given to the privacy interests of non-parties. The Magistrate Judge did not rule that no weight should be given by the Court to the policy determinations made by the Oklahoma Legislature and by Congress regarding public access to certain kinds of records now in the hands of Plaintiffs' counsel.

Children who live with a foster family and who have been traumatized prior to placement into foster care do not forfeit their privacy rights simply because a Named Plaintiff happens to reside in the same foster family. A teenager whose biological parent victimized her sexually should not be faced with the prospect of reading about herself in a newspaper article or on the internet; her right to privacy is irretrievably shattered even if her name does not appear in the published account.

Entry of a confidentiality order at this state of the instant action is necessary, given the sensitive nature of the information in question. The confidentiality order urged by the DHS Defendants calls upon the Court to honor, as a matter of judicial discretion, the important policies underlying privacy statutes and regulations enacted by the Oklahoma Legislature and Governor and by Congress and the President.

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, P.C.**

By:    s/ Donald M. Bingham
Donald M. Bingham, OBA 794
Donna Marie De Simone, OBA 18271
502 West Sixth Street
Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708
E-mail: don_bingham@riggsabney.com
*Attorneys for Defendants Richard L. DeVaughn, Ronald L. Mercer, Jay Dee Chase, Patrice Dills Douglas, Michael L. Peck, Garoldine Webb, Aneta F. Wilkinson, Rev. George E. Young, Sr., and Howard H. Hendrick*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, I electronically transmitted *Brief In Support of DHS Defendants' Contested Motion for Confidentiality Order* to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

R. Thomas Seymour
*rtseymour1@aol.com*
Scott A. Graham
*sgraham@seymourgraham.com*
**Seymour & Graham, LLP**
100 W. 5th Street, Suite 550
Tulsa, OK 74103-4288

Frederic Dorwart
*fdorwart@fdlaw.com*
Paul DeMuro
*pdemuro@fdlaw.com*
**Frederic Dorwart Lawyers**
124 E. 4th Street, Suite 100
Tulsa, OK 74103-5010

G. Michael Lewis
*mlewis@dsda.com*
**Doerner Saunders Daniel & Anderson**
320 S. Boston Ave., Suite 500
Tulsa, OK 74103-3725

Joe E. Edwards
*edwards@dayedwards.com*
**Day Edwards Propester & Christensen**
210 W. Park Ave., Suite 2900
Oklahoma City, OK 73102-5605

Marcia Robinson Lowry
*mlowry@childrensrights.org*
Ira P. Lustbader
*ilustbader@childrensrights.org*
Yasmin Grewal-Kok
*ygrewal-kok@childrensrights.org*
Jeremiah L. Frei-Pearson,
*jfrei-pearson@childrensrights.org*
William Kapell
*wkapell@childrensrights.org*
**Children's Rights**
330 Seventh Ave., 4th Floor
New York, NY 10001

Phil A. Geraci
*pageraci@kayescholer.com*
Mark A. Beckman
*mbeckman@kayescholer.com*
R. Nadine Fontaine
*nfontaine@kayescholer.com*
Carly Henek
*chenek@kayescholer.com*
Andrew B. Bauer
*abauer@kayescholer.com*
**Kaye Scholer LLP**
425 Park Ave.
New York, NY 10022-3598

Scott D. Boughton
*scott.boughton@oag.ok.gov*
**Oklahoma Attorney General's Office**
313 N.E. 21st Street
Oklahoma City, OK  73105

 I hereby certify that on May 6, 2008, I served the same document by U.S. Postal Service, postage thereupon fully prepaid, on the following, who are not registered participants of the ECF system:

Bruce W. Day
Day Edwards Propester & Christensen
210 W. Park Avenue, Suite 2900
Oklahoma City, OK 73102-5605

　　　　　　　　　　　　　　　　　　　　   s/ Donald M. Bingham