## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **D.G., by Next Friend G. Gail Stricklin, et al., for themselves and those similarly situated,** ) ) ) ) | |
| **PLAINTIFFS,** ) ) | |
| vs. ) ) | **CASE NO. 08-CV-074-GKF-FHM** |
| **C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,** ) ) ) ) | |
| **DEFENDANTS.** ) | |

## **OPINION AND ORDER**

The Contested Motion of DHS Defendants for Protective Order Limiting Discovery [Dkt. 145] is before the Court for decision. The motion has been fully briefed and a hearing was held on August 6, 2008.

Defendants seek an order prohibiting all merits-related discovery and delaying Defendants' initial disclosures until the Court rules on Defendants' pending Motion to Dismiss. Defendants argue that responding to merits-related discovery and providing initial disclosures will be extremely costly and time consuming and will be completely unnecessary if the Motion to Dismiss is granted.

Plaintiffs respond that Defendants have not established that they are likely to prevail on their Motion to Dismiss and that Plaintiffs will be unduly prejudiced by a stay of discovery. Alternatively, Plaintiffs argue that merits-related discovery should proceed regarding the nine named Plaintiffs and that Defendant should be required to make the initial disclosures required by Fed.R.Civ.P. 26(a)(1).

Generally, the Court is not inclined to stay discovery pending the resolution of a motion to dismiss. However, in some cases it is appropriate to stay or limit discovery while the Court considers potentially dispositive motions. The facts in this case support limiting merits-related discovery to the nine named Plaintiffs pending a ruling on the Defendants' Motion to Dismiss, for instance: there is a split of authority among the courts that have decided the issues raised in the Motion to Dismiss; the scope of full scale discovery in this case is potentially very broad and may prove to be very expensive and time consuming; and any immediate concerns for the well being of individual children can be addressed through the state system. On the other hand, Plaintiffs' interest in moving the case forward can be partially served by permitting merits-related discovery to proceed regarding the nine named Plaintiffs which will also be useful to Plaintiffs' case in general.

The Court, therefore, GRANTS IN PART AND DENIES IN PART the Contested Motion of DHS Defendants for Protective Order Limiting Discovery [Dkt. 145] as follows:

- General merits-related discovery is hereby stayed pending the Court's decision on Defendants' Motion to Dismiss;
- Defendants are not required to make their Fed.R.Civ.P. 26(a)(1) initial disclosures until the Court decides the Motion to Dismiss;
- Plaintiffs may engage in merits-related discovery concerning the nine named Plaintiffs pending the Court's decision on the Motion to Dismiss, including, but not limited to, obtaining: complete document production on the nine named Plaintiffs; depositions of workers involved with the nine

named Plaintiffs; and production of information about the training and caseloads of those workers.

SO ORDERED this 11th day of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE