# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G. Gail Stricklin; et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 08-CV-074-GKF-FHM ) |
| C. BRAD HENRY, et al., | ) ) ) |
| Defendants. | ) |

## OKDHS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AGAINST PLAINTIFF D.G. AND BRIEF IN SUPPORT

### - Motion -



Plaintiff D.G. ███████████. Therefore, D.G. ████████████████████████ ████████████████ the Oklahoma Department of Human Services ("OKDHS"). Because D.G. seeks only prospective injunctive relief, and D.G. cannot show that any future injury is likely to occur to him, his claims are moot.[1] In addition, no exception to mootness allows D.G. to remain as a class representative for purposes of the class-certification motion. The OKDHS Defendants move that the Court enter judgment in their favor and against Plaintiff D.G.

### - Brief -

### OKDHS DEFENDANTS' STATEMENT
### OF UNCONTROVERTED MATERIAL FACTS

1. Plaintiffs' Complaint for Injunctive and Declaratory Relief and Request for Class Action [Dkt. 2] ("Complaint") and Plaintiffs' Motion for Class Certification and Appointment of

---

[1] On November 26, 2008, OKDHS Defendants asked Plaintiffs' counsel to dismiss D.G. as a Plaintiff on or before December 5, 2008. *See* accompanying email of Don Bingham, dated November 26, 2008, and marked Exhibit "1". Plaintiffs' counsel have neither filed a dismissal nor indicated an intention to do so.

Class Counsel and Brief in Support Thereof [Dkt. 4] ("Motion for Class Certification") were filed on February 13, 2008.

2. The Motion for Class Certification is pending, and the Court has not yet scheduled oral argument.

3. D.G. ██████████████████████ ██████████████████████████████████████ *See* ████████ ████████████████ marked Exhibit "2".

4. D.G.'s ████████████████ and D.G. ████████ ████████ *See* ████████████████████████ ███ marked Exhibit "3".

5. ████████████ D.G. ████████████████████ ████████████████████████████████████████ ████████████████████████ *See* accompanying OKDHS Case Information Report, marked Exhibit "4".

## LEGAL STANDARDS CONCERNING SUMMARY JUDGMENT

Entry of a judgment is appropriate under Fed.R.Civ.P. 56 when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter law. The court views all evidence, and draws reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Mosier v. Callister, Nebeker & McCulough*, ___ F.3d ___, 2008 WL 4879041, *3 (10th Cir. 2008). However, when a motion for summary judgment attacks a plaintiff's standing, the plaintiff must establish that there exists no genuine issue of material fact as to justiciability. *Rector v. City and County of Denver*, 348 F.3d 935, 943 (10th Cir. 2003)(citation omitted).

**PROPOSITION I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS OF D.G. BECAUSE ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ WHICH RENDERS HIS CLAIMS MOOT.**

The Tenth Circuit has explained that Article III of the United States Constitution limits a federal court's jurisdiction to live cases and controversies. When a case or controversy becomes moot, district courts are without jurisdiction:

> Article III limits a federal court's jurisdiction to 'cases and controversies.' 'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.' As a result, '[f]ederal courts may adjudicate only actual controversies.' 'Because a federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it, a controversy must exist during all stages of appellate review.'

*Chihuahuan Grasslands Alliance v. Kempthorne*, ___ F.3d ___, 2008 WL 4542310, *4 (10th Cir. 2008) (citations omitted). *See also Garcia v. Board of Education of Albuquerque Public Schools*, 520 F.3d 1116, 1123 (10th Cir. 2008)(parties must continue to have a personal stake in the outcome of the lawsuit throughout the various stages of litigation). A case or controversy no longer exists when it is impossible to grant any effectual relief. *Kempthorne* at * 5.

Because D.G. seeks only prospective injunctive relief, his claims are moot and must be dismissed.

> With respect to injunctive relief and the question of mootness '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects.' The party requesting relief, must **'demonstrate a good chance of being likewise injured in the future.'** 'Likewise, with respect to declaratory relief, we look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' **'If an**

> event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed.'

*Kempthorne* at * 5 (citations omitted)(emphasis added).

