## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **D.G., by Next Friend G. Gail Stricklin; et al.,** | ) ) ) | |
| **PLAINTIFFS,** | ) ) | |
| **vs.** | ) ) | **CASE NO. 08-CV-74-GKF-FHM** |
| **C. BRAD HENRY, et al.,** | ) ) | |
| **DEFENDANT.** | ) | |

## OPINION AND ORDER

Defendant Howard Hendricks' Motion to Compel [Dr. 172] and the Motion of Named Plaintiffs to Compel the Production of E-Mails [Dkt. 181] are before the Court for decision.  The motions have been fully briefed and a hearing was held on February 19, 2009.

### Hendricks' Motion to Compel [Dkt. 172

Defendant Hendricks seeks an order requiring Plaintiffs to "produce or identify documents responsive to specific [document] requests as organized and labeled to correspond with the categories in the request." The requests generally seek documents which support Plaintiffs' various contentions in their Complaint.  In an unusual twist, the documents which Defendant Hendricks seeks to have produced or identified are mainly documents which Defendant Gail Hendricks has produced to Plaintiffs.  At the hearing, Defendant Hendricks made clear that he is not really seeking production of the documents.  What Defendant Hendricks actually wants is an order requiring Plaintiffs to identify which of Defendant's documents Plaintiffs will use to support their contentions.  Defendant Hendricks argues that, because this case involves a large

number of documents, it is unfair to force Defendant Hendricks to guess which documents Plaintiffs will rely upon.

Fed.R.Civ.P. 34 concerns "Producing Documents, Electronically Stored Information, and Tangible Things."  The purpose of the rule is to allow a party to obtain documents, electronically stored information and tangible things.   In this case Defendant Hendricks possesses all of the documents because Defendant Hendricks produced them to Plaintiffs.  There is, therefore, no need for Defendant Hendricks to obtain any documents.   Contrary to Defendant Hendricks' assertion, there is no "asymmetry" of discovery in this case with regard to documents.  Both sides have equal access to the documents at issue.  At the hearing, Defendant Hendricks was unable to cite any particular authority for the use of a Fed.R.Civ.P. 34 Request for Production of documents as a means to require a party to identify documents in the manner suggested by the motion.   Nor could Defendant Hendricks explain why he was employing this particular discovery procedure in this case.  The Court is not persuaded that Fed.R.Civ.P. 34 is the appropriate procedure for Defendant Hendricks to obtain the relief he seeks.   Therefore Defendant Hendricks' Motion to Compel is DENIED. [Dkt. 172].

Notwithstanding the Court's conclusion that Defendant Hendricks' requests are not appropriate under Rule 34, the Court is persuaded that Defendant Hendricks has a legitimate need for Plaintiffs to identify which of the numerous documents in this case they will rely on to support their contentions.  It would be unfair and wasteful to require Defendant Hendricks to scour the documents in an effort to anticipate which documents Plaintiff will use.   At the same time, Plaintiffs must be afforded time to review the

2

documents and determine which documents they will use.  Additionally, Plaintiffs must have the flexibility to modify their decisions as the discovery in the case proceeds.

At the hearing, Plaintiffs advised the Court that an expert is reviewing the documents and could probably produce an expert report identifying which documents Plaintiffs will rely on in 90 to 120 days.  In order to properly manage the discovery in this case, the Court finds that it is appropriate for the Plaintiffs to be required to produce such a report.

IT IS THEREFORE THE ORDER OF THE COURT that by May 22, 2009, Plaintiffs shall provide Defendants with a preliminary expert report identifying which documents Plaintiffs contend support each of the contentions set forth in Plaintiffs' Complaint as sought by Defendant Hendricks' document requests at issue in this motion.

### Motion of Named Plaintiffs to Compel the Production of E-Mails

As modified at the hearing, Plaintiffs' motion seeks the production of e-mails of the named Plaintiffs' former caseworkers who performed permanency planning services for the named Plaintiffs from January 1, 2006.  Plaintiffs believe they can identify the names of the case workers and will advise the Defendants of the persons from whom they request e-mails.

Defendants do not challenge the relevance of these e-mails under Fed.R.Civ.P. 26 but argue that the expense associated with producing the e-mails would be burdensome on Defendants and seek some level of cost-shifting or cost-sharing if ordered to produce the e-mails.  Defendants contend the costs should be shifted to or

shared by the Plaintiffs or their next friends, not Plaintiffs' counsel as was suggested in Defendants' response brief.

The Court finds that the e-mails at issue are relevant under Fed.R.Civ.P. 26 and that Plaintiffs have reasonably limited their request to avoid an undue burden on Defendants.  The Court has carefully considered the factors suggested in *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280 (S.D.N.Y. 2003) and the arguments in the parties' briefs and concludes that cost-shifting or sharing is not appropriate in this case.

Plaintiffs' Motion to Compel the Production of E-Mails, as modified at the hearing [Dkt. 181] therefore GRANTED.  The Court recognizes that the particular details of this production were not set forth at the hearing and that ongoing communication and compromise between counsel will be required.  If disputes arise as to the scope of this order, counsel shall utilize the procedures of LCvR 37.2.

### Conclusion

Defendant Howard Hendricks' Motion to Compel [Dkt. 172] is DENIED.  By May 22, 2009, Plaintiffs shall provide Defendants with a preliminary expert report identifying which documents Plaintiffs contend support each of the contentions set forth in Plaintiffs' Complaint as sought by Defendant Hendricks' document requests at issue in Defendant Howard Hendricks' Motion to Compel.

The Motion of Named Plaintiffs to Compel the Production of E-Mails [Dkt. 181] as modified at the hearing on February 19, 2009, is GRANTED.

SO ORDERED this 20th day of February, 2009.

Frank H. McCarthy

**FRANK H. McCARTHY**

4   UNITED STATES MAGISTRATE JUDGE