**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| D.G. by Next Friend G. Gail Stricklin, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 08-CV-074-GKF-FHM |
| C. BRAD HENRY, in his official capacity as | ) | |
| Governor of the State of Oklahoma, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N   A N D   O R D E R

This matter comes before the court on defendants' Motion for Summary Judgment

Against Plaintiff D.G. [Doc. Nos. 207, 208].  Plaintiff children oppose the motion.  For the

reasons set forth below, the motion is granted.

This case was filed February 13, 2008, by nine named plaintiff children in Oklahoma

Department of Human Services ("DHS") custody alleging DHS's foster care policies and

practices violate their federal constitutional and statutory rights. [Doc. No. 2, Complaint].

Plaintiff children sought prospective injunctive relief compelling defendants to correct alleged

deficiencies in the foster care system.  Simultaneous with the filing of their complaint, plaintiff

children filed a motion seeking certification of a class of all children currently in DHS custody.

[Doc. No. 4] The class certification motion is set for hearing May 5, 2009.

Defendants seek summary judgment against plaintiff D.G. on the basis that the child is no

longer in DHS custody and therefore his claims are moot.

### Material Facts

1.  At the time suit was brought, D.G. was a five-month-old boy who had been in foster

care in DHS custody since shortly after his birth. [Doc. No. 2, ¶13, Doc. No. 227, ¶1.13].   The

complaint alleged he had already been moved by DHS through at least four placements, including a 22-day stay at an emergency shelter. [Doc. No. 2, ¶¶13, 158-163].

2.  On October 15, 2007, D.G. was placed with the foster parents who eventually adopted him. [Doc. 207-2, Ex. 4].

3. Also in October of 2007,  D.G.'s foster parents commenced proceedings to adopt him. [Doc. 239-2, Ex. 2, DG-KIDS-4-00032].

4.  On November 4, 2008, the adoption of D.G. was finalized. [Doc. No. 207-2, Ex. 2]. On the same date, D.G.'s juvenile case was dismissed; thus he is no longer in the physical or legal custody of DHS. [Doc. 207-2, Ex. 3].

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Wolf v. Prudential Insurance Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995).  The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  *Id*.

## Analysis

Defendants argue that since D.G. is no longer in the physical or legal custody of DHS, he

2

cannot be harmed by the agency's allegedly unconstitutional practices; therefore his claims are moot.  Plaintiffs contend D.G. should remain a named plaintiff because two exceptions to the mootness doctrine apply:  first, they allege plaintiff's claims are inherently transitory and second, plaintiffs assert defendants purposefully expedited the adoption to force D.G. out of the suit.

The existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.  *Chihuahuan Grasslands Alliance v. Kempthorne,* 545 F.3d 884, 891 (10th Cir. 2008).  As a result, federal courts may adjudicate only actual controversies.  *Id.*  (citations omitted).  Mootness occurs when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  *City of Albuquerque v. U.S. Dep't of Interior,* 379 F.3d 910, 919 (10th Cir. 2004).  With respect to injunctive relief and the question of mootness, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...if unaccompanied by any continuing, present adverse effects."  *Chihuahuan Grasslands Allicance,* 545 F.3d at 891, citing *Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir. 1991).  The party seeking prospective relief must "demonstrate a good chance of being likewise injured in the future." *Id.*

As a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified, *Reed v. Heckler,* 756 F.2d 779, 785 (10th Cir. 1985).  However, there are certain exceptions to this rule.  As previously stated, plaintiffs contend two of those exceptions apply in this case. First, they argue plaintiffs' claims, including D.G.'s, are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."  *U.S. Parole Commission v. Geraghty,* 445

U.S. 388, 399 (1980).  Second, they argue D.G.'s claims should be excepted from the mootness doctrine because his claims "have been rendered moot by purposeful action of the defendants." *Reed v. Heckler,* 756 F.2d at 786.  Specifically, plaintiffs allege DHS expedited D.G.'s adoption to "pick off" his claims before class certification could be decided.

Neither exception, however, applies in this case.  In the 14 months since this lawsuit was filed, D.G. is the only named plaintiff reported to have left DHS custody.  The remaining eight plaintiffs, who are all still in DHS custody, assert identical constitutional violations and request the same prospective injunctive relief sought by D.G.   Moreover, plaintiffs' class certification motion is set for hearing within three weeks.  Therefore, plaintiffs' claims are not so "inherently transitory" as to give rise to an exception to the mootness doctrine.

Similarly, plaintiffs have failed to present evidence plaintiff is no longer in DHS custody because of "purposeful action of the defendants."  The purpose of this exception is to preclude defendants from "picking off" named plaintiffs' claims before the issue of certification can be reached.  *Owen v. Regence BlueCross BlueShield of Utah,* 388 F.Supp.2d 1318, 1332 (D. Utah 2005).   Although plaintiffs contend DHS gave D.G. "special treatment not available to other foster children in DHS custody because he was a named plaintiff in this case," [Doc. No. 224, p. 1], they present no evidence in support of this claim.  According to case contact notes, the adoption of D.G. was initiated by his foster parents in October 2007.  [Doc. 239, Ex. 2, DG-KIDS-4-00032].   The adoption took over a year to finalize.  Evidence shows plaintiff's adoptive parents and guardian ad litem, as opposed to DHS workers, attorneys or any legal strategy, were the driving force behind the effort to complete the adoption process.  The case contact notes are replete with discussions of the adoptive parents' and guardian ad litem's repeated inquiries about

4

what they perceived to be delays in the adoption and requests that the process be expedited.

**Conclusion**

Defendants' Motion for Summary Judgment Against Plaintiff D.G.  [Doc. Nos. 207, 208]

is hereby granted.

ENTERED this 15th day of April, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5