### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,<br><br>　　　　　　Defendants. | Case No. 08-CV-74-GKF-FHM |

### OPINION AND ORDER

OKDHS Defendant's Motion for Sanctions for Noncompliance with the Court's February 20, 2009 Order [Dkt. 302] is before the undersigned United States Magistrate Judge for decision.

The motion seeks sanctions, including dismissal of Plaintiff's case, for Plaintiffs' alleged noncompliance with the Court's February 20, 2009 discovery order [Dkt. 249]. The February 20, 2009 order resulted from Defendant's unusual effort to utilize a document request to Plaintiffs to force Plaintiffs to identify which of Defendant's own documents Plaintiffs would use to support Plaintiffs' contentions. The Court denied Defendant's motion to compel on the basis that a document request was not the appropriate procedure for Defendant to obtain the relief being sought.  However, the Court recognized Defendant's legitimate need for Plaintiffs to identify which of Defendant's numerous documents Plaintiffs would rely on.  Plaintiffs were therefore ordered to provide a <u>preliminary</u> expert report identifying the documents they would rely on to support their contentions.  It is the alleged insufficiency of the preliminary expert report that is the basis for Defendant's motion.

Plaintiffs respond that they fully complied with the February 20, 2009 order. Plaintiffs

point out that the documents identified pursuant to the February 20, 2009 order were only a fraction of the documents produced by Defendants. Plaintiffs also assert that even more identification will be provided.

Although the Court may have required additional identification of documents if Defendants had sought further relief, and while the Court may do so in the future, it does not follow that Plaintiff's response was a violation of the February 20, 2009 order. The Court finds that Plaintiffs' preliminary expert report was a reasonable response to the Court's order. Therefore, the Court is not persuaded that Plaintiffs violated the February 20, 2009 order. Moreover, even if Plaintiff's preliminary expert report did not comply with the February 20, 2009 order, Plaintiff's actions would not justify the extreme sanction of dismissal sought by Defendants.

OKDHS Defendant's Motion for Sanctions for Noncompliance with the Court's February 20, 2009 Order [Dkt. 302] is DENIED.

SO ORDERED this 24th day of March, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE