IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., <br><br> Defendants. | Case No. 08-CV-74-GKF-FHM |

## OPINION AND ORDER

OKDHS Defendants' Motion for Protective Order [Dkt. 280] is before the undersigned United States Magistrate Judge for decision.

### Background

The Oklahoma House of Representatives commissioned a performance audit of the Department of Human Services (DHS) by the independent auditing firm of Hornby Zeller Associates (HZA). Before the public release of the HZA audit, a draft of the review recommendations was provided to DHS. Attorneys for DHS prepared a memorandum/report to correct certain factual inaccuracies in the HZA audit and to place the work and comments of HZA in their proper context. The memorandum/report was provided to the general counsel for the Oklahoma House of Representatives and legal counsel to the President Pro Tempore of the Oklahoma State Senate. In the cover letters, DHS asserted the memorandum/report was covered by attorney work product protection and asked "that you endeavor to maintain the work product protection covering this report."

Through an anonymous source, a copy of the memorandum/report was provided to counsel for Plaintiffs who, without first reading the memorandum/report, advised DHS

counsel of that fact. DHS seeks an order directing Plaintiffs' counsel to return the memorandum/report unread to protect the work product of counsel for DHS.

## Analysis

Work product protection, recognized by the Supreme Court in *Hickman v. Taylor,* 329 U.S. 495. 509-11, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947), "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). Work product protection shields from production the information assembled and the thoughts and opinions developed by an attorney in preparation for litigation or anticipated litigation. Fed. R. Civ. P. 26(b)(3), *United States v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008).

> The Supreme Court has cautioned that "[t]estimonial exclusionary rules and privileges contravene the fundamental principle that the public --- has a right to every man's evidence." *Trammel v. United States*, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) (quotations omitted). The Court further has cautioned that such rules and privileges "must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Id.* (quoting *Elkins v. United States*, 364 U.S. 206, 234, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) (Frankfurter, J., dissenting)). "[A]lthough Rule 501 manifests a congressional desire not to freeze the law of privilege but rather to provide the courts with flexibility to develop rules of privilege on a case-by-case basis, we are disinclined to exercise this authority expansively." *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) (citation and quotation omitted).

*In re Qwest Communications International Inc.,* 450 F.3d 1179, 1185 (10th Cir. 2006). The party asserting work product protection has the burden to establish its applicability. *In re Grand Jury Proceedings*, 156 F.3d 1038, 1042 (10th Cir. 1998).

The memorandum/report at issue is the work of DHS attorneys and as a result likely contains the impressions, analysis, and opinions of DHS legal counsel. However, the memorandum/report does not qualify for attorney work product protection under *Hickman* or Fed.R.Civ.P. 26(b)(3). Although the memorandum/report relates to the same general subject matter which is at issue in this case, and although counsel may have had this litigation in mind while drafting it, Defendant has not established that it was prepared in anticipation of litigation.

The Oklahoma House of Representatives, which commissioned the HZA audit for legislative purposes, gave a draft of the HZA audit to Defendant prior to releasing the final HZA audit, and requested a copy of Defendant's review of HZA's work. Defendant states its review of the draft was conducted to correct certain factual inaccuracies in the HZA audit and to place the work and comments of HZA in their proper context. Defendant then provided its review to the Oklahoma House and Senate. These facts lead the court to conclude that Defendant's review was conducted and the results were given to the legislature to aide the legislative process. Since Defendant has not established that its review of the draft HZA audit was prepared in anticipation of litigation or for trial, the court finds that the memorandum/report at issue does not constitute work product.

Further, even if the memorandum/report enjoyed work product protection in the hands of DHS and its counsel, whatever protection it might have had was waived when Defendant gave the memorandum/report to the Oklahoma legislature. While the Defendant

clearly desired that the Oklahoma legislature "endeavor" to maintain the alleged work product protection of the memorandum/report, that unilateral desire does not avoid a waiver of the protection. The Tenth Circuit's decision in *Qwest*, 450 F.3d at 1192-94, supports this result.

In *Quest*, the Court rejected a selective waiver principle, or government investigation privilege, that would preserve work product protection for materials disclosed to federal investigative agencies under agreements which purport to maintain the attorney-client privilege or work-product protection. The Court found that allowing a selective waiver for information provided to investigative agencies would not promote the purposes of the work product doctrine which is to permit counsel to prepare a case in privacy. *Id.* at 1195.

In view of the decision in *Qwest*, there is no basis to apply a selective waiver principle to materials provided to a legislative body. Whereas a governmental agency investigation is often the precursor to litigation of criminal charges or civil penalties and materials developed by counsel in response to an investigation may reasonably be considered to be preparatory to litigation, the same cannot be said of materials supplied to a legislative body. The likely purpose for supplying information to a legislative body is to aide legislative policy decisions. Since decisions made by a legislative body are made on behalf of the citizenry and affect the population at large, the decision-making process and the influences thereon are expected to be public. Accordingly, applying a selective waiver principle to the legislative arena would be contrary to the purposes of the work product doctrine and to the holding in *Qwest*.

The court rejects Defendant's argument that providing the memorandum/report to counsel for the Oklahoma House and Senate did not waive its work product protection

because it did not significantly increase the likelihood that it would be obtained by Plaintiffs. Defendants have provided no factual support for this argument by way of affidavit or other evidence. Although Defendants made a request that counsel for the Oklahoma House and Senate "endeavor to maintain the work product protection," there was no agreement to do so.

In light of the legislative and public interest in the HZA audit, it is reasonable to expect that Defendant's memorandum/report would be widely circulated within the Oklahoma legislature and HZA which would in turn significantly increase the likelihood that it would be obtained by Plaintiffs.

The Court also rejects Defendant's argument that it had a "common interest" with the Oklahoma legislature. None of the cases cited by Defendant address the situation presented in this case where a common legal interest is claimed between the legislative body and an executive agency.

### Conclusion

OKDHS Defendants' Motion for Protective Order [Dkt. 280] is DENIED.

SO ORDERED this 24th day of March, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE