### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., | |
| Plaintiffs, | |
| vs. | Case No. 08-CV-74-GKF-FHM |
| C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., | |
| Defendants. | |

### OPINION AND ORDER

This Opinion and Order addresses Plaintiff Children's Motions to Compel [Dkts. 339 and 348]. The motions have been fully briefed and a hearing was held on May 18, 2010.

At the hearing, counsel for the Defendants stated that Defendants had no objection to producing documents responsive to the following categories in Plaintiff's motions. Plaintiffs' motions are therefore granted as to: Child & Family Service Reviews, including correspondence; the Oklahoma Department of Human Services (DHS) budget and spending records; Evaluations and Assessments of child welfare system by outside agencies other than the ABA; Data regarding maltreatment of children by their biological parents while in DHS custody; and Workload Reports 600A, D and E.

The specific documents to be produced shall be in accord with the documents discussed at the hearing and in Plaintiffs' papers. If the parties do not agree on the specific documents to be produced after a sincere, good faith effort to resolve the issues, counsel shall jointly contact the undersigned by telephone to resolve the issues pursuant to LCvR 37.2(b).

<u>Caseworkers' Workload Reports Provided to Their Supervisors</u>

Plaintiffs seek to compel the production of monthly workload reports caseworkers provided to their supervisors. Plaintiffs claim that "some, if not all" caseworkers provide such reports to their supervisors. [Dkt. 339, p. 15]. Plaintiffs further claim that such reports are important to Plaintiffs' case because DHS does not systematically track its caseworkers' secondary assignments, and the reports produced by DHS completely omit the workers' "secondary" assignments which thereby materially understates true workloads.

Defendants respond that DHS does systematically track caseworkers' workloads and that the "secondary" assignments Plaintiffs refer to are captured in the report of "Count of Children by Responsible Worker." Defendants support their position with deposition testimony from DHS employees. Defendants further contend that any personal monthly reports by caseworkers to their supervisors are not official DHS reports but are simply individual records of that caseworker.

The only evidence Plaintiffs presented that "some, if not all" caseworkers provide such reports is a single caseworker's report and an e-mail about caseloads. Clearly, Plaintiffs have not established that "all" caseworkers make such reports or even that such reports are common. Nor have Plaintiffs established that DHS does not capture the caseworkers' secondary assignments in its "Count of Children by Responsible Worker" report. Thus, it is not clear whether responsive documents exist, whether production of them would be unduly burdensome if they do exist, or whether they would be admissible. However, the one caseworker report and one e-mail concerning caseloads relied on by Plaintiffs are records produced by DHS which suggests that there may be additional records concerning caseworker workloads. Further, a comparison of the workloads on the

2

one report and one e-mail with the DHS official reports shows that they do not match. The DHS official reports show lower caseloads.

Because caseworkers' caseloads are a central issue in the case, it is reasonable for the Court to require DHS to inquire whether supervisors have such reports and, if so, whether they could be produced without undue burden. The Court, therefore, orders Defendants to make a reasonable inquiry of whether supervisors have such reports and, if so, whether they can be produced without undue burden. Defendants shall file a supplemental response to Plaintiffs' motion for production of the reports by June 18, 2010. The supplemental response shall advise the Court whether such reports exist and, if so, whether they can be produced without undue burden. Plaintiffs may file a supplemental reply by June 25, 2010.

## Documents Concerning the ABA CCL Review

Plaintiffs seek production of four documents related to a review by ABA CCL. In response, Defendants submitted the affidavit of an Assistant General Counsel of DHS who stated that the ABA was engaged by DHS to provide legal consultation and advice in the form of assessing and analyzing the timely handling of Deprived Child cases in the District Court of Oklahoma County. The documents at issue are drafts of the ABA report which also contain handwritten comments of DHS counsel.

In reply, Plaintiffs argue that the report itself undermines the assertion that the ABA was retained to provide confidential legal advice to DHS. Plaintiffs can make this argument because Plaintiffs have a copy of a draft of the report which was published by a newspaper. Plaintiffs are not claiming a waiver of the privilege based on the publication because there is no information on how the newspaper obtained the report.

The Court is not persuaded by Plaintiffs' arguments. DHS has affirmatively represented to the Court that the ABA was retained to provide legal advice. The report was intended for use by DHS. Therefore, even if the report contains recommendations directed to others and bears an ABA copyright legend, those facts do not establish that DHS was not seeking legal advice from the ABA or that the report was not the ABA's communication of that advice to DHS. .

Plaintiffs' motion is denied as to the ABA CCL review.

## Conclusion

Plaintiff Children's Motions to Compel [Dkts. 339 and 348] are GRANTED in part and DENIED in part as provided herein. Defendants' supplemental response is due by June 18, 2010, and Plaintiffs' supplemental reply is due by June 25, 2010.

SO ORDERED this 21st day of May, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE