# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., | |
| Plaintiffs, | |
| vs. | Case No. 08-CV-74-GKF-FHM |
| C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Children's Motion for Sanctions, [Dkt. 426], is before the Court for decision. The motion has been fully briefed and a hearing was held on December 17, 2010.

Plaintiffs served their seventh request for production of documents[1] on March 5, 2010. Since that time Plaintiffs have been attempting to obtain production of the documents and a clear statement that production is complete. As part of their efforts, Plaintiffs raised the issue at a status conference with the Court on August 10, 2010. After discussion, and with Defendants' agreement, the Court entered the following Order:

> All right, what I will do then is I will enter an order directing the defendants to respond, and actually produce the documents that are at issue in the plaintiffs' [August 6, 2010] status report by September 10th along with a statement that [Defendants'] production is or is not complete, let [Plaintiffs] know where [Defendants] stand. Is that all of the documents there's ever going to be or not, to the best that [Defendants] can. Do that by September 10th, or in the alternative file something with me explaining, a status report explaining why that can't be accomplished.

---

[1] This Order addresses only the issues related to the seventh request for production. It should not be construed as a general criticism of Defendants' efforts to respond to Plaintiffs' extensive discovery requests.

[Transcript of August 10, 2010 hearing, Dkt. 407, pp. 8-9].

On September 10, 2010, Defendants filed a status report that responsive documents to 64 of the 69 requests had been produced and the remaining documents would be produced soon. [Dkt. 413, p. 9].

Plaintiffs sent communications to Defendants about deficiencies in the production on September 13, September 27, September 30, October 6, and October 12, 2010. Defendants did not respond in any way to those communications. The current motion, filed October 20, 2010, requests that the Court order Defendants:

    a.    to pay all of Plaintiffs' costs related to any communications with Defendants requesting documents responsive to the Seventh RFP after September 10, 2010 and all of Plaintiffs' costs related to prosecuting this Motion for Sanctions; and

    b.    to produce all documents responsive to the Seventh RFP by December 1, 2010 and to provide Plaintiffs with a statement, on a category-by-category basis, that production is complete.

[Dkt. 426, p. 14]. Defendants' response brief, [Dkt. 433], focused on Plaintiffs' failure to meet and confer with Defendants and file a motion to compel prior to filing the motion for sanctions; explained that some of Plaintiffs' asserted deficiencies were inaccurate; and promised any additional documents by December 1, 2010. Defendants rely in part on the Court's Order of October 13, 2010, [Dkt. 423], directing that discovery disputes be presented by formal motion.

The Court's Order requiring Defendants to produce the documents or explain why that could not be accomplished eliminated the need for Plaintiffs to file a motion to compel or meet and confer with Defendants prior to filing the instant motion. Defendants' argument that they have somehow been deprived of an opportunity to resolve these issues without

2

Court involvement is not supported by the record as they failed to respond to repeated communications from Plaintiffs concerning this discovery. Further, the Court's subsequent Order of October 13, 2010, [Dkt. 423], did not release Defendants of their obligations under the August 10, 2010 Order.

The relief requested by Plaintiffs in the motion is narrowly tailored and directly responsive to Defendants' failure to timely produce the requested documents and Defendants' failure to communicate with Plaintiffs concerning this discovery. Regardless of whether Plaintiffs' motion is more properly styled as a motion to compel under Fed. R. Civ. P. 37(a), or as a motion for sanctions under 37(b), an award of expenses, including attorney fees is appropriate. Fed. R. Civ. P. 37(a)(5), 37(b)(2)(C).

Plaintiff Children's Motion for Sanctions, [Dkt. 426], is GRANTED. All responsive documents and a statement on a category-by-category basis that the production is complete shall be produced by January 14, 2011. The parties shall confer and attempt to agree on the amount of costs and attorney fees due under this order. If the parties are unable to agree, Plaintiffs may file a properly supported application with the Court.

IT IS SO ORDERED this 21st day of December, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE