# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G., Gail Stricklin, et al.,

    Plaintiffs,

vs.

C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,

    Defendants.

Case No. 08-CV-74-GKF-FHM

## **OPINION AND ORDER**

OKDHS Defendants' Motion to Quash Notices of Deposition and for Protective Order [Dkt. 457] is before the Court for decision. Plaintiff has filed a Resonse [Dkt. 467] and Defendant has filed a Reply [Dkt. 472].

Defendants seek an order quashing depositions noticed by Plaintiff to inquire about the death of an infant who was not in the custody of Defendant but whose family had previously had contact with Defendant through two child protective services referrals. Defendants contend the requested discovery is not relevant to this case because the infant was never in the custody of Defendant and was, therefore, not a member of the class.

Plaintiffs respond that the discovery is relevant because Defendants have publicly taken the position that children in Defendant's custody are safer because there has been a reduction in the number of children in Defendant's custody and therefore, Plaintiffs are entitled to discover the circumstances surrounding that reduction. Plaintiffs also contend that the discovery is relevant to whether Defendants are improperly manipulating the size of the class by not taking children into custody who need the state's protection.

Discovery is confined to the claims and defenses presented in the case before the Court. Fed.R.Civ.P. 26(b)(1). In managing complex litigation such as this class action, the Court must be careful to adhere to that limitation to promote the just, speedy and inexpensive determination of the case. Fed.R.Civ.P. 1.

The claims and defenses in this case are set forth by Plaintiffs' and Defendants' pleadings and are limited by the Court's order granting class certification. As pertinent to the current motion, the claims and defenses are limited to whether the care of children who are in the legal custody of the Defendants complies with constitutional requirements.

Whether Defendants have publicly stated that children in Defendant's custody are safer because of the reduction in the number of children in state custody does not expand the claims or defenses in the case. Similarly, whether Defendants are manipulating the size of the class is not a claim or defense in this case. The case cited by Plaintiffs is clearly distinguishable. In *Kenny A. v. Perdue*, No. 1:02-CV-1686-MHS (N.D. Ga. May 20, 2010) Dkt. 649, the court was addressing the enforcement of a consent decree where the Defendants did not dispute that manipulation of class membership would violate the consent decree. In this case, there is no consent decree and Plaintiffs have not attempted to bring any claim on behalf of children who are not in the Defendant's custody.

In short, as framed by the parties and limited by the Court in its class certification order, the reasons why there has been a reduction in the number of children taken into state custody is simply not relevant to the claims or defenses in the case.

OKDHS Defendants' Motion to Quash Notices of Deposition and for Protective Order [Dkt. 457] is GRANTED.

IT IS SO ORDERED this 11th day of February, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE