# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| D.G., by Next Friend G. Gail Stricklin; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-074-GKF-FHM |
| | ) | |
| C. BRAD HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL
## PRODUCTION OF MATERIALS CONSIDERED BY
## PLAINTIFFS' EXPERT WITNESSES WITH ACCOMPANYING BRIEF

**RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, P.C.**
David P. Page, OBA 6852
Donald M. Bingham, OBA 794
Donna M. De Simone, OBA 18271
Stephanie L. Theban, OBA 10362
502 West Sixth Street, Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708
*Attorneys for the Defendants Richard L.
DeVaughn, Ronald L. Mercer, Jay Dee Chase,
Steven Dow, Michael L. Peck, Garoldine Webb,
Aneta F. Wilkinson, Rev. George E. Young, Sr.,
and Howard H. Hendrick*

## TABLE OF CONTENTS

I.    **Introduction and Procedural History** ........................................................................ 1

II.    **Summary of the Argument**.................................................................................... 3

III.    **Argument** ......................................................................................................... 5

      **A.**    Plaintiffs are required to disclose the materials considered by their expert in reaching his opinion; such disclosure is to be included in the Expert's Report; no additional "requests for production" are necessary to obtain this disclosure...................................................................... 6

      **B.**    The information sought by the Defendants is information CR is required to disclose ......................................................................... 8

          **1.**    Any materials that contain factual ingredients are subject to disclosure ...................................................................... 8

          **2.**    The exceptions for communications from attorneys are very limited ............................................................................ 9

          **3.**    An expert must consider the reliability of the process in coming to an opinion; therefore, materials regarding the reliability of each step of the process are subject to disclosure ................................ 10

          **4.**    Defendants are entitled to all documents set forth in #11 of Page's letter to Kapell dated February 22, 2011, because "initial data runs" demonstrate the data available to the Plaintiffs' expert prior to manipulations of data and manipulations of that data ........................... 11

          **5.**    A document that contains some factual ingredients is subject to disclosure, even if it also contains some protected materials ..................... 12

      **C.**    The Plaintiffs' violation of Rule 26 is not harmless or justified. The Court should order that for each day of delay caused by the Plaintiffs, the Defendants will be allowed an additional day to submit a rebuttal expert's report; in addition, exclusion of the expert's evidence is an appropriate sanction for failure to disclose considered materials ...................... 14

IV.    **Conclusion**.................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases:**

*BorgWarner, Inc. v. Honeywell Intern., Inc.,*
    2010 WL 3812416 (Slip Op. September 27, 2010, W.D.N.C.) .............................. 6, 15

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co.,*
    2011 WL 182056 (Slip Op. January 14, 2011, S.D.N.Y.)...................................... 10

*Chevron v. Sheffetz,*
    2010 WL 4985663 (Slip. Op. December 7, 2010, D.Mass.) n. 70 ......................... 10, 14

*Churchill v. U.S.,*
    2011 WL 444849 (Slip Op. February 8, 2011, E.D.Cal) ........................................ 15

*Dura Automotive Systems v. CTS Corp.,*
    285 F.3d 609 (7th Cir. 2002) ................................................................................ 10, 11

*Estate of Allison v. Scoggins,*
    2011 WL 650383 (Slip Op. February 10, 2011, W.D.N.C.) ................................... 10

*In re Google Adwords Litigation,*
    2010 WL 5185738 (Slip. Op. December 8, 2010, N.D.Cal.)................................... 8

*Johnson v. Gmeinder,*
    191 F.R.D. 638 (D.Kan. 2000) .............................................................................. 10

*M.A.R. ex rel. Reisz v. U.S.,*
    2010 WL 5094311 (Slip. Op. November 18, 2010, S.D.N.Y.).............................. 9

*Midkiff v. 3M Co.,*
    2011 WL 196310 (January 20, 2011, E.D.Mo.) ...................................................... 15

*Oklahoma v. Tyson Foods, Inc.,*
    2009 WL 1578937 (Slip. Op. June 2, 2009, N.D. Okla.) ....................................... 9

*Rochow v. Life Ins. Co. of North America,*
    2010 WL 100633 (Slip Op. January 5, 2010, E.D.Mich.) ..................................... 6

*Smith v. Pfizer,*
    2010 WL 1963379 (Slip Op. May 14, 2010, M.D.Tenn.)....................................... 11

