IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G. Gail Stricklin, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-CV-74-GKF-FHM |
| C. BRAD HENRY, in his official capacity as ) | |
| Governor of the State of Oklahoma, *et al.* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the court on defendants' Objections to Magistrate Judge's February 11, 2011 Opinion and Order. [Doc. No. 487]. In his Opinion and Order, Magistrate Judge Frank H. McCarthy granted defendants' Motion to Quash Notices of Deposition and for Protective Order [Doc. No. 457]. Plaintiffs argue the Magistrate Judge's order was contrary to law.

**I. Background**

Plaintiffs allege in this lawsuit that policies and procedures of the Oklahoma Department of Human Services ("DHS") regarding the state's foster care program violate their constitutional rights. [Doc. No. 1, Complaint, ¶6; Doc. No. 277, Transcript of May 5, 2009 Hearing, pp. 80-81]. On May 5, 2009, the court, pursuant to Fed.R.Civ.P. 23, certified the following class: "All children who are or will be in the legal custody of the Oklahoma Department of Human Services (1) due to a report or suspicion of abuse or neglect, or (2) who are or will be adjudicated deprived due to abuse or neglect." [*Id.*, p. 95]. The language was taken, *verbatim,* from plaintiffs' Motion for Class Certification. [Doc. No. 4 at 8].

On November 4, 2010, a 10-day-old infant, Maggie Trammel, was found unresponsive in

a washing machine at the home of her mother. She was later pronounced dead. Criminal charges were brought against her mother. Neither the infant nor any of her siblings was ever in the custody of the Oklahoma DHS before her death, although DHS had received a number of prior referrals concerning the family.

Plaintiffs subsequently served notices of depositions for Sheree Powell, the Coordinator of Communications for DHS, and four other DHS employees involved in two separate child protective services referrals concerning the baby's family. DHS, in its motion to quash the depositions, argued the discovery sought was not relevant to any claims or defenses in the case. Plaintiffs asserted the discovery *was* relevant because defendants have publicly taken the position that children in DHS custody are safer due to a reduction in the number of children in DHS custody. Therefore, plaintiffs claimed they were entitled to discover the circumstances surrounding that reduction.

The Magistrate Judge ruled that whether defendants have publicly stated that children in DHS custody are safer because of the reduction in the number of children in state custody does not expand the claims or defenses in the case, and therefore the discovery sought by plaintiffs was not relevant. He granted the defendants' motion to quash.

## II. Standard of Review

A magistrate judge's order in a nondispositive pretrial matter may be reconsidered where it has been shown that the order is clearly erroneous or contrary to law. 28 U.S.C. §636(b)(1)(A). *See also* Fed.R.Civ.Proc. 72(a) (on nondispositive matters "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). Under the clearly

erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

Defendants argue that since the Magistrate Judge's granting of their motion to quash was an order on a non-dispositive matter, the proper standard of review is the clearly erroneous or contrary to law standard of Rule 72(a). Plaintiffs assert the Magistrate Judge's ruling that the discovery sought was not relevant to the claims or defenses in this case is a question of law subject to *de novo* review by this court and reversal if it is found to be contrary to law. *See Sinclair v. U.S.,* 29 U.S. 263, 298 (1929), *abrogated on other grounds*; *Sprint Communications Co. L.P. v. Vonage Holdings Corp.,* 500 F.Supp.2d 1290, 1346 (D.Kan. 2007).

The court does not find it necessary to determine which of the competing standards of review applies, because its ruling would be the same regardless of which standard is followed.

### III. Analysis

Under Fed.R.Civ.P. 26(b)(1), the scope of discovery in this case is limited to "any nonprivileged matter that is relevant to any party's claim or defense." The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

Plaintiffs argue the discovery is relevant because "Defendants have repeatedly proclaimed that members of the Plaintiff class are safer and that caseloads have improved as a result of the reduction in size of the Plaintiff class since the time this suit was brought in February 2008," and that plaintiffs "are entitled to discovery regarding the circumstances surrounding that reduction."

3

[Doc. No. 467, Plaintiffs' Response to OKDHS Defendants' Motion to Quash at 1-2]. Specifically, plaintiffs contend that DHS, in an effort to reduce the number of children in custody (and therefore in the class) has "substantially curtailed its practice of conducting investigations in response to such reports in favor of a new approach of performing 'assessments' that rarely result in children being taken into custody." [*Id.* at 2]. They allege "DHS's policy for utilizing assessments over investigations was on full display in the Trammel case and, in particular, in the manner in which DHS responded to reports of potential abuse or neglect involving the family of Maggie May Trammel in the months prior to her death." [*Id.*]. Plaintiffs contend the requested discovery "will illuminate the dangers that children face as a result of DHS's heavy reliance on assessments over investigations, and in doing so, will set the proper context for Defendants' claims that the care and safety of Oklahoma's foster children has improved as a result of the reduction in the size of the Plaintiff class." [*Id.* at 3]. They also assert the requested discovery "is likely to shed light on whether DHS is using its new assessment practice to manipulate the size of the class by improperly keeping children out of state custody who need the State's protection. [*Id.* at 3-4].

The scope of this lawsuit is limited to whether defendants have violated constitutional rights of children in DHS custody. It does not include children who were *not* in DHS custody, nor is the issue of whether defendants are attempting to manipulate the size of the class a "claim or defense" in this case. Thus, the tragic death of Maggie May Trammel is outside the scope of discovery as set forth in Fed.R.Civ.P. 26(b)(1).

Plaintiffs cite *Kenny A. v. Perdue,* Case No. 1:02-CV-1686-MHS (N.D. Ga. May 20, 2010), for the proposition that they are entitled to discovery on the issue of whether defendants

are keeping children out of foster care inappropriately. Plaintiffs' reliance on that case is misplaced. In *Kenny A.*, the state defendants had entered into a consent decree settling a class action brought on behalf of foster children in Fulton and DeKalb Counties, Georgia. Subsequently, plaintiffs filed a motion for discovery relating to their allegation that the state defendants were using "diversion" (a decision not to investigate a report of abuse or neglect that is not considered serious enough for intervention), safety resources and temporary guardianships to inappropriately limit the number of children entering foster care. *Id.* at 2-3. Defendants did not dispute–and the court found–that inappropriate use of these practices to suppress class membership would violate the Consent Decree. *Id.* at 5. Therefore, the court held that plaintiffs were entitled to conduct the requested discovery in order to determine whether to initiate enforcement proceedings. *Id.*

In this case, as the Magistrate Judge noted, "there is no consent decree and Plaintiffs have not attempted to bring any claim on behalf of children who are not in the Defendant's custody." [Doc. No. 486 at 2].

The court, having reviewed the record, concurs with the Magistrate Judge's Opinion and Order.

### IV. Conclusion

For the reasons set forth above, plaintiffs' Objections to Magistrate Judge's February 11, 2011 Opinion and Order [Doc. No. 487] are denied.

ENTERED this 23rd day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5