# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., <br><br>Defendants. | Case No. 08-CV-74-GKF-FHM |

## OPINION AND ORDER

Defendants' Motion to Compel Production of Materials Considered by Plaintiffs' Expert Witnesses [Dkt. 490] and Defendants' Motion for an Order Amending the Scheduling Order and Granting Additional Time to Submit Rebuttal to Plaintiffs' Expert Report (Milner) [Dkt. 491] are before the Court for decision. The motions have been fully briefed and a hearing was held on April 5, 2011.

Defendants seek an order compelling Plaintiffs to provide Defendants with all of the facts or data considered by Plaintiffs' expert, Dr. Milner, and an extension of time for Defendants' experts to provide their expert reports calculated from the date when Plaintiffs provide all the facts and data considered by Dr. Milner.

Fed.R.Civ.P. 26(a)(3)(B)(ii) provides that an expert report must include the facts or data considered by the expert in forming all opinions the witness will express. The Advisory Committee Notes explain that the rule was amended from requiring disclosure of "data or other information" to disclosure of "facts or data," and further state:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the

> intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.

Fed.R.Civ.P. 26, Advisory Committee Comments, 2010 Amendments, Subdivision (a)(2)(B).

Plaintiffs provided Defendants with Dr. Milner's expert report on February 17, 2011. Under the Court's scheduling order, the report was not due until March 15, 2011. The report provided on February 17, 2011, did not include copies of the facts or data Dr. Milner considered in forming his opinions. The parties communicated and disagreed about whether Plaintiffs would provide any further documents concerning Dr. Milner's report.[1]

On March 15, 2011, Plaintiffs provided Defendant with the equivalent of over 100,000 pages of facts or data Dr. Milner considered in forming his opinions. Some of the information was not in a format that was reasonably usable by Defendants. A usable copy of that data was provided on March 29, 2011.

At the hearing, Defendants contended that Plaintiffs still had not produced all of the facts or data considered by Dr. Milner.[2] In particular, Defendants contend that Plaintiffs still have not provided the case files considered by Dr. Milner, the statutes and policies considered by Dr. Milner, and the basis for the case examples in his report.

The case files were originally produced by Defendants to Plaintiffs. Defendants argue that they want Plaintiffs to provide an exact copy of the case files Dr. Milner or his

---

[1] In this regard, Plaintiffs' counsel's characterization of these communications at the hearing on April 5, 2011, was not a fair characterization of their content.

[2] In their papers and argument, Defendants refer to "considered materials" as a short-hand expression for the facts or data which the expert report must include under Fed.R.Civ.P. 26(a)(2)(B)(ii). In light of the December 1, 2010 amendments to 26(a)(2)(B)(ii), which sought to focus the disclosures on facts or data, the Defendants' phrase is somewhat imprecise.

readers reviewed because they may have notations or highlights on them. Plaintiffs respond that the review was done electronically and that there are no notations or highlights. The court finds that notations or highlights on the case files do not constitute facts or data and do not need to be provided under Fed.R.Civ.P. 26(a)(2)(B)(ii).

The statutes and policies considered by Dr. Milner are facts or data which must be provided under Fed.R.Civ.P. 26(a)(2)(B)(ii). Plaintiff's are ordered to provide Defendants with copies of all statutes and policies Dr. Milner considered in forming his opinions or a citation to the specific statutes and policies, including identification of the year or version, if they are publicly available and readily accessible to Defendants.

The basis for the case examples contained in Dr. Milner's report falls within the definition of facts or data which must be provided under Fed.R.Civ.P. 26(a)(2)(B)(ii). As explained at the hearing, the case examples were prepared by Dr. Milner from summaries prepared by his readers who obtained the facts from the case files. The summaries are therefore material considered by the expert that contains factual ingredients. The summaries are not drafts of the report protected from disclosure by Fed.R.Civ.P. 26(b)(4)(B).

Defendants' request for an extension of time to file Defendants' expert reports is denied without prejudice. Defendants were not entitled to the expert report until March 15, 2011. At this point, Defendants have suffered a 14 day delay in receiving some of the facts or data in a reasonably usable format and a longer delay in receiving the facts or data ordered provided herein. However, there is no factual support in the record at this time that this delay will prevent Defendants' experts from meeting the May 15, 2011 deadline for Defendants' expert reports. Defendants have had Dr. Milner's report, albeit without

3

supporting facts or data, since February 17, 2011. Defendants have had substantial facts or data since March 15, 2011 and usable data since March 29, 2011. Moreover, Defendants have known which case files Plaintiffs were reviewing since Defendants produced those files to Plaintiffs. Defendants have not demonstrated that this information is not sufficient to enable their experts to provide reports by May 15, 2011. Defendants may, however, submit another request for additional time if the facts and circumstances develop such that Defendants' experts cannot comply with the May 15, 2011 deadline.

Defendants' Motion to Compel Production of Materials Considered by Plaintiffs' Expert Witnesses [Dkt. 490] is granted in part and denied in part. Defendants' Motion for an Order Amending the Scheduling Order and Granting Additional Time to Submit Rebuttal to Plaintiffs' Expert Report (Milner) [Dkt. 491] is denied without prejudice.

SO ORDERED this 8th day of April, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4