# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G., Gail Stricklin, et al.,

    Plaintiffs,

vs.

C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,

    Defendants.

Case No. 08-CV-74-GKF-FHM

## **OPINION AND ORDER**

Plaintiff Children's Seventh Motion to Compel [Dkt. 512] is before the Court for decision. At the Court's direction, Defendants filed an expedited response. No reply was permitted.

Plaintiffs seek an order allowing a second deposition[1] of four hours of Larry Johnson, the Defendant's Director of Field Operations. Plaintiffs earlier took a three-hour deposition of Mr. Johnson regarding his management of the Field Operations division. The second deposition would focus on matters raised in e-mails that were produced shortly before Mr. Johnson's first deposition. Plaintiffs contend they were forced to proceed with Mr. Johnson's first deposition before reviewing the e-mails in order to comply with the expert report deadline and the inability to question Mr. Johnson at the first deposition about the e-mails was caused by Defendants' late production of the e-mails.

Defendants respond that the e-mail production was not late and the timing problem was caused by Plaintiffs' own actions. Defendants point to steps Plaintiffs could and should

---

[1] Defendants designated Mr. Johnson as a Fed.R.Civ.P. 30(b)(6) witness. That deposition does not count under Fed.R.Civ.P. 30(a)(2)(A)(ii) or (d)(1).

have taken to avoid the situation.  Defendants also contend that it would be burdensome on Mr. Johnson and Defendants' attorneys to prepare for a deposition on matters raised by the voluminous number of emails and attachments, approximately 900,000 pages, especially when the discovery in the case is active on numerous other matters.

Fed.R.Civ.P. 30(d)(1) limits a deposition to one day of seven hours.  Fed.R.Civ.P. 30(a)(2)(A)(ii) requires leave of Court before deposing a witness who has already been deposed in the case.   The Court must grant leave to the extent consistent with Fed.R.Civ.P. 26(b)(2), if needed to fairly examine the deponent.  The Court has broad discretion in making this determination.

The Court concludes that permitting an additional four hours of deposition of Mr. Johnson, under the conditions set forth herein, is consistent with Fed.R.Civ.P. 26(b)(2).  The discovery sought from Mr. Johnson addresses an important issue in the case, especially in light of Mr. Johnson's position as Director of Field Operations.  There is no suggestion that Plaintiffs orchestrated the timing of the e-mail production to obtain a second deposition of Mr. Johnson.  Plaintiffs' decision to go forward with the deposition of Mr. Johnson to ensure compliance with the expert report deadline was reasonable, although it would have been better practice to bring this issue before the Court at that time.  Moreover, there is no pattern of Plaintiffs seeking multiple depositions of witnesses.

The Court recognizes that a second deposition will place a burden on Mr. Johnson and Defendant's counsel.  The burden can be lessened by permitting Mr. Johnson to reasonably determine when the deposition will take place and by requiring Plaintiffs to disclose to Defendants' counsel well prior to the deposition the specific e-mails and attachments Mr. Johnson will be questioned about.  This will relieve Defendants' counsel

from a detailed review of the 900,000 pages in preparation for the deposition.

Plaintiff Children's Seventh Motion to Compel [Dkt. 512] is GRANTED as set forth herein. Plaintiff Children's Motion for Expedited Hearing on Seventh Motion to Compel [Dkt. 513] is GRANTED.

IT IS SO ORDERED this 29th day of April, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE