# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G. Gail Stricklin; et al.,    )
                                                   )
                     Plaintiffs,      )
v.                                      )  Case No. 08-CV-074-GKF-FHM
                                                   )
C. BRAD HENRY, et al.,               )
                                                   )
                    Defendants.     )
                                                   )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO BAR SHANNON RIOS FROM TESTIFYING AS AN EXPERT WITNESS

**RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, P.C.**

Stephanie L. Theban, OBA 10362
Donald M. Bingham, OBA 794
Donna M. De Simone, OBA 18271
502 West Sixth Street, Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708
*Attorneys for the Defendants Richard L. DeVaughn, Ronald L. Mercer, Jay Dee Chase, Steven Dow, Michael L. Peck, Garoldine Webb, Aneta F. Wilkinson, Rev. George E. Young, Sr., and Howard H. Hendrick*

# TABLE OF CONTENTS

FACTUAL BACKGROUND ........................................................................ 2

ARGUMENT ........................................................................................... 3

    I.  **Dr. Shannon Rios is not a witness "retained or specially employed to provide expert testimony in the case, or one whose duties as the party's employee regularly involve giving expert testimony," and Dr. Rios is not required to submit a report pursuant to Fed.R.Civ.P.26(a)(2)(B).** ..................... 3

    II.  **The defendants have produced the data and results of Dr. Rios' work and her curriculum vitae, and have therefore produced the substance of what would have been contained in a formal expert report.** ....................... 13

CONCLUSION ....................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

Crump v. Versa Products, Inc., 400 F.3d 1104, 1110 (8th Cir. 2005)......................17

Cynergy Commc'n Co. v. SBC Commc'ns, 2006 WL 3192544 (D.Kan.).............10

Day v. Consolidated Rail Corp., 1996 WL 257654 (S.D.N.Y.)..............................12

Desrosiers v. MAG Indus. Automation Systems, LLC, 2010 WL 2132826
(D.Md) at n.11..........................................................................................................4

In Re Fosamax Products Liability Litigation, 647 F. Supp. 2d 265
(S.D.N.Y. 2009)........................................................................................................17

Full Faith Church of Love West, Inc. v. Hoover Treated Wood Products, Inc.,
2003 WL 169015 (D.Kan.)...................................................................................... 4,9

Greenhaw v. City of Grand Rapids, Ia, 255 F.R.D. 484 (N.D. Ia. 2009)..........5,6,12

Jacobsen v. Deseret Book Co., 287 F.3d 936 (10th Cir. 2002) ...........................15,17

Kamal v. Whitfield, 2010 WL 4531379 (E.D.Mich.)..................................................6

KW Plastics v. U.S. Can Co., 199 F.R.D. 687, 56 Fed. R. Evid. Serv. 302
(M.D.Ala. 2000)....................................................................................................11,13

Lee v. Valdez, 2008 WL 428730 (N.D. Tex. 2008)...............................................9,12

Meredith v. International Marine Underwriters, 2011 WL 466436 (D.Md)...........13

Morris v. Wells Fargo Bank, N.A., 2010 WL 2501078 at *3(D.Colo.)..................10

National Railroad Passenger Corp. v. Railway Express, LLC, 268 F.R.D. 211
(D.Md 2010) ............................................................................................................12

Navajo Nation v. Norris, 189 F.R.D. 610 (E.D. Wash.)..........................................5,6

Nester Commercial Roofing v. American Builders and Contractors Supply Co.,
Inc., 250 Fed. Appx. 852, 2007 WL 2962383 (Oct. 10, 2007 10th Cir.) ..................8

In re Paige, 2005 WL 6530180 at *2 (Bkrtcy.N.D.Tex.) .........................................10

Silver v. Shapiro, 2011 WL 1321798 (D.Colo.)........................................................9

Space Maker Designs, Inc. v. Weldon F. Stump & Co., 2003 WL 21805279
(N.D.Tex.) ...........................................................................................................10

United States ex rel. Sanchez-Smith v. AHS Tulsa Reg'l Med. Ctr, LLC,
2010 WL 4641665 (N.D.Okla.) .....................................................................8,10,11

Storage Technology Corporation v. Custom Hardware Engineering & Consulting
Ltd., 2006 WL 1766434 (D.Mass).........................................................................12

Watson v. United States, 584 F.3d 1100,1107 (10th Cir. 2007) ............................6,7

