UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| D.G., by Next Friend G. Gail Stricklin, *et al.*, | ) | |
| for themselves and those similarly situated, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Class Action** |
| | ) | **Civil Action No. 08-CV-074-GKF-FHM** |
| C. BRAD HENRY, in his official capacity | ) | |
| as Governor of the State of Oklahoma, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF CHILDREN'S MOTION FOR LEAVE TO FILE TWO REBUTTAL
EXPERT REPORTS**

**BRIEF IN SUPPORT OF MOTION**

**Preliminary Statement**

Plaintiff Children ("Plaintiffs") respectfully move pursuant to Federal Rule of Procedure 26(a) for leave to file two expert reports solely to rebut certain assertions contained in the reports of Defendants' proposed experts regarding the work performed by Dr. Jerry Milner and Mr. John Goad, two of Plaintiffs' experts.

On June 9 and June 15, 2011, Defendants served **14** separate expert reports under Fed. R. Civ. P. 26(a)(2)(B) authored by **10** different retained experts.  Eight of those 14 reports address reports submitted by Dr. Milner and Mr. Goad.  Dr. Milner conducted a review of 374 randomly selected DHS case files pertaining to children in DHS custody.  Mr. Goad conducted an analysis of DHS's response to hundreds of reports that children in DHS custody had been abused or neglected.  The reports of Dr. Milner and Mr. Goad are important to the presentation of Plaintiffs' claims.

The eight expert reports served by Defendants addressing Dr. Milner and Mr. Goad assert various statistical methodological challenges to the Milner and Goad reports and, in that sense,

are largely rebuttal in nature.  While Plaintiffs do not believe those challenges have merit, Defendants' experts have raised technical objections which require expert testimony to rebut.

Plaintiffs request leave to file the two rebuttal reports by July 15, 2011.  The filing of the reports will not result in any prejudice to Defendants, since Plaintiffs' two rebuttal experts are available to be deposed during the two-week period from July 15 to July 31, prior to the August 1, 2011 deadline for filing *Daubert* motions in this case.

**Statement of Facts**

In February and March 2011, Plaintiffs timely served five expert reports on Defendants regarding class-wide issues.  Among these was a report by the Center for the Support of Families ("CSF"), served on February 17, 2011 – a month before the March 15, 2011 court-ordered deadline (a true copy of this report is attached hereto as Ex. A).  *See* Dkt. No. 519.  CSF's report sets forth the findings of an extensive review of a statistically valid number of randomly selected case files produced by the Oklahoma Department of Human Services ("DHS") pertaining to 374 children in DHS custody for at least 60 days as of March 1, 2010. The review was conducted under the direction of Dr. Milner, Vice President for Child and Family Services at CSF.  Dr. Milner was previously the manager of the federal Child and Family Services Review ("CFSR") with the Children's Bureau, Administration for Children and Families, U.S. Department of Health and Human Services.  Prior to that, Dr. Milner was the State child welfare director for the Alabama Department of Human Resources.  In his report Dr. Milner concluded, among other things, that "many of the findings of [his] review are cause for great concern about the care that OKDHS provides to children in its custody."  Ex. A at 10.  He also concluded that "the greatest concerns are those associated with the maltreatment of children while in custody and the movement of children from placement to placement while in custody because of their impact on

the overall safety and well-being of children, which public child welfare agencies are charged to protect." *Id.*

On March 15, 2011, Plaintiffs served the expert report of Mr. Goad, a social worker who has worked in public child welfare for nearly 40 years, during which time he has been directly or administratively responsible for investigations into the alleged abuse or neglect of more than one million children.  His report analyzed DHS's responses to a representative number of randomly selected referrals that DHS received in 2009 alleging that children in its custody had been abused or neglected.[1]  (A true copy of Mr. Goad's report is attached hereto as Ex. B.)  Specifically, Mr. Goad and one other reviewer examined 84 referrals investigated by DHS Child Protective Services ("CPS") workers involving children whom DHS has placed in foster homes; 41 referrals investigated by the Office of Client Advocacy ("OCA"), a separate unit of DHS responsible for investigating reports of alleged abuse or neglect involving foster children whom DHS has placed in facilities or institutions; 17 referrals for which DHS CPS workers performed "assessments"[2]; and 93 referrals that were screened out by CPS workers and therefore neither investigated nor assessed at all.  Based upon his analysis, Mr. Goad concluded that "[b]ecause of OKDHS's many failures to protect its child wards, foster care in Oklahoma is a dangerous place to be."  Ex. B at xii.

