# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G., Gail Stricklin, et al.,

    Plaintiffs,

vs.

C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,

    Defendants.

Case No. 08-CV-74-GKF-FHM

## OPINION AND ORDER

Plaintiffs' Motion to Bar Shannon Rios From Testifying as an Expert Witness, [Dkt. 528], and Plaintiffs' Motion to Require Defendants to Produce the Documents Considered by Their Other Non-Retained Experts, [Dkt. 529], is before the undersigned United States Magistrate Judge for decision. The matters have been fully briefed and the matters are ripe for decision.

## Motion to Exclude Shannon Rios

Defendants disclosed to Plaintiffs, as required by Fed.R.Civ.P. 26(a)(2)(A), that Dr. Rios may offer opinion or other expert testimony. Defendants also provided, as required by Fed.R.Civ.P. 26(a)(2)(C), a five page statement of the subject matter on which Dr. Rios is expected to present evidence and summary of the facts and opinions[1] to which Dr. Rios is expected to testify. Dr. Rios' expert testimony concerns her analysis of the expert report of one of Plaintiffs' expert witnesses including the collection and analysis of data which was not part of Plaintiffs' expert report.

---

[1] Subsequently Defendants also provided Plaintiffs with Dr. Rios' statistical test results and the four data sets.

Plaintiffs seek an order barring the expert testimony of Dr. Rios under Fed.R.Civ.P. 37(c)(1) because she did not provide an expert report as required by Rule 26(a)(2)(B). Alternatively, Plaintiffs seek the prompt production of an expert report. Defendants respond that Dr. Rios was not required to provide an expert report because she was not retained or specially employed to provide expert testimony in the case. If an expert report was required, Defendants assert that Dr. Rios should not be barred from testifying because Defendants have provided Plaintiffs with substantially all of the information Plaintiffs would have received in an expert report.

In this case, Dr. Rios analyzed Plaintiffs' expert's report and conducted additional work and analysis specifically to provide expert testimony regarding Plaintiffs' expert's report and conclusions. The work and analysis by Dr. Rios was outside the normal scope of her employment with Defendants.

Rule 26(a)(2)(B) states that witnesses must supply expert reports "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[2] There is no Tenth Circuit authority addressing whether a 26(a)(2)(B) expert report is required from an employee of a party who is assigned to perform work or analysis outside the normal scope of the witness's employment in order to provide expert testimony in the case. The courts that have addressed the issue have reached conflicting opinions. *See Greenhaw v. City of Cedar Rapids, Iowa*, 255 F.R.D. 484 (N.D. Iowa, 2009) (collecting cases).

---

[2] Dr. Rios does not regularly give expert testimony so an expert report is not required under that provision of 26(a)(2)(B).

The undersigned finds that such an employee falls within the plain meaning of one who has been "specially employed to provide expert testimony in the case" within the meaning of Rule 26(a)(2)(B). When an employee is not performing his or her usual employment functions but has been assigned the job of an expert witness in the case, the term "specially employed" is an accurate description of the employee's role. Under such circumstances the employee functions exactly like a non-employee expert witness. There is no reason to exempt such a witness from the requirement of an expert report. This construction does not require an expert report from every employee of a party who offers expert testimony, only those who are specially tasked to perform an expert function outside the usual employment role.

Although Defendants did not provide an expert report from Dr. Rios, Rule 37(c)(1) does not support barring Dr. Rios from testifying as an expert witness. Defendant's failure to provide the expert report was substantially justified in light of the split of authority on the issue. Further, the lack of an expert report was harmless to Plaintiffs as Defendants have provided Plaintiffs substantially all of the information an expert witness report would have contained.[3]

Plaintiffs' Motion to Bar Shannon Rios From Testifying as an Expert Witness, [Dkt. 528], is DENIED.

## Motion to Compel Production

Plaintiffs seek an order compelling DHS to produce documents responsive to their Expert Requests for Production of Documents for the non-retained expert witnesses DHS

---

[3]Plaintiffs make no claim in their reply brief to the contrary.

identified in their June 9 and June 15, 2011 witness disclosures. In accordance with Rule 26(a)(2)(C)(ii), Defendants have supplied the required summary of facts and opinions to which these witnesses are expected to testify. Defendants assert that requiring responses from these witnesses to the requests for production of documents would effectively impose the obligation of providing expert witness reports on these witnesses who are not obligated to do so under the Federal Rules of Civil Procedure.

Rule 26(a)(2)(C)(ii) obligates Defendants to produce disclosures for these witnesses which contain "a summary of the facts and opinions to which the witness is expected to testify." According to the Committee Notes, Rule 26(a)(2)(C) was added to the Federal Rules of Civil Procedure in December 2010 to resolve a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) from witnesses who are exempt from the report requirement. Even before the effective date of Rule 26(a)(2)(C) at least one court rejected the use of interrogatories to expand the reporting obligations of a witness not subject to Rule(a)(2)(B) report requirements. *See Adams v. Fujitsu*, 2010 WL 130002 *5 (D. Utah).

Rule 26(a)(2)(C) allows the court discretion to order a witness to provide more or less information than that outlined in the rule. In this case, however, Plaintiffs have not presented any reason for the court to expand the disclosure requirements contained in the rule. Plaintiffs' arguments for an order compelling production do not contain any specific discussion of the information submitted on the disclosures, any attempt to demonstrate that the information submitted is insufficient, or any specific reference to the information sought by the requests for production. As a result, the undersigned is not convinced of the

necessity for an order compelling the production of any further information pertaining to these witnesses.

Plaintiffs' Motion to Require Defendants to Produce the Documents Considered by Their Other Non-Retained Experts, [Dkt. 529] is DENIED.

SO ORDERED this 13th day of July, 2011.

```
                                    Frank H. McCarthy
                                    _____
                                    FRANK H. McCARTHY
                                    UNITED STATES MAGISTRATE JUDGE
```