# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

D.G., by Next Friend G., Gail Stricklin, et al.,

    Plaintiffs,

vs.

C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,

    Defendants.

Case No. 08-CV-74-GKF-FHM

## OPINION AND ORDER

Plaintiff Children's Motion for Leave to File Two Rebuttal Expert Reports, [Dkt. 539], is before the undersigned United States Magistrate Judge for decision. The motion has been briefed on an expedited schedule and is ripe for decision.

Pursuant to the Second Amended Scheduling Order Plaintiffs served their expert witness reports on March 15, 2011 and Defendants served their expert witness reports on June 9 and June 15, 2011. Plaintiffs now seek leave to name two additional expert witnesses and file reports, "solely to rebut certain assertions contained in the reports of Defendants' proposed experts regarding the work performed by Dr. Jerry Milner and Mr. John Goad, two of Plaintiffs' experts." [Dkt. 539, p. 1]. Plaintiffs contend that Defendants' experts criticize the reports by Dr. Milner and Mr. Goad and raise what Plaintiffs call "highly technical statistical issues." *Id*. at 4. Plaintiffs assert that Dr. Milner and Mr. Goad are not experts in statistics beyond what are usually and customarily used in their fields. Plaintiffs therefore seek to name additional expert witnesses to rebut the statistical arguments asserted by Defendants' statisticians and also to rebut the criticisms about the methodology employed by Dr. Milner and Mr. Goad. According to Plaintiffs, Fed. R. Civ.

P. 26(a)(2)(D)(ii) expressly contemplates the use of such rebuttal reports and courts in the Tenth Circuit have permitted such reports when the rebuttal experts have special expertise in the matters under attack.

Defendants argue that no additional expert witnesses should be permitted. Defendants assert that the experts will not be offering rebuttal evidence but evidence to defend and bolster the work performed by Dr. Milner and Mr. Goad. Defendants assert that these witnesses should be able to defend their own work. They further assert that interjecting new expert witnesses at this late date would be prejudicial to them.

Fed. R. Civ. P. 26(a)(2)(D) provides in relevant part:

> Absent a stipulation or court order, [expert] disclosures must be made:
>
> \* \* \*
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified [in another party's expert report], within 30 days after the other party's disclosure.

While the testimony of the expert witnesses Plaintiffs seek to add will challenge the testimony of Defendants' experts, the proposed testimony does not constitute rebuttal evidence as that term is used in Rule 26(a)(2)(D)(ii). Plaintiffs have not asserted that Defendants' expert reports identified new subject matter. Instead, Defendants' expert reports respond to and rebut the subjects identified by Plaintiffs' experts. Plaintiffs say as much in their own papers: "[t]he eight expert reports served by Defendants addressing Dr. Milner and Mr. Goad assert various statistical methodological challenges to the Milner and Goad reports and, in that sense, are largely rebuttal in nature." [Dkt. 539, pp. 1-2]. The additional expert evidence Plaintiffs seek to add is more properly viewed as strengthening or bolstering the testimony of Plaintiffs' own experts, Dr. Milner and Mr. Goad. Such

evidence is not "intended solely to contradict or rebut evidence on the same subject matter identified by another party." The undersigned finds that Plaintiffs' proposed additional expert testimony is not rebuttal evidence as that term is used in Rule 26(a)(2)(D)(ii) and that rule does not provide authority for Plaintiffs request.

The refusal or allowance of rebuttal testimony is a matter of the court's discretion. *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1224 (10th Cir. 2000).[1] The undersigned finds that the factors in this case counsel against granting permission to name additional expert witnesses.

In this case Plaintiffs' experts Dr. Milner and Mr. Goad submitted expert reports. In response Defendants produced expert witness reports which Plaintiffs describe as rebutting their experts. Plaintiffs assert the need to file reports by additional experts to rebut Defendants' experts. In reality, what Plaintiffs seek is to file what would essentially be a sur-rebuttal expert witness report. Such a report would serve to bolster or strengthen the testimony of Plaintiffs' original experts. Plaintiffs have not demonstrated that such evidence is necessary to the presentation of their case. In fact, they claim that Dr. Milner and Mr. Goad are qualified to and capable of defending their own reports. In view of the foregoing, the undersigned finds that Plaintiffs have not demonstrated the need for the addition of more experts so as to disrupt the schedule under which the court and the parties have been operating.

---

[1] The undersigned is not persuaded by the cases cited by Plaintiffs which have permitted the addition of rebuttal expert witnesses. Those cases were decided on the basis of the particular circumstances presented which differ from the ones presented here and demonstrate the application of the court's discretion under the facts presented. They are not particularly instructive because each set of facts must be analyzed on its own merits. .

Further, the addition of the witnesses would prejudice Defendants because it is not reasonable to expect Defendants to receive additional expert witness reports on July 15, evaluate the reports, depose the witnesses, and file *Daubert* motions by August 1. The addition of more expert witnesses also opens up the possibility of the need for Defendants to file further expert witness reports.

In *Tyson* the Court was faced with an analogous situation. The Court considered whether a party should be permitted to supplement an expert report and ruled that the right to supplement under Rule 26(e) is "not without limits." *Id*. at 1. The Court noted several cases where courts have ruled that supplemental reports that state additional grounds or rationales or seek to strengthen or deepen opinions expressed in the original expert report exceed the bounds of permissible supplementation and are subject to being excluded. *Id.* (quoting *Cohlmia v. Ardent Health Servs.*, 2008 WL 3992148 (N.D. Okla), further citations omitted). Were it otherwise, a situation could develop where there would be no finality to expert reports as each side could continue to supplement to buttress its case and modify previous opinions. Such a system would eviscerate the expert report requirements of Rule 26, would wreak havoc in docket control, and would amount to unlimited expert opinion presentation. *Id*. at *2. The same concerns are reasonably applied to rebuttal expert witnesses in this case.[2]

In sum, Plaintiffs will not be granted the opportunity to name two additional expert witnesses because: Plaintiffs' general description of the proposed testimony indicates that the additional evidence is not necessary to the presentation of Plaintiffs' case; adding

---

[2] In *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 252337 (N.D. Okla.), the Court also denied leave to submit rebuttal expert reports.

evidence would merely serve to strengthen Plaintiffs' expert witnesses testimony; adding more expert witnesses at this stage would be disruptive to the schedule; and the addition of expert witnesses at this stage would be prejudicial to Defendants.

Plaintiff Children's Motion for Leave to File Two Rebuttal Expert Reports, [Dkt. 539], is DENIED.

SO ORDERED this 15th day of July, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE