IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

D.G. by Next Friend G. Gail Stricklin, *et al.*, )
)
        Plaintiffs, )
)
v. )
)   Case No. 08-CV-074-GKF-FHM
C. BRAD HENRY, in his official capacity as )
Governor of the State of Oklahoma, *et al.*, )
)
        Defendants. )

**OPINION AND ORDER**

Before the court is the plaintiffs' Motion for Bifurcation of Proceedings and Liability Cut-Off Date [Dkt. ##458-459]. Plaintiffs seek bifurcation of the trial of this case into a liability phase and a remedy phase, and a cut-off date of June 30, 2010, for the factual record applicable to the liability phase. Defendants oppose the motion.

Named plaintiffs brought this Section 1983 class action on behalf of children in foster care in Oklahoma, alleging policies of the Oklahoma Department of Human Services ("DHS") regarding the state's foster care program violate their First, Fifth, Ninth and Fourteenth Amendment rights. Plaintiffs seek a permanent injunction mandating, *inter alia,* changes in caseload assignment and management, and modifying placement practices to limit the number of times foster children are moved to different homes. [Doc. ## 241, 458].

Extensive discovery and motion practice have occurred. The case is currently set for non-jury trial on October 17, 2011.

**I. Bifurcation**

Plaintiffs propose bifurcation of the trial into liability and remedy phases, with a brief

interlude during which settlement negotiations would be pursued. Rule 42(b) allows the court to order separate trials of issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P. 42(b). Plaintiffs assert a phased trial process will promote judicial economy and is necessary because in this case there are "extensive and ever-changing factual records." [Dkt. #458 at 7].

The court disagrees for two reasons. First, since this is a nonjury trial, judicial economy would be best served by one trial proceeding. Second, plaintiffs' entire proposal is based on the flawed premise that liability can be determined based on a factual record that is closed far in advance of the trial. As discussed below, the United States Supreme Court, in *Farmer v. Brennan,* 511 U.S. 825 (1994), instructs otherwise.

## II. Liability Cut-Off Date of June 30, 2010

Plaintiff seeks imposition of a June 30, 2010, cut-off date for determining whether defendants have violated their constitutional rights. Under their proposal, evidence of defendants' conduct since that time would only be relevant in evaluating whether and what kind of injunctive relief is appropriate.

Regardless of whether they seek monetary damages or injunctive relief, plaintiffs must show causation in order to prove a Section 1983 violation under 42 U.S.C. §1983. *Los Angeles County, California v. Humphries,* __ U.S. __, 131 S.Ct. 447, 452 (2010) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978)). As described in *Yvonne L. v. New Mexico Dep't of Human Serv.,* 959 F.2d 883, 890 (10th Cir. 1992), in suits involving children in state custody, causation is established where the state or its employees "knew of the asserted danger" to the child or "failed to exercise professional judgment with respect thereto," and "an

affirmative link to the injuries [the children] suffered can be shown." Further, "[f]ailure to exercise professional judgment' does not mean mere negligence," but rather requires "abdication of the duty to act professionally." *Id.* at 894. *See also Johnson v. Holmes,* 455 F.3d 1133, 1143 (10th Cir. 2006) ("Such abdication must be sufficient to shock the conscience."). Moreover, plaintiffs must establish they are "suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita,* 380 F.3d 1277, 1283 (10th Cir. 2004).

In *Farmer,* the Supreme Court answered the question raised by plaintiffs' request for a liability cut-off date, *i.e.*: In a case for injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, what is the appropriate date for evaluating whether defendants' conduct violates plaintiffs' civil rights? There, a transsexual prison inmate alleged prison officials failed to protect him from violence by other inmates. 511 U.S. at 828. The court held that the issue of whether the prison officials' conduct had demonstrated "subjective deliberate indifference" (the constitutional standard applicable in that case) "should be determined in light of the prison authorities *current* attitudes and conduct . . .their attitudes and conduct *at the time suit is brought and persisting thereafter*." *Id.* at 845 (citing *Helling v. McKinney,* 509 U.S. 25, 36 (1993)) (emphasis added). The court stated:

> An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; to survive summary judgment, he must come forward with evidence from which it can be inferred that the defendant-officials were, at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future. In doing so, the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such

3

developments to establish that the inmate is not entitled to an injunction.

*Id.* at 845-6 (quotations and citations omitted).

The court understands plaintiffs' concerns about "moving targets." However, the claims asserted and the relief sought in this case, by their very nature, demand that the court take into account conditions existing at the time of trial in evaluating defendants' conduct and the risk of harm to plaintiffs. *See Farmer,* 511 U.S. at 845-6.

The parties, under the supervision of Magistrate Judge Frank McCarthy, have devoted considerable time and resources to the discovery to prepare for trial of this case, and this effort should help minimize any surprises. Further, the court will be willing to entertain, at the pretrial conference of this matter, motions requiring each side to disclose, before trial, any evidence of recent developments the parties intend to offer at trial.

### III. Conclusion

For the reasons set forth above, plaintiffs' Motion for Bifurcation of Proceedings and Liability Cut-Off Date [Dkt. ##458-9] is denied.

ENTERED this 3rd day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

4