**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., | |
| Plaintiffs, | |
| vs. | Case No. 08-CV-74-GKF-FHM |
| C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., | |
| Defendants. | |

## OPINION AND ORDER

Defendants Jay Dee Chase's, Ronald L. Mercer's and Robert Rawlings' Motion for Protective Order [Dkt. 525] is before the Court for decision. Plaintiffs have filed a response [Dkt. 546] and Defendants have filed a reply [Dkt. 564].

Defendants Mercer and Rawlings seek a protective order precluding Plaintiffs from taking their depositions under any conditions. Defendant Chase seeks a protective order limiting his deposition to one hour per day. In support, each witness presented a letter from his doctor which briefly described his chronic health problems and gave the opinion that the witness's health would be harmed by the stress of a deposition.

A party seeking a protective order bears the burden of establishing good cause. Based upon the evidence presented, Defendants Mercer, Rawlings and Chase have not established good cause for the requested protective order.

Although the doctors' letters briefly describe the witnesses' ongoing health problems and state that the stress of a deposition would be detrimental to the witnesses' health, the doctors' letters provide no further information to support this conclusion. In particular, no information is provided about the witnesses' current level of functioning or any restrictions

the doctors have placed on the witnesses's activities. This information would be especially relevant because the Court understands that Mr. Chase and Mr. Rawlings are currently serving as commissioners and Mr. Mercer only recently stopped serving as a commissioner. If the witnesses can perform these activities, it is unclear why depositions would impair their health.

Additionally, the doctors letters assume a high level of stress will be involved in the depositions. The letters contain descriptions such as "intense deposition," "argumentative" and "confrontational." The Court sees no reason why the attorneys could not conduct the depositions in a manner to limit the stress level. As a further precaution, the doctors could attend the depositions and monitor the witnesses during their testimony.

Based upon the evidence presented, Defendants have not established good cause for the requested protective orders. Defendants Jay Dee Chase's, Ronald L. Mercer's and Robert Rawlings' Motion for Protective Order [Dkt. 525] is DENIED.

SO ORDERED this 9th day of August, 2011.


_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE