IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al.,<br><br>           Plaintiffs,<br><br>vs.<br><br>C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al.,<br><br>           Defendants. | Case No. 08-CV-74-GKF-FHM |

## OPINION AND ORDER

Plaintiffs' Motion to Strike [Dkt. 450] is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed. The Motion to Strike [Dkt. 450] is DENIED.

Plaintiffs seek an order striking the errata sheets submitted by two deposition witnesses. The errata sheets changed the answers the witnesses gave at their depositions. Plaintiffs also seek an order that future errata sheets be limited to transcription errors and other "appropriate" corrections. Plaintiffs contend that Tenth Circuit case law is clear that deponents cannot make material changes to their depositions by way of errata sheets.

Fed. R. Civ. P. 30(e) addresses changes to deposition transcripts and states:

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and

> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Although the foregoing rule provides for changes "in form or substance," the Tenth Circuit has stated it takes a "dim view" of substantive changes to deposition testimony. *Bancfirst v. Ford Motor Company*, 2011 WL 1462279 *2 (10th Cir).[1] The Tenth Circuit cases, however, arise in the context of a party attempting to use the changed testimony in the case. The cases address the weight, if any, the court should give to the changed testimony.

Unlike the Tenth Circuit cases cited by Plaintiffs, here Plaintiffs seek to have the changes stricken prior to any attempted use of the changed testimony. The possible use of the changed testimony and the context in which the use might occur is entirely speculative. The undersigned is persuaded that the better practice is to deny Plaintiff's motion without prejudice and to address the issues raised by the changed testimony if it is offered for use in the case.

SO ORDERED this 26th day of August, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] Other courts do not share this "dim view." *See generally Yadran v. Rodriguez*, 258 F.R.D. 530 (S.D. Fla. 2009)(court persuaded by the majority view interpreting Rule 30(e) broadly), 8A Charles Alan Wright, Arthur R. Miller & Richard L Marcus, *Federal Practice and Procedure* § 2118 (3rd ed. 2010).