IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G., Gail Stricklin, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> C. BRAD HENRY, in his official capacity as Governor of the State of Oklahoma, et al., <br><br> Defendants. | Case No. 08-CV-74-GKF-FHM |

## OPINION AND ORDER

OKDHS Defendants' Motion to Reconsider Opinion and Order [Dkt. 693] and Plaintiff Children's Motion to Compel Production of Jay Dee Chase's Medical Records and the Deposition of his Doctor [Dkt. 712] have been fully briefed and are before the Court for decision. The motions are considered together because they are related.

In OKDHS's motion [Dkt. 693], Defendants seek a protective order to prevent Plaintiffs from deposing Jay Dee Chase because of his medical condition. Defendants attached an affidavit from Mr. Chase's doctor in support of the motion. In Plaintiff Children's motion [Dkt. 712], Plaintiffs seek access to Mr. Chase's medical records and a deposition of the doctor who submitted the affidavit. In their response, [Dkt. 726], Defendants appear to suggest that a deposition of Mr. Chase under certain conditions would be appropriate.

A protective order completely shielding a relevant witness from a deposition is not to be entered without full consideration of all the facts and circumstances. In developing those facts, the party opposing the protective order should be allowed reasonable discovery. At the same time, Mr. Chase has a privacy interest in his medical condition

which deserves consideration. In this case, Defendants seek a protective order based on Mr. Chase's medical condition but object to Plaintiffs' discovery regarding his medical condition.

The Court finds that the affidavit of the doctor is sufficient to support an order placing reasonable restrictions on Mr. Chase's deposition but it is not sufficient to support completely shielding Mr. Chase from any deposition without allowing Plaintiffs some discovery. In this regard, the fact that Mr. Chase continues to serve as a Commissioner despite his medical condition is significant to the Court's decision. If Defendants persist in seeking a protective order completely shielding Mr. Chase from a deposition, then Plaintiff Children's Motion to Compel Production of Jay Dee Chase's Medical Records and the Deposition of his Doctor [Dkt. 712] will be granted. If Mr. Chase would prefer to give his deposition at the courthouse under the supervision of the undersigned and under reasonable restrictions, including the attendance of Mr. Chase's doctor, if desired, Defendants may withdraw their motion for a protective order [Dkt. 693] and Plaintiff's motion to compel [Dkt. 712] will be denied.

Defendants shall file a notice of their position in response to this Order by November 30, 2011.

SO ORDERED this 23rd day of November, 2011.

*Frank H. McCarthy*
FRANK H. MCCARTHY
UNITED STATES MAGISTRATE JUDGE