D.G. ███████████████████████████████████████ he cannot be harmed by OKDHS' allegedly unconstitutional practices. D.G. must be able to show that ███████████████ is more than merely speculative or conjectural, but real and "certainly impending". *See Adarand Constructors v. Pena*, 515 U.S. 200, 211, 115 S.Ct. 2097 (1995); *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004). Whether ███████ ███████████████████████████████████████████████████████ ██████ is too speculative, just as the possibility that one will violate a criminal law and be prosecuted again is speculative, and does not support standing. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

In a case similar to the one at bar, foster children in the physical custody of the State of Florida brought a civil rights class action challenging various aspects of Florida's foster care system. The plaintiffs sought declaratory and injunctive relief relating to the operation of Florida's foster care system. *31 Foster Children v. Bush*, 329 F.3d 1255, 1260-1261 (11th Cir. 2003). The Eleventh Circuit held that the claims of two foster children were moot and must be dismissed once the children were adopted:

> The defendants contend that Larissa C.'s and Leanne G.'s claims are moot, and we agree. Because Larissa C. and Leanne G. have been adopted, they are no longer in the defendants' legal or physical custody and therefore cannot be further harmed by the defendants' alleged illegal practices. Because the plaintiffs' amended complaint seeks only prospective injunctive relief against the defendants to prevent future harm, no live controversy exists between them and these two plaintiffs. Larissa C. and Leanne G. have no legally cognizable interest in the outcome of this lawsuit. All of their claims are moot.

*Id.* at 1263 (11th Cir. 2003).

Although D.G. may acknowledge that his claims are moot because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ he may argue that he should remain a plaintiff in this litigation, at least until there is a ruling on the certification motion, under one of the exceptions to mootness in the context of class actions. *See Carson P. ex. rel Foreman v. Heineman,* 240 F.R.D. 4456, 510-512 (D. Neb. 2007).

"'As a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified.'" *Owen v. Regence BlueCross BlueShield of Utah,* 388 F.Supp.2d 1318, 1330 (D. Utah 2005)(*quoting Reed v. Heckler,* 756 F.2d 779, 785 (10th Cir. 1985)). There are several exceptions to this rule. These exceptions were set forth concisely in *Owen*:

> First, "mootness of the named plaintiff's individual claim *after* a class has been duly certified does not render the action moot." Second, the litigation may also continue where the named plaintiff's claim becomes moot before class certification, if the claim "is 'capable of repetition, yet evading review,' the named plaintiff may litigate the class certification issue despite loss of his personal stake in the outcome of the litigation." In such cases, the class certification "relates back" to the filing of the complaint when the named plaintiff still had a personal stake. But this rule only applies "where the named plaintiff does have a personal stake at the outset of the lawsuit, and where the claim may arise again *with respect to that plaintiff.*" In other words, the capable of repetition, yet evading review, exception does not apply unless the same injury could occur to the named plaintiff again. But "if there is no chance that the named plaintiff's expired claim will reoccur, mootness [can only be avoided] through certification of a class prior to expiration of the named plaintiff's personal claim." Third, similar to repetitive harms which evade review, "[s]ome claims are so inherently transitory that the trial court will not have enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Fourth, when class certification has been denied but the proposed representative prevails on the merits of an individual claim, the name plaintiff has standing to appeal the certification issue even though his own

>claims have been mooted by victory. Fifth, "named plaintiffs whose claims are satisfied through entry of judgment over their objections may appeal the denial of a class certification ruling." The Tenth Circuit has extended this final category to also include cases where the named plaintiffs' claims "have been rendered moot by purposeful action of the defendants."

*Id.* at 1330-1331 (citations omitted)(emphasis in original).

Clearly the first exception does not apply. The certification motion is still pending.

The second exception (i.e., capable of repetition, yet evading review) also does not apply. As discussed above, D.G. cannot show that there is a likelihood that his claims will arise again as to him. *Chihuahuan Grasslands Alliance v. Kempthorne*, ___ F.3d ___, 2008 WL 4542310, *5 (10th Cir. 2008)(must demonstrate likelihood of being injured in the future); *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)(adopted children could not show future harm and their claims were moot); *Carson P. ex. rel Foreman v. Heineman*, 240 F.R.D. 456, 510-512 (D. Neb. 2007)(named plaintiffs who had aged out of foster care prior to ruling on class certification could not show they faced some likelihood of becoming involved in the same controversy in the future).