*Truck Ins. Exch. v. MagneTek, Inc.,*
    360 F.3d 1206, 1210 (10th Cir. 2004)..................................................................... 12

*Western Resources, Inc. v. Union Pacific Railroad Co.,*
    2002 WL 181494 (Slip Op. February 25, 2005, D.Kan.) ...................................... 7, 8

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,*
    170 F.3d 985, 993 (10th Cir.1999) ......................................................................... 14

**Statues and Rules:**

Fed.R.Civ.P. 1 ................................................................................................ 5

Fed.R.Civ.P. 2(b)........................................................................................... 3

Fed.R.Civ.P. 26(a)(2)(A)(ii).......................................................................... 1, 2

Fed.R.Civ.P. 24 .............................................................................................. 14

Fed.R.Civ.P. 24(b)........................................................................................... 14

Fed.R.Civ.P. 24(b)(4)...................................................................................... 14

Fed.R.Civ.P. 26 .............................................................................................. 2, 3, 4, 5, 7,
10, 13, 14

Fed.R.Civ.P. 26(a) ......................................................................................... 14

Fed.R.Civ.P. 26(a)(2) ..................................................................................... 9, 14

Fed.R.Civ.P. 26(a)(2)(A)(ii)........................................................................... 2

Fed.R.Civ.P. 26(a)(2)(B)................................................................................. 3, 8, 9

Fed.R.Civ.P. 26(a)(2)(B)(ii)............................................................................ 6, 8, 13

Fed.R.Civ.P. 26(b)(3)(A) and (B) .................................................................. 9

Fed.R.Civ.P. 26(b)(4) ..................................................................................... 14

Fed.R.Civ.P. 26(b)(4)(C)................................................................................. 9

Fed.R.Civ.P. 34 .............................................................................................. 2

Fed.R.Civ.P. 37(c)(1) ..................................................................................... 14

Fed. R. Evid. 702............................................................................................ 12

10 Fed. Proc., L. Ed. § 26:51.......................................................................... 8

**Secondary Sources:**

Advisory Committee Comment to 2010 Amendments to Rule 26(b)(4)...................... 13

Advisory Committee Notes to the Proposed 2010 Amendments to Rule 26................ 13

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G. Gail Stricklin; et al.,   )
                                    )
             Plaintiffs,        )
v.                                )      Case No. 08-CV-074-GKF-FHM
                                      )
C. BRAD HENRY, et al.,            )
                                    )
             Defendants.       )

## DEFENDANTS' MOTION TO COMPEL
## PRODUCTION OF MATERIALS CONSIDERED BY
## PLAINTIFFS' EXPERT WITNESSES WITH ACCOMPANYING BRIEF

COME NOW the Defendants, Richard L. DeVaughn, Ronald L. Mercer, Jay Dee Chase, Steven Dow, Michael L. Peck, Garoldine Webb, Aneta F. Wilkinson, Rev. George E. Young, Sr., and Howard H. Hendrick ("OKDHS"), by and through their attorney of record, David P. Page of Riggs Abney, Neal, Turpen, Orbison & Lewis, and hereby respectfully move the Court for an order compelling production of documents and materials considered by Plaintiffs' expert as required by Fed.R.Civ.P. 26(a)(2)(A)(ii).

The parties met and conferred by telephone on March 1, 2011. Plaintiffs object to OKDHS's Motion.

## BRIEF IN SUPPORT OF MOTION TO COMPEL

## I.
## Introduction and Procedural History

On February 17, 2011, the Plaintiffs produced an expert report entitled "Foster Care Case Review of the Oklahoma Department of Human Services," prepared by the Center for the Support of Families, Inc. (hereinafter "Milner Report"). On February 17, 2011, counsel for the Defendants inquired, via electronic email message to counsel for Plaintiffs, when the considered

materials as defined by Fed.R.Civ.P. Rule 26(a)(2)(A)(ii) would be produced.  (See attached

Exhibit 1.)  William Kapell, counsel for Plaintiffs, responded with the following short statement:

> Defendants already have all of the individual children's case files that Dr. Milner considered in connection with his report – as you know, they are DHS's own files. Beyond that, Appendix C to his report lists a few additional documents and categories of documents that he also reviewed, but Defendants have ready access to all of those documents as well.  **There are no other documents left to produce.**

(Emphasis added.)  (See Exhibit 2.)