**Court Rules**
FRCP 26(a) ....................................................................................4,11,17,18
FRCP 26(a)(1).............................................................................................3
FRCP 26(a)(2)(B) ...............................................1,2,3,4,5,6,8,13,14,16,18
FRCP 26(a)(2)(C) ...................................................4,6,7,13,15,16,18
FRCP 37(c)(1)...........................................................................................15
Federal Rules of Evidence 702,703,705 ............................................2,3
Federal Practice and Procedure §2031.2(3d ed.2010)...............................4

**Publications**
Current Developments in Federal Civil Practice 2011, Practicing Law Institute,
February 8, 2011 at *149 .....................................................................6
Black's Law Dictionary ......................................................................9

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| D.G., by Next Friend G. Gail Stricklin; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 08-CV-074-GKF-FHM |
| | ) | |
| C. BRAD HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO BAR SHANNON RIOS
FROM TESTIFYING AS AN EXPERT WITNESS**

The Defendants, by and through their attorneys of record, Stephanie L. Theban, Robert A. Nance, and Donald M. Bingham,  of Riggs Abney, Neal, Turpen, Orbison & Lewis,  present this response to the Plaintiffs' Motion to Bar Shannon Rios from Testifying as an Expert Witness.

The Plaintiffs' Motion is based upon some serious misconstructions of both the duties and the actions of the Defendants.  The Defendants had no duty to provide a formal report and facts and data considered by Dr. Shannon Rios in forming her opinion.

Dr. Shannon Rios is a Research Manager with the Oklahoma Department of Human Services Office of Planning, Research and Statistics.  She has been employed with OKDHS for quite some time, since long before she did any work concerning the action before the Court.  In the language of  Fed.R.Civ.P. 26(a)(2)(B), she is not a witness "retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony."  She fits within the definition of witnesses excluded from an obligation

to provide a report. The Defendants, following the instructions set forth in Fed.R.Civ.P. 26(a)(2)(B), did not provide a formal written report and instead submitted a disclosure under Fed.R.Civ.P. 26(a)(2)(C), which requires only a disclosure of the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify. Even though Defendants believe that they have no obligation to do so, in a spirit of fairness, Defendants have provided substantial materials to Plaintiffs in regard to Dr. Rios' testimony and opinions. A copy of Dr. Rios' statistical test results, served upon Defendants about 5:45 p.m. on Friday, June 24, 2011 is attached hereto as Exhibit A. At the same time, Defendants served upon Plaintiffs the four data sets used by Dr. Rios in her analysis. This data was served in both Excel spreadsheet and SPSS format.

## FACTUAL BACKGROUND

The Plaintiffs state that in February and March 2011, Plaintiffs "timely served" on Defendants four expert reports, including one by the Center for the Support of Families, Inc., authored principally by Dr. Jerry Milner. The Plaintiffs claim that they provided this report almost a month before Plaintiffs' March 15, 2011 deadline. The Plaintiffs provide this history in an apparent effort to paint themselves in a good light and to demonstrate that they have complied with their obligations in good faith and without the necessity for court intervention. This representation is patently untrue. When the CSF report was submitted, almost none of the facts and data relied upon by the expert were submitted. When counsel for the Defendants inquired as to when these materials would be submitted, William Kapell, counsel for the Plaintiffs, indicated on February 17, 2011, that there were no more documents to produce. Subsequently, the Plaintiffs produced **over one hundred thousand additional pages of materials**, and it required

the intervention of the Court to order submission of a substantial volume of documents. The

Magistrate Judge's Opinion and Order (Docket 508) regarding the Defendants' Motion to

Compel Production of Materials Considered by Plaintiffs' Expert Witnesses, noted in footnote 1

that "Plaintiffs' counsel's characterizations of these communications at the hearing on April 5,

2011, was not a fair characterization of their content."[1] The last of the materials submitted by

the Plaintiffs as "facts and data" considered by CSF or Milner was received by Defendants on

April 19, 2011, more than **two months** after counsel for the Defendants represented that there

were "no other documents left to produce."

## ARGUMENT

I.      **Dr. Shannon Rios is not a witness "retained or specially employed to provide expert testimony in the case, or one whose duties as the party's employee regularly involve giving expert testimony," and Dr. Rios is not required to submit a report pursuant to Fed.R.Civ.P.26(a)(2)(B).**

Fed.R.Civ.P.26(a)(2) provides:

(A) In General. In addition to the disclosure required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report –prepared and signed by the witness **if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony**...

(C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

    (i)      the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

---

[1] Plaintiff's counsel represented that the communications indicated that there were no more materials to be submitted at that time but that more would be submitted in the future. The e-mail communication in question simply stated, "There are no other documents left to produce."