On June 9, 2011, in recognition of the seriousness of the facts disclosed in Mr. Goad's

---

[1] Mr. Goad's report also includes a review of the cases of nine children who died as a result of child abuse or neglect while in DHS custody.

[2] Under DHS policy, CPS workers perform "assessments" when the in-take worker who initially reviews the referral determines that the alleged abuse or neglect "does not constitute a serious and immediate safety threat" to the child. Okla. Admin. Code § 340:75-3-7.3(a) (2010).  DHS performs more rigorous "investigations" when the allegations in the report indicate there is such a threat. *Id.* § 340:75-3-7.3(b).

3

report, Defendants served four separate rebuttal reports challenging his analysis.[3]  On June 15, in recognition of the seriousness of the facts disclosed in Dr. Milner's report, Defendants served four more reports that address his report.[4]

The criticisms directed at Dr. Milner's and Mr. Goad's reports by Shlomo Sawilowsky and Andrew Barclay raise highly technical statistical issues.  For example, Sawilowsky criticizes Dr. Milner, claiming that (i) Dr. Milner did not consider any "extraneous," "intervening," "antecedent," "suppressor" or "distorter variables" in connection with his data analyses and therefore his conclusions are "subject to error" (Ex. G at 10-12); (ii) Dr. Milner's "reliance on naïve r x c contingency tables precluded [his] ability to conduct log linear analyses and provide for a cross-validation of the survey results" (*id.* at 29); and (iii) Dr. Milner "inappropriately relied on asymptotic p values for sparse contingency tables when [he] should have used exact (or Monte Carlo) p values to evaluate the significance of hypothesized associations or interactions" (*id.* at 33).

Likewise, Barclay alleges that (i) Mr. Goad's "statistics with respect to wards are invalid" because "[t]he observed data for children in a referral will be highly correlated" (Ex. D at 4); (ii) Mr. Goad's sample of 84 referrals of which DHS conducted investigations "cannot be a simple random sample of the universe" of such referrals (*id.*); (iii) "Mr. Goad appears to be directing the reader's attention to the limits of [his] confidence intervals, indicating the lack of precision on

---

[3]  The Defendants' four reports addressing Mr. Goad's report were authored by Shlomo Sawilowsky, a statistician; Andrew Barclay, a self-described "biostatistician and engineer"; Kathryn Simms, a research consultant and former employee of DHS for over 30 years; and John Fluke and Donald Baumann, both with the American Humane Association.  Copies of these reports are attached as Exhibits C, D, E and F, respectively.

[4]  These four reports were authored by Sawilowsky; Barclay; Larry Brown, a private consultant and former Executive Deputy Commissioner for the New York State Office of Children and Family Services; and Fluke/Baumann.  Copies of the reports are attached as Exhibits G, H, I and J, respectively.

4

his estimates, rather than the point estimates of the proportions" (*id.* at 6); and (iv) Mr. Goad "did not use an exact or binomial confidence interval calculation" (*id.* at 7).

Other criticisms raised by John Fluke and Donald Baumann and by Larry Brown challenge various non-statistical aspects of the methodologies employed by Dr. Milner and Mr. Goad in connection with their reviews.  For instance, Fluke and Baumann criticize Mr. Goad's study design on the grounds that (i) it is "cross-sectional" (a sample drawn from a population at a specific point in time) rather than "longitudinal" (a design that includes multiple or continuous observations of a sample or population over time beginning at a common point in time) (Ex. F at 8); (ii) the reviewers were supposedly biased in favor of finding "a greater level of error on the part of OKDHS than might be identified by a more independent analysis, especially one where the reader is blind to subsequent outcomes" (*id.* at 20); and (iii) "the validity of the instrument used in reading the cases was not established" and "[a]s a result, any conclusions drawn from the use of Mr. Goad's instrument cannot be considered valid" (*id.*).

Similarly, Brown challenges Dr. Milner's methodology, claiming, for example, that (i) the point-in-time analysis Dr. Milner employed "is systematically biased toward long-staying children" because Dr. Milner excluded children who had been in DHS custody for less than 60 days (Ex. I at 5); and (ii) Dr. Milner's review did not take account of information that was not recorded in the child's official case file (*id.* at 8).