The third exception, that the claims involved in this case are inherently transitory, also does not apply. The claims in this case focus on extended stays in Oklahoma's foster care system.[2] Specifically, D.G. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ To date, the other Named Plaintiffs ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] Complaint allegations at ¶¶ 13-29 (Plaintiffs have all been adjudicated deprived and in DHS custody from 5 months to 10 years); ¶¶ 73, 120, 145, 240 (failure to plan for and take steps to find permanent and safe homes outside of state custody); ¶ 90 (children are placed in emergency shelters for many months at a time); ¶ 101 (unsafe trial home reunifications); ¶148 (failure to provide independent living services to help prepare children to live on their own when discharged from DHS custody); ¶¶ 240, 243, 246, 251 (failure to provide services, association rights, timely written case plans, a case review system, termination of parental rights, adoption planning, health and education records review, written reports every 6 months, education instruction, individual treatment plan and service plan within 30 days after adjudication).

███████[3] Where the allegations concern extended stays in the foster care system, the claims are not transitory in nature. *Carson P. ex rel Foreman v. Heineman*, 240 F.R.D. 456, 511 (D.Neb. 2007)(none of the named plaintiffs' claims, including the two foster children who turned 19, were transitory in nature). *See also Robinson v. Leahy*, 73 F.R.D. 109, 113-114 (D.C. Ill. 1977)(holding that post-adjudication child welfare custody, unlike pretrial detention (distinguishing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854 (1975)), cannot be characterized as so transitory that a putative class representative whose claims became moot before a class was certified can nonetheless represent the class); *31 Foster Children*, 329 F.3d at 1263 (11th Cir. 2003)(adopted plaintiffs' claims must be dismissed).

The fourth and fifth exceptions do not apply because they address the ability to appeal the denial of certification. Finally, the last exception (i.e., where a named plaintiff's claims have been rendered moot by purposeful action of the defendants) does not apply under the facts of this case. This exception was first announced by the Tenth Circuit in *Reed v. Heckler*, 756 F.2d 779, 785-787 (10th Cir. 1985), in order to preclude defendants from "picking off" named plaintiffs' claims before the issue of certification could be reached. *Owen v. Regence BlueCross BlueShield of Utah*, 388 F.Supp.2d 1318, 1332 (D.Utah 2005)(*quoting Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166 (1980)).

This last exception was applied in the similar case of *J.B. v. Valdez*, 186 F.3d 1280, 1289, FN 6 (10th Cir. 1999). In a footnote, the Tenth Circuit mentions that the court did not rely on the updated status of the children when that status would have the effect of mooting a claim from the complaint. *Id.* The Tenth Circuit cited *Reed, supra*, for the position that purposeful action of

---

[3] At the time the Complaint was filed, the Complaint alleged at ¶¶ 13-29 that the Named Plaintiffs had all been adjudicated deprived and had been in DHS custody from 5 months to 10 years.

7

defendants in giving plaintiffs what they seek may not make moot a plaintiff's claim in a class action. *Id.* Although the Court did not discuss this issue, it is clear that D.G.'s situation is different. Nowhere in *J.B.* does the Court mention that ███████████████████ ███████████████████████████████████████ Although part of OKDHS' responsibilities includes ████████████████████ ██████████████████████████████ is not a purposeful action by OKDHS. Therefore, *J.B.* is distinguishable based on its facts.