On February 22, 2011, Page sent a letter to Kapell, explaining, in detail, why CR's

position on the considered materials, as set out in Exhibit 2, violated Rule 26.  Page's letter also

sought a conference about this issue ("meet and confer").  (See Exhibit 3.)

On February 24, 2011, Kapell responded to Page's letter with an electronic email

message asserting that Plaintiffs had *no* obligation to provide the materials considered by the

Plaintiffs' expert along with and as part of the their expert's report.  (See Exhibit 4.)  Also,

regarding some of the materials, Kapell claimed that the OKDHS Defendants were proposing a

new request for production of documents by Page's February 22, 2011, letter (Exhibit 3) and

that, therefore, Defendants would *try* to comply within the 30-day time period of Rule 34.

Incredibly, Kapell stated that Plaintiffs would *not* be providing copies of the case records and

case record summaries reviewed by their expert as the foundation of their expert's report.  (See

Exhibit 4.)  On February 25, 2011, Kapell followed up with a letter sent as an attachment to an

electronic email message.  The letter essentially makes the same claims as the earlier email

(Exhibit 4). (A copy of Kapell's letter of February 25, 2011, is attached as Exhibit 5.)  Kapell's

letter conspicuously ignores Page's request for a date for a "meet and confer." (See Exhibit 5.)

Page again requested a date for a telephone conference call to meet and confer about the

issue. (See Exhibit 6.)  The parties conferred on March 1, 2011, at which time Kapell claimed

that Rule 26 does not require that the report contain the facts and data considered by the witness in forming his or her opinions.   In contradiction to his earlier correspondence (Exhibit 2), Kapell conceded that the considered materials should be disclosed or produced, but not until the date on which Plaintiffs must produce experts' reports as set forth in the Scheduling Order (Dkt. 402) (March 15, 2011).   Kapell also stated that they would "do their best" to produce the materials ***that they believe*** to be considered materials by March 15, 2011 or shortly thereafter.   Finally, during the meet and confer, Kapell stated that materials reviewed by their expert but not relied upon by their expert in reaching his conclusions or opinions are not within the definition of "considered materials" in Rule 26.   Kapell sent a letter following the meet and confer.   (See Exhibit 7.)

**II.**
**Summary of the Argument**

CR's position concerning production of expert materials is contrary to the plain language of Rule 26 as well as the considerable body of case law explaining the rule.

Rule 26(a)(2)(B) states as follows:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case of one whose duties as the party's employee regularly involve giving expert testimony. **The report must contain:**

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    **the facts or data considered by the witness in forming them;**
(iii)   any exhibits that will be used to summarize or support them;
(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)    a statement of the compensation to be paid for the study and testimony for the case.

(Emphasis added.)

3

Rule 26 clearly requires that the report contain the facts or data considered by the witness in forming his or her opinions. The report submitted by CR does not contain the facts or data considered by Milner. Moreover, CR has refused to timely produce any documents or materials which their expert, Milner, considered. CR referred DHS Defendants to a mass of documents and refused to specifically identify documents considered by CR's expert, rather than comply with its obligations under Rule 26.

Plaintiffs brought this case on behalf of a class of individuals consisting of children in the custody of OKDHS. In support of their claims, CR presents the Milner Report. The Report reaches conclusions based upon materials reviewed by their expert. The Plaintiffs have refused to identify with specificity the materials considered by their expert, instead referring the OKDHS Defendants generally to "case files" and to Appendix C of the Report.

Appendix C to the Plaintiffs' Expert's Report contains a listing of five items:

The child welfare policies of OKDHS, found at www.okdhs.org/library/policy;

The legal documents in the *D.G. et al v. Henry et al case*, found at http://www.childrensrights.org/reform-campaigns/legal-cases/oklahoma-dg-v-henry/2, as of June 9, 2010;

Hess, Peg McCartt. *D.G. et al. v. Henry et al*. Review of Named Plaintiffs' Case Files, September 30, 2009, accessed at http://www.childrensrights.org/wpcontent/uploads/2009/11/2009-11-10_review_of_named_plaintiff_case_files_redacted_final.pdf;

Hess, Peg. *Custody but no Care: A Review of Children's Experiences in MDHS Custody,* February 2006. Accessed at http://www.childrensrights.org/wpcontent/uploads/2008/06/2006-02-01_ms_case_record_review.pdf;

The Child and Family Services Review (CFSR) Statewide Assessment, June 2007, prepared by OKDHS. Children's Bureau Website: www.acf.hhs.gov/programs/cb.