    (ii)  a summary of the facts and opinions to which the witness is
        expected to testify.

(emphasis added).

   The provisions of Rule 26(a)(2)(C) were added effective December 1, 2010.  The

Committee Notes regarding this part of the rule make it clear that it is intended that the burden

on those witnesses who are not retained should not be excessive:  "This disclosure is

considerably less extensive than the report required by Rule 26(a)(2)(B).  Courts must take care

against requiring undue detail, keeping in mind that these witnesses have not been specially

retained and may not be as responsive to counsel as those who have. This amendment resolves a

tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from

witnesses exempted from the report requirement.  An (a)(2)(B) report is required **only** from an

expert described in (a)(2)(B)." (emphasis added).  Furthermore, "Practical considerations also

suggest that the written report requirement should not be applied to the ... employee-witnesses.

The Rule 26(a)(B)(2) report is very thorough, and its preparation may be expensive and time

consuming. 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice

and Procedure* § 2031.2 (3d ed.2010)." *Desrosiers v. MAG Indus. Automation Systems, LLC*,

2010 WL 2132826 (D.Md), at n. 11.

   "Every witness who offers expert testimony is not necessarily 'retained or specially

employed' to provide expert testimony." *Full Faith Church of Love West, Inc. v. Hoover

Treated Wood Products, Inc.*, 2003 WL 169015 (D.Kan.).

   Plaintiffs conflate the two clauses of Rule 26(a): "one retained or specially employed to

provide expert testimony in the case **or** one whose duties as the party's employee regularly

involve giving expert testimony." (emphasis added). Under Plaintiffs' theory there would never

be an employee who was not required to give a report.  An employee would either regularly give

expert testimony, or the employee would be asked to act outside the scope of normal duties in giving expert testimony, and therefore be "retained or specially employed to provide testimony in the case." This construction requires that the court conclude that no exception to the report requirement exists, despite the rule's explicit statement that exceptions do exist.

The Plaintiffs simply urge the Court to disregard the plain language of the rule and to create a rule that the Plaintiffs like better. Although some courts have been led astray in this manner, others have seen through the subterfuge and have fulfilled their duty to apply the law which has been approved by both Congress and the United States Supreme Court.

> The Court must apply the Rule as it is written, not as it could have been or should have been written. As written, Rule 26(a)(2)(B) only requires a written report to accompany the identification of an expert witness if the witness is "retained or specially employed" to provide expert testimony, or is "one whose duties as the party's employee regularly involve giving expert testimony."

*Greenhaw v. City of Grand Rapids, Ia.*, 255 F.R.D. 484 (N.D. Ia. 2009).

Another court that dealt with this issue explained it even more clearly. *Navajo Nation v. Norris*, 189 F.R.D. 610 (E.D. Wash.) recognized that it is an error to choose the Court's perception of what the Rule should say over the plain language of the Rule and to simply rewrite the Rule to say what the Court wants:

> The plain language of the rule conflicted with the Magistrate Judge's perception that the drafters intended to broaden the scope of discovery in the rule; he chose the latter over the former. However, the rule has a specific category of employee experts who must provide a report: those who regularly testify. Given the plain language of this specific category, by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report. The Magistrate Judge circumvented this plain language by characterizing the employee-expert as belonging to the other category of experts required to provide a report-those "retained or specially employed to provide expert testimony in the case." By doing so, the Magistrate Judge simply rewrote the rule to say that employee-experts must provide the report required by FRCP 26(a)(2)(B). That is not what the rule explicitly states. **It explicitly identifies two categories of experts from whom reports are required; one comprising non-employees of a party especially retained or employed for the particular case**

5

**and one comprising employees of a party who regularly testify for the employer party.**

*Id.* at 612 (emphasis added). *See also Kamel v. Whitfield*, 2010 WL 4531379 (E.D.Mich.) (court considered the line of cases upon which Plaintiffs rely and rejected them, following *Navajo Nation* and *Greenhaw*).

The Tenth Circuit Court of Appeals in *Watson v. United States*, 584 F.3d 1100 (10th Cir. 2007) discussed the duty of the Court to follow the language of the Rule. There, the Court studied the language of the rule and noted, "The requirement of a written report in paragraph (2)(B), however, applies *only* to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony." (emphasis by the Court). Id. at 1107. The Court further recognized that it is the Court's "office to apply, not second guess, congressionally approved policy judgments, and that judgment, delineated by the plain terms of Rule 26, did not include a requirement of a report in this case. If a different balance is to be struck with respect to the costs and benefits of expert reports, it must be accomplished through the mechanisms approved by Congress." *Id.* at 1107-1108. This is a particularly telling quotation because there have been amendments to Rule 26 since the time that *Watson* was decided. No doubt the rulemakers were made aware of the arguments regarding the wisdom of the policy to allow expert testimony from persons from whom no written disclosure was required.