Dr. Milner and Mr. Goad are not experts in statistics beyond that usually and customarily utilized in their fields.  For this reason, Plaintiffs seek leave to serve a report from an expert statistician to rebut the statistical arguments asserted by Defendants' retained statisticians.  While Dr. Milner and Mr. Goad are experts in child welfare, Plaintiffs also seek leave to serve a second rebuttal report from an individual with specific expertise in social science research methodology

to address the methodological criticisms asserted against Dr. Milner and Mr. Goad by Defendants' experts. Plaintiffs do not seek to match the 14 expert reports served by Defendants or the 8 reports addressed to Dr. Milner and Mr. Goad. Even if it had been possible, it would have been inappropriate for Dr. Milner and Mr. Goad to have addressed all of the technical statistical and methodological claims asserted in all eight of Defendants' experts' reports. The Court will be well-served to have before it a fair analysis of these issues.

The two rebuttal experts are reasonably available without prejudice to Defendants. As stated above, they are available to be deposed during the two-week period from July 15 to July 31, 2011 so that Defendants have a fair opportunity to depose them prior to the August 1, 2011 deadline for filing *Daubert* motions. Despite this, Defendants' counsel advised on June 30, 2011 that Defendants object to the filing of Plaintiffs' two rebuttal reports, thereby necessitating this motion.

<u>**Argument**</u>

<u>**Plaintiffs' Request for Leave to Serve Two Rebuttal Expert Reports Should Be Granted**</u>

Federal Rule of Civil Procedure 26 expressly contemplates the use of rebuttal expert reports. Specifically, Rule 26 provides, in relevant part, that "[a]bsent a stipulation or a court order," disclosures regarding evidence that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [are to be made] within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Courts in the Tenth Circuit have recognized that parties may serve rebuttal expert reports within the period set forth in Rule 26(a)(2)(D)(ii), especially where, as here, the rebuttal experts have special expertise on the very matters under attack. *See Valley View Angus Ranch v. Duke Energy Field Services, LP*, No. CIV-04-191-D, 2008 WL 2329169 (W. D. Okla, June 4, 2008)

6

(holding that defendants may use a new expert as a rebuttal expert because defendants' expert report was submitted to plaintiffs within 30 days of the receipt of supplemental reports to which defendants' current expert does not have the expertise to respond); *Cao Nguyen Inc. v. Saigon-Taipei, Inc*., No. CIV-08-1244-M, 2010 WL 2721212 (W.D. Okla., July 7, 2010) (finding that "[b]ecause there was no stipulation or court order establishing a different time to submit rebuttal expert reports . . . [plaintiff's expert's] supplemental report, which was submitted thirty days after [defendant's expert's] expert report was submitted, was timely"); *Asia Strategic Inv. Alliances, Ltd. V. General Elec. Capital*, No. 95-2479-GTV, 1996 WL 745577 (D. Kan., Dec. 31, 1996) (noting that the federal rules authorize designations of rebuttal experts within 30 days after the disclosure made by another party, and allowing plaintiff to designate an additional expert for rebuttal after the deadline for designating expert witnesses had passed, where the scheduling order did not set a deadline for designating an expert witness to be called solely for rebuttal); *see also Adams v. U.S*., No. 03-0049-E-BLW, 2009 WL 982034 (D. Idaho, April 9, 2009) (denying motion to strike portions of plaintiff's rebuttal reports because "to respond to attacks on an aspect of an expert's testimony by retaining another expert who has special expertise on that very aspect under attack" is "a legitimate function of rebuttal").[5]

In accordance with the 30-day limit set forth in Fed. R. Civ. P. 26(a)(2)(D)(ii), Plaintiffs are prepared to serve their two rebuttal reports by July 15, i.e., 30 days after Defendants served their expert reports directed to Dr. Milner's case record review, and the current deadline for

---

[5] In contrast to *Oklahoma, ex rel. Edmondson v. Tyson Foods, Inc*., No. 05-CV-329-GKF-PJC, 2009 WL 252337 (N.D.Okla., Jan. 29, 2009), in which this Court denied leave to serve rebuttal reports because permitting such reports, "(and, presumably, sur-rebuttal reports) at this late date would unduly increase the cost of this litigation and delay its ultimate resolution," the two rebuttal expert reports that Plaintiffs seek leave to file will not delay the trial of this case since the rebuttal experts will be available for deposition before the deadline for Defendants' *Daubert* motion.

expert discovery.  Defendants will not be prejudiced by Plaintiffs' proposal because Defendants

will have the opportunity to depose the two rebuttal experts before the August 1, 2011 deadline

for filing *Daubert* motions and Defendants have already submitted eight expert reports in

response to the reports of Dr. Milner and Mr. Goad.  Plaintiffs simply seek the opportunity to

submit two rebuttal reports so that the Court will have a more balanced presentation and

understanding of the issues in this case.