As several courts have explained, this exception is applied when the purposeful conduct is shown to be part of a defense strategy. *Owen*, 388 F.Supp.2d at 1332 (conduct by defendants appeared to have been a result of the lawsuit and threat of certification); *Clark v. State Farm Mutual Automobile Insurance Co.*, 245 F.R.D. 478, 484 (D.Colo. 2007)(plaintiffs' claims had not been involuntarily mooted where there was no unilateral action by the defendant); *Lusardi v. Xerox Corporation*, 975 F.2d 964, 982 (3rd Cir. 1992)(plaintiffs argued that the defendants were engaged in a strategy to pick them off to preclude certification). In this case, it cannot be plausibly argued that OKDHS has engaged in a defense strategy to "pick off" D.G.'s claims. ████████████████████████████████████████████████████ ████████████████████████████████ *See* Exhibit "4". Further, ██████████ cannot be characterized as a unilateral act by OKDHS. ██████████ ████████████████████████████████

██████████ is more analogous to the facts in *Chihuahuan Grassland Alliance v. Kempthorne*, ___F.3d ___, 2008 WL 4542310 (10th Cir. 2008). In *Kempthorne*, plaintiffs sought declaratory and injunctive relief against various federal agencies arising from a sale of oil and gas mineral leases on public lands. The defendants sought to dismiss the appeal as moot

because the leases in dispute had been terminated for nonpayment. The plaintiffs sought an exception to mootness based on voluntary cessation of illegal conduct to avoid review. However, the Tenth Circuit rejected this argument because the termination of the leases by the federal agencies had resulted from the actions (i.e., nonpayment) of a third party. *Id.* at *7. Although the facts in *Kempthorne* are clearly different from the ones before this Court, the logic is the same. In this case ███████████████████████████████████████ ███████████████████████████████████████ █████████████████ It cannot be said that █████████████ ███ was the result of this lawsuit or the threat of class-certification.

## CONCLUSION

███████████ moots his claims for prospective injunctive relief. No exceptions to the mootness doctrine apply that would allow D.G. to remain as a plaintiff for purposes of the class-certification motion. Accordingly, OKDHS Defendants are entitled to judgment in their favor and against D.G.

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, P.C.**

By:    s/Donald M. Bingham
Donald M. Bingham, OBA 794
*E-Mail: don_bingham@riggsabney.com*
Holly M. Hillerman, OBA 17055
*E-Mail: hhillerman@riggsabney.com*
502 West Sixth Street
Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708
*Attorneys for the Defendants Richard L. DeVaughn, Ronald L. Mercer, Jay Dee Chase, Patrice Dills Douglas, Michael L. Peck, Garoldine Webb, Aneta F. Wilkinson, Rev. George E. Young, Sr., and Howard H. Hendrick*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2009, I electronically transmitted <u>OKDHS Defendants' Motion for Summary Judgment Against Plaintiff D.G. and Brief in Support</u>, including Exhibits 1, 2, 3, and 4, to the Clerk of Court using the ECF System for filing. I served the same document by electronic mail on the following:

Frederic Dorwart
*fdorwart@fdlaw.com*
Paul DeMuro
*pdemuro@fdlaw.com*
**Frederic Dorwart Lawyers**
124 E. 4th Street, Suite 100
Tulsa, OK 74103-5010

Marcia Robinson Lowry
*mlowry@childrensrights.org*
Ira P. Lustbader
*ilustbader@childrensrights.org*
Yasmin Grewal-Kok
*ygrewal-kok@childrensrights.org*
Jeremiah L. Frei-Pearson,
*jfrei-pearson@childrensrights.org*
William Kapell
*wkapell@childrensrights.org*
**Children's Rights**
330 Seventh Ave., 4th Floor
New York, NY 10001

Joe E. Edwards
*edwards@dayedwards.com*
**Day Edwards Propester & Christensen**
210 W. Park Ave., Suite 2900
Oklahoma City, OK 73102-5605

Phil A. Geraci
*pageraci@kayescholer.com*
Mark A. Beckman
*mbeckman@kayescholer.com*
R. Nadine Fontaine
*nfontaine@kayescholer.com*
Carly Henek
*chenek@kayescholer.com*
Andrew B. Bauer
*abauer@kayescholer.com*
**Kaye Scholer LLP**
425 Park Ave.
New York, NY 10022-3598

I hereby certify that on January 6, 2009, I served the same document by U.S. Postal Service, postage thereupon fully prepaid, on the following, who are not registered participants of the ECF system:

Bruce W. Day
Day Edwards Propester & Christensen
210 W. Park Avenue, Suite 2900
Oklahoma City, OK 73102-5605

s/Donald M. Bingham