Appendix D to the Expert's Report contains the form of the "Case Review Instrument." The report indicates that such a "Case Review Instrument" was prepared for each of the sample children. However, CR has refused to produce copies of the Case Review Instruments which

were filled out and prepared for each of the sample children and which were clearly provided to CR's expert, Milner, and considered by Milner.

The OKDHS Defendants are entitled to discovery of the materials considered by Milner. This includes materials reviewed or read by Milner and his assistants even if the Milner did not "rely" upon the materials in forming his opinions. The Court should require CR to produce considered documents and materials no later than March 15, 2011. The court should grant an extension of time for the Defendants to study Milner's Expert Report and submit their own report in response. Because of Plaintiffs' delay in providing their expert's considered materials and the Plaintiffs' violation of Rule 26, the length of the extension should equal the number of days between February 17, 2011, the date upon which the incomplete report was submitted, and the date upon which all facts and data considered by the Plaintiffs' Expert Milner are produced. In the event that the Plaintiffs fail to comply with an order directing them to produce their expert's considered materials by March 15, 2011, the Court should enter an order excluding Milner from testifying at trial.

Rule 26 was amended effective December 1, 2010. Consequently, the Defendants refer the court to a number of very recent decisions regarding the requirement to disclose facts and data considered by a testifying expert. Copies of these opinions are appended for the Court's convenience.

## III.
### Argument

The Federal Rules of Civil Procedure are intended to reduce trial by ambush and the exploitation of procedures to gain unfair advantage. Rule 1 states that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every

action and proceeding." The intent of the Rules is to avoid gamesmanship such as employed here by the Plaintiffs.

The court in *Rochow v. Life Ins. Co. of North America*, 2010 WL 100633 (Slip Op. January 5, 2010, E.D.Mich.) took the attorneys to task for gamesmanship and described such activity as "inconsistent with basic notions of fairness." In *BorgWarner, Inc. v. Honeywell Intern., Inc.*, 2010 WL 3812416 (Slip Op. September 27, 2010, W.D.N.C.) note 5, the court expressed similar concerns regarding gamesmanship. The 2010 Sedona Conference Cooperation Proclamation remarked, "It is not in anyone's interest to waste resources on unnecessary disputes, and the legal system is strained by 'gamesmanship' or 'hiding the ball,' to no practical effect." The courts have been required to face this issue all too often.

There cannot be a clearer example of such exploitation than presenting an expert's report without clear identification of the materials considered by their expert, referring the adverse party to a million and a half pages of documents rather than identifying the materials relied upon, and refusing to identify and produce materials considered by their expert even after discussions of the matter. Plaintiffs' counsel is experienced in these matters and surely knows that such disclosure is required. The Plaintiffs seek an advantage based upon manipulation rather than an examination of the facts and issues, knowing that Defendants' inability or delayed ability to review these considered materials will severely disadvantage Defendant's ability to prepare its case.

A.     **Plaintiffs are required to disclose the materials considered by their expert in reaching his opinion; such disclosure is to be included in the Expert's Report; no additional "requests for production" are necessary to obtain this disclosure.**

The plain language of Fed.R.Civ.P. 26(a)(2)(B)(ii) provides for the production of a report which shall include all facts and data considered:

(2)     Disclosure of Expert Testimony.

. . . .

(B)     *Witnesses who must provide a written report.*  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness— . . . **The report must contain:**

. . . .

ii.     the facts or data considered by the witness in forming them [the witness's opinion] . . . .

(Emphasis added).

The Plaintiffs have violated the plain language of this rule by submitting a report which does not contain the required information. "Without access to the materials reviewed by an expert witness, the opposing party will be denied the opportunity to a full and fair cross-examination." *Western Resources, Inc. v. Union Pacific Railroad Co.*, 2002 WL 181494 (Slip Op. February 25, 2005, D.Kan.). The burden is on the Plaintiffs to comply with the Rule, not on the Defendants to "request production" of materials to which they are entitled.