The proposed change to the rule was discussed in Current Developments in Federal Civil Practice 2011, Practicing Law Institute, February 8, 2011 at *149:

> 4. Proposed Rule 26(a)(2)(C) is aimed at expert witnesses who do not have to provide a Rule 26(a)(2)(B) report because "they are not retained or specially employed to provide such testimony, or they are not *150 employees who regularly give expert testimony." Id. at 10. Despite this fact, many courts, impressed with the advantages of expert reports,

have ordered these witnesses to produce reports. <u>Advisory Committee Report</u> at 2.

5. This has proven problematic for some attorneys, however, as these witnesses, who are often physicians or government accident investigators, are "busy people whose careers are devoted to causes other than giving expert testimony" and are reluctant to provide reports. <u>Id.</u> **"Proposed Rule 26(a)(2)(C) balances these competing concerns by requiring that if the expert witness is not required to provide a written report under (a)(2)(B), the (a)(2)(A) disclosure must state the subject matter on which the witness is expected to present evidence... and 'a summary of the facts and opinions to which the witness is expected to testify."D'** <u>Id.</u>

<u>(Emphasis added).</u>

As a result of the concerns stated by courts regarding the fear that expert witnesses would testify without giving the other side fair notice of the subject matter and opinions included in their testimony, the rule has been changed to require the abbreviated disclosure under Fed.R.Civ.P. 26(a)(2)(C) for persons who were not specially retained or employed to testify or whose duties as an employee did not include regularly providing expert testimony. The rulemakers took action to resolve the issues raised by critics. The reason behind the erroneous disregard of the plain language of the rule, and creation of a different rule has disappeared. And in any event, as the Court in *Watson* acknowledged, it is not the place of the Court to second guess the policy of the rule. The Court should follow the plain language of the rule.[2]

The Court must here consider:

Is Dr. Rios retained or specially employed to provide expert testimony in the case?
or
Do Dr. Rios' duties as the employee of OKDHS regularly involve giving expert

---

[2] The Court in *Watson* stated that rulemakers "did not think reports should be required in all cases and seemed concerned, **for example**, about the resources that might be diverted from patient care if treating physicians were required to issue expert reports as a precondition to testifying." *Watson*, 584 F.3d 1107 (emphasis added). The Court did not limit this concern to resources diverted from patient care. Any employee who is asked to create the type of report required for retained witnesses will be forced to divert substantial attention from the employees' duties, and those duties will suffer. Plaintiffs' effort to argue that this concern exists only for physicians must fail.

testimony?

The second question is easily answered. Dr. Rios' duties as an employee of OKDHS do not regularly involve giving expert testimony. See Affidavit of Shannon Rios, Exhibit B hereto.

This leaves the first question. Only if Dr. Rios is retained or specially employed to provide expert testimony can she be required to submit a report.

Rios's work is that of a researcher for OKDHS. Her duties are to study and investigate the population served, and the manner in which the population is served in order to assist OKDHS in improving those services. She has not testified in the past as part of her employment duties. Testifying as an expert is not a normal part of her duties. She has worked for OKDHS for five years. She certainly was not specially retained or employed to testify in this lawsuit.

She will receive no additional compensation for her testimony or preparation for testimony. The lack of specific compensation for the task was considered important by a court in the Northern District of Oklahoma in *United States ex rel. Sanchez-Smith v. AHS Tulsa Reg'l Med. Ctr, LLC*, 2010 WL 4641665 (N.D.Okla.). The Court noted, "Lundy will not receive any compensation and has never testified in other cases, further illustrating that he is not a 'retained or specially employed expert' required to disclose such information in a Rule 26(a)(2)(B) report." In *Sanchez-Smith*, the designated expert provided a summary report, and the court deemed this sufficient. In this case, the Defendants designated Dr. Rios as an expert and provided a summary report, and this is sufficient.