Rebuttal reports are especially appropriate since Defendants' experts focus most of their

attention on challenging Plaintiffs' experts' analyses rather than defending the performance of

DHS.  Plaintiffs should be given an opportunity to respond to those criticisms.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to

allow Plaintiffs to file two rebuttal expert reports by July 15, 2011 in response to Defendants'

eight expert reports directed to Dr. Milner and Mr. Goad.  If such leave is granted, Plaintiffs will

produce the two rebuttal experts for deposition between July 15 and July 31, 2011.

Dated: July 1, 2011

RESPECTFULLY SUBMITTED:

/s/ Frederic Dorwart
FREDERIC DORWART (Bar No. 2436)
*(signed by Filing attorney with permission)*
/s/ Paul DeMuro
PAUL DEMURO (Bar No. 17605)
*(signed by Filing attorney with permission)*
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103-5010

Telephone:  918-583-9922
Facsimile:  918-583-8251
Email:  FDorwart@fdlaw.com
       PDemuro@fdlaw.com

/s/ R. Thomas Seymour
R. THOMAS SEYMOUR (Bar No. 8099)
*(signed by Filing attorney with permission)*
/s/ Scott A. Graham
SCOTT A. GRAHAM (Bar No. 19817)
*(signed by Filing attorney with permission)*
SEYMOUR & GRAHAM, LLP
100 W. Fifth Street, Suite 550
Tulsa, Oklahoma 74103-4288
Telephone:  918-583-5791
Facsimile:  918-583-9251
Email:  Rtseymour1@aol.com

/s/ Marcia Robinson Lowry
MARCIA ROBINSON LOWRY *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Ira P. Lustbader
IRA P. LUSTBADER  *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ William Kapell
WILLIAM KAPELL *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Yasmin Grewal-Kok
YASMIN GREWAL-KOK *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Patrick S. Almonrode
PATRICK S. ALMONRODE *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Miriam F. Ingber
MIRIAM F. INGBER *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Laurence Drew Borten
LAURENCE DREW BORTEN *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Jason Moff
JASON MOFF *(pro hac vice)*
/s/ Philip G. Barber
PHILIP G. BARBER *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Susan Lambiase
SUSAN LAMBIASE *(pro hac vice)*

9

*(signed by Filing attorney with permission)*
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, New York 10001
Telephone:  (212) 683-2210
Facsimile:  (212) 683-4015
Email:  mlowry@childrensrights.org


/s/ Phillip A. Geraci
PHILLIP A. GERACI *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ Angela Vicari
ANGELA VICARI *(pro hac vice)*
*(signed by Filing attorney with permission)*
/s/ John Cahalan
JOHN CAHALAN *(pro hac vice)*
*(signed by Filing attorney with permission)*
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
Telephone:  (212) 836-8000
Email:  pageraci@kayescholer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of July, 2011, I served the foregoing document by electronic transmission upon the following persons:

DONALD M. BINGHAM
DONNA MARIE DE SIMONE
HOLLY HILLERMAN
KRISTOPHER EDWARD KOEPSEL
JOHN PATRICK MENSCHING
DAVID PAGE
STEPHANIE THEBAN
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, PC
502 West Sixth Street
Tulsa, OK 74119-1010
don_bingham@riggsabney.com
ddesimone@riggsabney.com
hhillerman@riggsabney.com
kkoepsel@riggsabney.com
pmensching@riggsabney.com
dpage@riggsabney.com
stheban@riggsabney.com

ROBERT A. NANCE
MELVIN C. HALL
THOMAS ASKEW
SHARON GENTRY
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, PC
5801 N Broadway , Suite 101
Oklahoma City, OK 73118-7489
rnance@riggsabney.com
mhall@riggsabney.com
taskew@riggsabney.com
sgentry@riggsabney.com

JOSEPH W. STREALY
RICHARD W. FREEMAN, JR.
RICHARD A. RESETARITZ
Department of Human Services
P.O. Box 53025
Oklahoma City, OK 73152-3025
joseph.strealy@okdhs.org
richard.freeman@okdhs.org

11

richard.resetaritz@okdhs.org

CATHERINE ANN O'LEARY
Department of Human Services
Tulsa District Child Support Enforcement
P.O. Box 3643
Tulsa, OK 74101
catherine.oleary@okdhs.org

SCOTT D. BOUGHTON
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK 73105
scott.boughton@oag.ok.gov

/s/ Jason Moff
JASON MOFF