The Plaintiffs are obligated pursuant to Rule 26 to disclose the considered materials without a special request for production of documents with the report. The report must "contain . . . the facts and data considered by the witness . . . ." There have been approximately a million and a half pages of documents and materials produced. CR's cavalier reference to files in the Defendants' possession without identifying specifically which documents their expert considered and reviewed is no less than pre-trial manipulation and gamesmanship.

Kapell, after seven (7) days, finally acknowledged that the Plaintiffs have a duty to provide materials relied upon by Milner; however, Kapell has denied that they have an obligation to produce those materials which Milner reviewed and considered but did not rely upon. CR has already failed to fulfill its duty in the manner directed by the Federal Rules.

> [A]n expert is deemed to have considered materials for purposes of Rule 26(a)(2)(B) if such expert 'has read or reviewed the privileged materials before or in connection with formulating his or her opinion'. . . . This is so even if the testifying expert avers under oath that he did not actually consider such materials in formulating his opinion.

*Western Resources, Inc. v. Union Pacific Railroad Co.*, 2002 WL 181494 (Slip Op. February 25, 2005, D.Kan.) (internal quotation marks and citations omitted).  As Wright and Miller state, "a party is required to disclose . . . information furnished to a testifying expert that the expert generates, reviews, reflects upon, reads, and/or uses in connection with formulation of his opinions, even if he or she ultimately does not rely on the information." 10 Fed. Proc., L. Ed. § 26:51.  CR's position that it has no obligation to produce materials which Milner considered so long as he did not "rely" upon the materials is completely without merit.

**B.    The information sought by the Defendants is information CR is required to disclose.**

**1.    Any materials that contain factual ingredients are subject to disclosure.**

The comment to the 2010 Amendments makes it clear that the amendments did not change the overall requirement that all material considered, rather than relied upon, be produced:

> [T]he intention is that 'facts or data' be interpreted broadly to require disclosure of **any** material considered by the expert, from whatever source, **that contains factual ingredients**.  The disclosure extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, **not only those relied upon by the expert**."

(Emphasis added.)  Thus, any material that contains factual ingredients is subject to disclosure.

"Rule 26(a)(2)(B)(ii) is worded specifically to provide the opposing party to access to all materials reviewed or considered by the expert."  *In re Google Adwords Litigation*, 2010 WL 5185738 (Slip. Op. December 8, 2010, N.D.Cal.).  In the *Google* case, the plaintiffs sought click data which the expert did not review or consider.  The court did not require disclosure of

this information, but did require disclosure of the information the expert did review, even in the face of Google's claim that this would violate client's confidentiality.

"When an expert serves as a testifying witness, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires disclosure of materials considered, reviewed or generated by the expert in forming the opinion, irregardless of whether the materials were actually relied upon by the expert." *M.A.R. ex rel. Reisz v. U.S.*, 2010 WL 5094311 (Slip. Op. November 18, 2010, S.D.N.Y.). "The mandated disclosure is of all information 'considered' by the testifying expert, a broader discovery scope than that of the first draft of amended Rule 26(a)(2) which only allowed discovery of expert information that was *relied* upon by the expert." *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 1578937 (Slip. Op. June 2, 2009, N.D. Okla.).

Any information or materials that the expert looked at, reviewed, read or considered and which contains factual ingredients must be disclosed and produced.

## 2. **The exceptions for communications from attorneys are very limited.**

Plaintiffs assert that some of the materials subject to disclosure are communications between the experts and counsel and are therefore not discoverable or subject to disclosure. However, the Federal Rules of Civil Procedure and the Advisory Committee Comment make it clear that the exemption for attorney communications is very limited:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, **except to the extent** that the communications:
>
> (i)     relate to compensation for the expert's study or testimony;
> (ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii)   identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed.R.Civ.P 26(b)(4)(C) (emphasis added).   Any communications between the Plaintiffs' attorneys and their expert that fit into one of these categories is subject to disclosure and discovery.

Furthermore, if the Plaintiffs assert that any communication between Plaintiffs' counsel and their expert is privileged, the plaintiffs must produce a privilege log. *Estate of Allison v. Scoggins*, 2011 WL 650383 (Slip Op. February 10, 2011, W.D.N.C.). The log should demonstrate that the communication was indeed with counsel. "[I]nquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule." *Chevron v. Sheffetz*, 2010 WL 4985663 (Slip. Op. December 7, 2010, D.Mass.) n. 70, quoting the Advisory Committee Notes to Fed.R.Civ.P. 26. "It is also well established that the party seeking to invoke work product immunity or attorney-client privilege has the burden to establish the applicability of the immunity/privilege." *Johnson v. Gmeinder*, 191 F.R.D. 638 (D.Kan. 2000).