*Nester Commercial Roofing v. American Builders and Contractors Supply Co., Inc.*, 250 Fed. Appx. 852, 2007 WL 2962383 (Oct. 10, 2007 10th Cir.) is inapposite to the facts at bar. There, the party listed the certified public accountant in question as a fact witness, but failed to designate the CPA as an expert witness. The decision to restrict the CPA's testimony to facts

and to prohibit him from stating opinions was not a difficult one.[3]

The Plaintiffs cite a number of cases in which the court considers whether a treating physician is transformed into an expert, by virtue of developing opinions outside of those that arise from the treatment. *See, e.g., Silver v. Shapiro*, 2011 WL 1321798 (D.Colo.); *Lee v. Valdez*, 2008 WL 4287730 (N.D. Tex. 2008)    A physician who treats a patient, among many other patients, or an accountant who provides services to one company, among many others, is not an employee of the patient or the company, in the same respect as Dr. Rios is an employee of OKDHS. Black's Law Dictionary defines "employee" as follows:

> A person, in the service of another under any contract for hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed.  One who works for an employer; a person working for salary or wages.

Dr. Rios works for OKDHS.  She is a person working for salary or wages.   An independent physician or accountant is simply not in the same category as regards his patients or clients.   In like manner, the contractors in *Full Faith Church of Love West, Inc. v. Hoover Treated Wood Products, Inc.*, 2003 WL 169015 (D.Kan.), also cited by the Plaintiffs, were hired for the purpose of repairing a roof.  Of course, they were "specially employed" to repair the roof that was the subject of the litigation.  They were not "regular employees" of the party. They were permitted to testify as "nonretained experts" because they testified about what they learned in their roles as general contractors, and would not have been permitted to testify about matters that were beyond that knowledge.

---

[3] The court there did state that if the CPA were to be presented as an expert witness, an expert report would have been required.  As in the cases concerning treating physicians, a CPA who provides services for many clients is not the "employee" of a particular client, as anticipated by the Rule.

The Plaintiffs assert that the fact that Dr. Rios reviewed the CSF report converts her to a specially retained expert witness. The court in *In re Paige*, 2005 WL 6530180 at *2 (Bkrtcy.N.D.Tex.) discussed this very issue and stated, "The fact that *[the expert] has reviewed the report by Plaintiff's expert ...does not change his status as retained or non-retained.*" (Quoting *Space Maker Designs, Inc. v. Weldon F. Stump & Co.*, 2003 WL 21805279 (N.D.Tex.) (emphasis by *Paige* court).

The court in *Cynergy Commc'n Co. v. SBC Commc'ns*, 2006 WL 3192544 (D.Kan.) noted that the burden of demonstrating that a report is not required is placed on the party asserting that a report is not required; however, the court did not provide any definition of when a report would be required, other than the language of the rule itself. The court indicated that the reason that the burden falls on the party proposing the expert to demonstrate why a report is not needed is that that party has better information regarding the status of the witness. The court further indicated that the burden could be met with "an affidavit certifying that the witness' duties do not include regularly giving expert testimony and that the witness is not specially retained or employed to provide expert testimony." Id. at * 3. *Morris v. Wells Fargo Bank, N.A.*, 2010 WL 2501078 at *3 (D.Colo.), also cited by Plaintiffs, likewise directed the party to submit "an affidavit certifying that the witnesses are treating physicians, or a similarly situated witness, and that they have not been retained or specially employed by Plaintiff to provide expert testimony." Plaintiffs rely upon *United States ex rel. Sanchez-Smith v. AHS Tulsa Reg'l Med. Ctr, LLC*, 2010 WL 4641665 (N.D.Okla.) for the proposition that where a witness has been "hired, directed, or in any way instructed by counsel" and where the witness's opinions have been developed outside the scope of his general employment," the witness is "specially employed" and must submit a report. Plaintiffs neglect to inform the Court that the court in

*Sanchez-Smith* actually found that the witness was not specially employed and did not have to provide a report, even though the expert stated that he prepared the report "as support for" the case.[4]

Plaintiffs rely upon *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 56 Fed. R. Evid. Serv. 302 (M.D.Ala. 2000)[5]. A reading of this case reveals that the court there completely disregarded the language of Rule 26 to reach its result. Rule 26 makes it clear that not all expert witnesses must file a report. The Court in *KW Plastics* read the exceptions as cancelling one another out, so that no exception would exist.

> When a corporate party designates one of its employees as an expert, it typically authorizes the employee to perform special actions that fall outside of the employee's normal scope of employment. Indeed, in this case, U.S. Can has conceded that McGowan does not "regularly testify as an expert as part of his duties at U.S. Can." (KW Mot. Ex. A.) Accordingly, the court finds that U.S. Can has "specially employed" McGowan by designating him as an expert opinion witness.