3.   **An expert must consider the reliability of the process in coming to an opinion; therefore, materials regarding the reliability of each step of the process are subject to disclosure.**

The methodology of an expert is at issue in complex case, and it is certainly at issue with respect to Milner's report. "[I]t is critical that an expert's analysis be reliable at every step. Of course, the district court must focus on the principles and methodology employed by the expert, without regard to the conclusions the expert has reached or the district court's belief as to the correctness of those conclusions." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co.*, 2011 WL 182056 (Slip Op. January 14, 2011, S.D.N.Y.).

> An expert witness is permitted to use assistants in formulating his expert opinion, and normally they need not themselves testify. The opposing party can depose them in order to make sure they performed their tasks competently; and the expert witness can be asked at his deposition whether he supervised them carefully and whether his relying on their assistance was standard practice in his field.

*Dura Automotive Systems v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002) (internal citations and quotations omitted).

The Case Review Instrument should not be considered a draft of a report, but is instead a document that helps to gather information for review by the expert. In *Smith v. Pfizer*, 2010 WL 1963379 (Slip Op. May 14, 2010, M.D.Tenn.), the court considered a "psychological autopsy form." The court noted that the form had been filled out by an assistant and that the form contained certain inaccuracies and omissions. The argument was made that this was a draft report and was not subject to discovery. The court disagreed: "The form is not a 'draft' of Maris' expert report. . . . Clearly, the form was not shielded from discovery."

Surely the Plaintiffs do not represent to the Court that their expert relied upon materials provided to him without establishing protocols and instructing the case readers. It is inconceivable that the CR is asserting that its expert relied on case readers without evaluating whether they were appropriate for the job. As *Dura Automotive, supra,* explained, the expert has an obligation to supervise and train those who assist him. The expert certainly reviews the methodology, protocols, and process of preparing the information and opinion. All of this is part of the process and methodology and is subject to disclosure.[1]

4. **Defendants are entitled to all documents set forth in #11 of Page's letter to Kapell dated February 22, 2011, because "initial data runs" demonstrate the data available to the Plaintiffs' expert prior to manipulations of data and manipulations of that data.**

Numbered item 11 of Page's letter to Kapell, dated February 22, 2011 (see Exhibit 3), specifically requests the following:

---

[1] If Milner did not supervise those who performed case reviews and provided materials to him, this raises a completely different issue which the Court may be required to address in the future. In *Dura Automotive Systems of Indiana, Inc. v CTS Corp.*, 285 F.3d 609 (7th Cir. 2002), the court discussed at length the role of assistants in the preparation of an expert's report. If the expert failed to supervise assistants carefully and/or if relying upon their assistance is not standard practice in the expert's field, the assistants may be required to testify. If the assistants exercise professional judgment, the issue becomes even more complicated.

All documents generated by data analysis, whether PASW 18 (see, Report at p. 15) or any other data analysis, including all modeling information, results and statistical evaluation inputs and outputs for sampling or otherwise, and including, we require:

a.  a copy of the original data set delivered to Plaintiffs' expert in its original format,

b.  the expert's final data set in the format in which all data analyses were conducted,

c.  a copy of all data cleansing or imputation methods/control statements used by the expert to produce the final data set,

d.  the name and version of the statistical package(s) used by the expert to perform the data analyses,

e.  a copy of all control or input statements used to analyze the data by the expert, and

f.  a copy of all output statements produced by the statistical package, including those not used by the experts in preparing the report.

In order for an expert's analysis and conclusions to be admissible, they must be based on reliable data. *See* Fed. R. Evid. 702 (expert opinion must be based on "sufficient facts or data"). The Defendants have the right to cross-examine the Plaintiff's expert regarding the reliability of his data. In fact, access to the data provided to the expert is essential to the issue of whether an experts' work can be tested and reproduced, is governed by known standards, and has a measurable error rate. *Truck Ins. Exch. v. MagneTek, Inc.,* 360 F.3d 1206, 1210 (10th Cir. 2004).