According to the *KW Plastics* opinion, an employee either regularly testifies as an expert and is required to submit a report or the employee does not regularly testify as an expert and has therefore been "specially employed" to testify and is required to submit a report. If this had been the intent of the rulemakers, they would not have included the language providing for an exception. In addition, the court in *KW Plastics* was concerned that there would be a category of expert witnesses for which no written disclosure would be required. The 2010 amendments resolved this issue by requiring the abbreviated disclosures for "non-retained experts."

---

[4] To the extent that the *Sanchez-Smith* contained any dicta supporting Plaintiffs' argument, it should be noted that *Sanchez-Smith* was decided prior to the effective date of the 2010 amendments to Rule 26(a), and as such, the Court may have been tempted by some of the same concerns discussed below in regard to *the KW Plastics* case and other cases reaching the same conclusion.

[5] A district court decision from the Middle District of Alabama is certainly not binding on this Court. When the logic of the decision is so obviously flawed as *the KW Plastics* decision, it is not even persuasive.

Even before the amendment resolved the concern of the specter of experts for whom no written disclosures were required, the better view was to actually follow the law as written. The Court in *Greenhaw v. City of Grand Rapids, Ia.*, 255 F.R.D. 484 (N.D. Ia. 2009) considered the arguments set forth in *KW Plastics* and similar cases and rejected them, recognizing that the court's obligation is to apply the rule as written, not create another rule that the court may deem better.

Other cases cited by the Plaintiffs also show a great concern by courts prior to the 2010 amendments that parties would be permitted to rely on experts with no obligation to provide any written disclosure regarding the expected testimony of the expert. See, *Lee v. Valdez*, 2008 WL 4287730 (N.D. Tex. 2008); *National Railroad Passenger Corp. v. Railway Express, LLC*, 268 F.R.D. 211 (D.Md 2010); *Day v. Consolidated Rail Corp.*, 1996 WL 257654 (S.D.N.Y.).[6] This line of cases, in which the courts disregarded the plain language of the rule to reach a conclusion which would require written disclosure regarding all experts, fails to articulate any rational argument for re-writing the rule to suit the desires of the courts. These cases essentially use the two parts of the exception to the reporting requirement to cancel one another out and require that all experts file reports. The argument proposed is that the employee either regularly testifies as an expert, in which case he must submit a report, or he has been asked to testify as an expert which is outside his normal duties, so he has been specially retained to testify and must submit a report. These cases lacked good logic and reason even then, but they make even less sense after

---

[6] Although it does not explicitly follow these cases, *Storage Technology Corporation v. Custom Hardware Engineering & Consulting Ltd.*, 2006 WL 1766434 (D.Mass), also cited by Plaintiffs, appears to be of the same mind. The last page of a complex 28 page opinion deals with the expert witness issue briefly, and relies upon *KW Plastics*. Again, that opinion was issued prior to the 2010 amendments requiring the abbreviated disclosure for non-retained experts and eliminating the unfair surprise about which courts were so concerned.

the 2010 amendments resolved the concern that there would be experts about whom there was no written disclosure by requiring the abbreviated disclosure under Rule 26(a)(2)(C).

The Plaintiffs rely upon *Meredith v. International Marine Underwriters*, 2011 WL 466436 (D.Md). *Meredith* is based upon the flawed decisions in *KW Plastics, supra,* and *Lee, supra.* Moreover, although the court in *Meredith* made reference to the 2010 amendments in requiring Rule 26(a)(2)(C) disclosures from non-retained experts, the court did not discuss at all the fact that the 2010 amendments resolved the concerns stated in the cases upon which it relied. It appears that the *Meredith* court, concerned with many other complex issues, simply did not connect the dots and see that *KW Plastics* was flawed when written and that the reason for *KW Plastic's* flawed reasoning has ceased to exist with the 2010 amendment of the Federal Rules of Civil Procedure.

This Court should apply the Rule as approved by Congress and the United States Supreme Court and except from the Rule 26(a)(2)(B) report requirement an employee who does not regularly give expert testimony and who has not been specially employed or retained to testify in this case.