If the Defendants are only given access to the data after the Plaintiffs' expert has cleansed and manipulated the data, Defendants will be foreclosed from their right to cross-examine the Plaintiffs' expert regarding the validity of both his process and his conclusions.

**5.      A document that contains some factual ingredients is subject to disclosure, even if it also contains some protected materials.**

The comment to the 2010 Amendments makes it clear that "the intention is that 'facts or data' be interpreted broadly to require disclosure of **any** material considered by the expert, from whatever source, **that contains factual ingredients**. The disclosure extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." (Emphasis added.) Any communication that contains factual ingredients is subject to disclosure.

The OKDHS Defendants are not seeking work product.  A careful reading of the items listed in the letter dated February 22, 2011, shows that the items being sought are "data and materials" including (but not limited to) the Case Review Instruments (CRI) and drafted and partially completed instruments, articles reviewed, test runs of the CRI, case review documents, reliability review documents, quality assurance review documents, and training materials for case readers.

The experts' considered materials should be easily accessible to the Plaintiffs.  The only conceivable reason for seeking thirty days to respond is to reduce the already short time that the OKDHS Defendants will have to analyze the information and submit a rebuttal expert report and prepare for expert depositions and/or trial.

If a communication is protected, only those portions that fit within the specified categories are protected:  "Lawyer-expert communications may cover many topics and, even when the excepted topics are included among those involved in a given communication, the protection applied to all other topics of the communication beyond the excepted topics." Advisory Committee Comment to 2010 Amendments to Rule 26(b)(4).  Here, the Committee is referring to those topics which must be disclosed as the excepted topics.  If a communication contains some topics which must be disclosed, the party can only withhold the part of the communication that is protected.  Conversely, when the communication included topics some of which are excepted and some of which are not, the privilege does not apply to the topics of the communication which are excepted.

> The Advisory Committee Notes to the Proposed 2010 Amendments to Rule 26 provide relevant guidance to the Parties.  In particular, although the revision of Rule 26(a)(2)(B)(ii) to allow disclosure of "facts or data" excludes theories or mental impressions of counsel, the phrase "facts or data" should still be interpreted broadly to require **disclosure of any material considered by the expert, from whatever source, that contains factual ingredients**.  The disclosure obligation extends to any facts or data 'considered' by the expert in

forming the opinions to be expressed, not only those relied upon by the expert. Additionally, **the revision of Rule 24(b)(4) should not "impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions."**

*Chevron v. Sheffetz*, 2010 WL 4985663 (Slip. Op. December 7, 2010, D.Mass.) (Emphasis added. Footnotes omitted. Internal quotations omitted.)[2] Efforts to use the revisions to "impede discovery" must be resisted.

**C.      The Plaintiffs' violation of Rule 26 is not harmless or justified.  The Court should order that for each day of delay caused by the Plaintiffs, the Defendants will be allowed an additional day to submit a rebuttal expert's report; in addition, exclusion of the expert's evidence is an appropriate sanction for failure to disclose considered materials.**

Fed.R.Civ.P. 37(c) (1) provides:

If a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Tenth Circuit has set forth four factors to consider in determining if a failure to disclose is harmless or justified:

    (1) the prejudice or surprise to the party against whom the testimony is offered;
    (2) the ability of the party to cure the prejudice;
    (3) the extent to which introducing such testimony would disrupt the trial; and
    (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir.1999).

---

[2] The reference to Rule 24(b) appears to be an error.  Rule 24 concerns intervention, and the last amendment to that rule was in 2007.  Moreover, Rule 26(b)(4) is entitled "Trial Preparation: Experts."  That portion of the rule provides that a party may depose any person who has been identified as an expert whose opinions may be produced at trial and reinforces the protection of drafts of any report or disclosure required under Rule 26(a)(2), communications between the party's attorney and any witness required to provide a report except to the extent that the communications relate to compensation for the expert's study or testimony, identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed or identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

The Defendants have already been prejudiced because the CR is using the Expert's Report for a media campaign to cause bias against the Defendants, leaving the Defendants with insufficient information to rebut the claims made. CR issued a press release on February 17, 2011. A copy of that press release is attached as Exhibit 8. It is impossible to cure this prejudice, even if the materials are provided at a later date.