**II.**     **The defendants have produced the data and results of Dr. Rios' work and her curriculum vitae, and have therefore produced the substance of what would have been contained in a formal expert report.**

With the production of the data and results of Dr. Rios' work, and the provision of her *curriculum vitae* attached to this response, Plaintiffs have substantially all they would receive from Dr. Rios as a "report" expert.  What is more, Defendants have offered to make Dr. Rios (and all other non-report experts, except Sue Steib) available for deposition *after* the expert witness cutoff if Plaintiff so desire.  *See,* email exchange between Nance and Kapell, Exhibit C hereto.  Indeed, after Plaintiffs complained they should have received some of the facts and data

considered by Defendants' child protective service expert Kathy Simms (a claim Defendants dispute), Defendants agreed, at Plaintiffs' request, to make Ms. Simms available for deposition on July 28 in Oklahoma City.  *See,* Exhibit C hereto.  Plaintiffs' refusal of Defendant's offer of additional time to depose Dr. Rios reveals their claim of prejudice as a sham, and a problem, if at all, of their own making.

Had Dr. Rios provided a full blown report, Plaintiffs would have received:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(b).  In the disclosures provided on June 15, 2011, Plaintiffs received a statement of Dr. Rios' opinions, and a summary of the statistical tests she performed.  As of late Friday afternoon, June 24, 2011, Plaintiffs have received the data Dr. Rios used, and over 160 pages of the results of the statistical tests she performed.  *See,* Dr. Shannon Rios Statistical Test Results, Exhibit A hereto.  These statistical tests are routine procedures and are not novel or cutting edge.  Defendants provide herewith as Exhibit D, Dr. Rios' *curriculum vitae* so that Plaintiffs will know her qualifications.  She has never testified for OKDHS as an expert by deposition or at trial.  Dr. Rios received no compensation over and above her salary for her work in this case.  *See* Affidavit of Shannon Rios, Exhibit B hereto.  As a non-report expert, Dr.

Rios is not required to provide her exhibits with her disclosures. Defendants reserve the right to use the tables already provided to Plaintiffs, as well as summaries of them, and appropriate demonstrative exhibits, disclosed as required by the scheduling order, at trial.

It is clear that Plaintiffs now have received substantially what they would have received had Dr. Rios been a full report expert. Thus Plaintiffs are not prejudiced from the provision of disclosures under Rule 26(a)(2)(C) rather than a full report. If Plaintiffs claim prejudice from delay of provision of data and test results, not required by Rule 26(a)(2)(C) in any event, it is only their willful refusal to accept additional time before they depose her, presently scheduled for July 14, that causes them any alleged prejudice.

In no event do the disclosures made for Dr. Rios under Rule 26(a)(2)(C), followed by provision of her data and results, justify barring her from testifying at trial. Plaintiffs' reliance on Fed.R.Civ.P. 37(c)(1) is misplaced. That rule allows sanctions for failure to "provide information or identify a witness as required by Rule 26(a)..." The Defendants made a timely and proper Rule 26(a)(2)(C) disclosure for Dr. Rios. Only Plaintiffs' contorted logic supports the conclusion that an OKDHS in-house researcher, who received no additional compensation for her work and who has never offered expert testimony for OKDHS is required to provide a full report. Consequently, Rule 37 does not even come into play.

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) does not support Plaintiffs' position. In *Jacobsen* two experts, who undoubtedly should have prepared full reports, prepared only preliminary and incomplete reports in clear violation of Rule 26(a). *Id.*, 287 F.3d at 952. Unlike *Jacobsen*, Dr. Rios' disclosure in this case complies with the reduced disclosure obligation of the new Rule 26(a)(2)(C) which, by its terms and contrasted with a full report due

15

under Rule 26(a)(2)(B), does not require production of facts and data considered by the expert. Thus no violation has taken place.

Plaintiffs' also complain about the adequacy of Dr. Rios' disclosure under Rule 26(a)(2)(C). *See,* Dkt. No. 528, pp. 1314, fn. 9. This complaint continues Plaintiffs' effort to require more from a 26(a)(2)(C) disclosure than the Rule itself requires. Rule 26(a)(2)(C) requires the "subject matter" upon which expert testimony will be offered, and "a summary of the facts and opinions to which the witness is expected to testify." Contrary to Plaintiffs' complaint, the Rule does not require the witnesse's "qualifications as an expert," although in the attached *curriculum vitae* Dr. Rios provides that. The Rule requires "a summary" of the facts, not "any specific information" about the meaning or significance of the tests performed as intimated in Plaintiffs' footnote 19. Nor does the "summary" required by the rule require the statistical standard used in determining the presence of statistically significant relationships, which can be inquired about in deposition. Similarly, the "summary" of her opinions required by the Rule does not require disclosure of the basis for her opinion that "the Milner sample cannot be a simple random sample," although the fact that the Milner sample is significantly different than other samples of the population offers a hint of that basis. Nor does the "summary" required by the Rule require Dr. Rios to set forth "what tests …Dr. Milner should have performed" to, in the words of the disclosure "reliably draw any inference of relationships between the variables addressed in his report." This is another subject for deposition, and the general disclosure of her opinion points Plaintiffs to an area about which they should inquire. Moreover, the results of Dr. Rios statistical tests, Exhibit A hereto, provide vast detail well beyond the summary provided in the disclosure.