In *Churchill v. U.S.*, 2011 WL 444849 (Slip Op. February 8, 2011, E.D.Cal), the court considered a delay in providing information regarding expert witnesses. The plaintiffs there argued that the delay was harmless. The court disagreed: "It appears that Plaintiffs overlook the real harm caused to Defendant by Plaintiffs' late disclosure. . . . Defendant has been foreclosed from designating rebuttal expert information." The court went on to explain that the plaintiffs' actions called for "a cascade of time extensions." After carefully considering the situation, the court ordered that the testimony of all but one expert be stricken, agreed to time extensions with regard to the defendant's responses to the sole remaining expert, and also noted that the court would handle discovery disputes on an expedited basis in order to keep the trial date scheduled.

"The burden is on the non-producing party to show substantial justification or harmlessness." *BorgWarner, Inc. v. Honeywell Intern., Inc.,* 2010 WL 3812416 (Slip Op. September 27, 2010, W.D.N.C.). CR faces the burden of showing that its violation of Rule 26 is justified or harmless. CR cannot, under these circumstances, meet its burden.

The court in *Midkiff v. 3M Co.*, 2011 WL 196310 (January 20, 2011, E.D.Mo.) also considered the necessity for timely production. There the court noted that the expert relied upon documents in his deposition, and these documents were not produced timely. "[The party's] offer to produce the documents at the deposition is equivalent to not producing the documents at

all, since the Federal Rules require timely production." The court ordered the exclusion of the expert's testimony.

In this case, the OKDHS Defendants have been and continue to be prejudiced by the failure or refusal of the Plaintiffs to provide considered materials while at the same time using the report to wage a campaign of disinformation and propaganda against the Defendants.

## IV.
## Conclusion

The OKDHS Defendants pray that the court enter an order requiring the Plaintiffs to provide all of the facts and data considered by Dr. Milner in coming to his opinion and preparing his report immediately, or in any event no later than March 15, 2011. The OKDHS Defendants further pray that if the Plaintiffs fail to comply with this order, Dr. Milner be excluded from testifying in this matter.

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN,**
**ORBISON & LEWIS, P.C.**


  s/David P. Page
David P. Page, OBA 6852
*Email:* dpage@riggsabney.com
Donald M. Bingham, OBA 794
*Email:* don_bingham@riggsabney.com
Donna M. De Simone, OBA 18271
*Email:* ddesimone@riggsabney.com
Stephanie L. Theban, OBA 10362
*Email:* stheban@riggsabney.com
502 West Sixth Street, Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708
*Attorneys for the Defendants Richard L. DeVaughn,*
*Ronald L. Mercer, Jay Dee Chase, Steven Dow,*
*Michael L. Peck, Garoldine Webb, Aneta F.*
*Wilkinson, Rev. George E. Young, Sr., and*
*Howard H. Hendrick*

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Marcia Robinson Lowry
*mlowry@childrensrights.org*
Ira P. Lustbader
*ilustbader@childrensrights.org*
Yasmin Grewal-Kok
*ygrewal-kok@childrensrights.org*
Jeremiah L. Frei-Pearson,
*jfrei-pearson@childrensrights.org*
William Kapell
*wkapell@childrensrights.org*
Patrick S. Almonrode
*palmonrode@childrensrights.org*
**Children's Rights**
330 Seventh Ave., 4th Floor
New York, NY 10001

Phil A. Geraci
*pageraci@kayescholer.com*
Angela Vicari
*avicari@kayescholer.com*
John S. Cahalan
*jcahalan@kayescholer.com*
**Kaye Scholer LLP**
425 Park Ave.
New York, NY 10022-3598


R. Thomas Seymour
*rtseymour1@aol.com*
Scott A. Graham
*sgraham@seymourgraham.com*
**Seymour & Graham, LLP**
100 W. 5th Street, Suite 550
Tulsa, OK 74103-4288

Frederic Dorwart
*fdorwart@fdlaw.com*
Paul DeMuro
*pdemuro@fdlaw.com*
**Frederic Dorwart Lawyers**
124 E. 4th Street, Suite 100
Tulsa, OK 74103-5010


Joe E. Edwards
*edwards@dayedwards.com*
**Day Edwards Propester & Christensen**
210 W. Park Ave., Suite 2900
Oklahoma City, OK 73102-5605


  s/David P. Page