Even if there were a violation of Rule 26(a), which there is not, Rule 37(c)(1) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates <u>Rule 26(a)</u> if the violation is justified or harmless. *Jacobsen,* 287 F.3d at 952. In performing the required analysis, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* These factors, even if applicable, counsel against the extreme sanction of barring Dr. Rios' testimony. When a defendant is given an opportunity to depose an expert, the defendant is not prejudiced and exclusion of the expert testimony is in error. In the case of *In Re Fosamax Products Liability Litigation,* 647 F. Supp. 2d 265 (S.D.N.Y. 2009), the court recognized the importance of the evidence to be presented by the treating doctor and ordered that he be made available for deposition. The court then found, "Having cured any prejudice to Merck, the Court finds that there is no need to resort to the **extreme sanction** of precluding this important evidence." Id. at 281. (emphasis added). Similarly, in *Crump v. Versa Products, Inc.,* 400 F. 3d 1104, 1110 (8th Cir. 2005), the trial court refused to exclude the defendant's expert's testimony, despite the allegedly inadequate disclosure. The court noted that the plaintiffs were unable to show prejudice because the defendant provided resumes for each expert and made them available for deposition.

With the provision of Dr. Rios' data, results, *curriculum vitae,* and facts indicating she had not received any additional compensation and has never testified as an expert, coupled with Defendants' offer of additional time in which to depose her, Plaintiffs are not prejudiced, and make no substantial claim that they are. The additional time offered within which to depose Dr. Rios cures any prejudice, if any had occurred (and none has). Third, Plaintiffs offer no reason

to believe that allowing Dr. Rios to testify will disrupt the trial scheduled to begin on October 17. Finally, the Defendants have presented Dr. Rios Rule 26(a)(2)(C) disclosure in absolute good faith that the Rule means what it says, and that the non-report expert disclosure is intended to be far simpler and less burdensome than a full report under Rule 26(a)(2)(B). Even if there were a violation of Rule 26(a), which there was not, such violation was "justified or harmless."

## CONCLUSION

Dr. Shannon Rios is clearly an employee of OKDHS. She does not regularly testify as an expert. She has not been specially retained or employed to testify in this case; therefore, the Defendants did all that was required when the Defendants submitted the disclosure regarding non-retained experts.

The Defendants respectfully request that the Court deny the Plaintiffs' Motion.

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, P.C.**

By:  s/ Stephanie L. Theban
Stephanie L. Theban, OBA 10362
*Email*: stheban@riggsabney.com
Donald M. Bingham, OBA 794
*Email*: don_bingham@riggsabney.com
Donna M. De Simone, OBA 18271
*Email*: ddesimone@riggsabney.com
502 West Sixth Street, Tulsa, OK 74119
*Tel* (918) 587-3161 / *Fax* (918) 587-9708

*Attorneys for the Defendants Richard L. DeVaughn, Ronald L. Mercer, Jay Dee Chase, Steven Dow, Michael L. Peck, Garoldine Webb, Aneta F. Wilkinson, Rev. George E. Young, Sr., and Howard H. Hendrick*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st of July, 2011, I electronically transmitted *Defendants' Response to Plaintiff's Motion to Bar Shannon Rios from Testifying as an Expert Witness and to Require Defendants to Produce the Documents Considered by their Other Non-Retained Experts* to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Frederic Dorwart
*fdorwart@fdlaw.com*
Paul DeMuro
*pdemuro@fdlaw.com*
**Frederic Dorwart Lawyers**
124 E. 4th Street, Suite 100
Tulsa, OK 74103-5010

Marcia Robinson Lowry
*mlowry@childrensrights.org*
William Kapell
*wkapell@childrensrights.org*
**Children's Rights**
330 Seventh Ave., 4th Floor
New York, NY 10001

Larry Borten
*lborten@childrensrights.org*
Miriam Ingber
*mingber@childrensrights.org*
Patrick S. Almonrode
*palmonrode@childrensrights.org*

*/s Stephanie L. Theban*
Stephanie L. Theban