IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G. Gail Stricklin, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN SCHNEIDER, in his official ) <br> capacity as Chairman of the Oklahoma ) <br> Commission for Human Services, *et al.*,[1] ) <br> ) <br> Defendants. ) | Case No. 08-CV-074-GKF-FHM |

## ORDER

This matter comes before the court *sua sponte* on the Co-Neutral 19th Commentary, dated March of 2023, pursuant to the Compromise and Settlement Agreement entered in this matter.

On February 13, 2008, the named plaintiffs—nine children in foster care—on behalf of themselves and more than ten thousand similarly-situated Oklahoma children, filed suit seeking class certification and a permanent injunction enjoining defendants from subjecting plaintiff children to practices that violate their constitutional rights, among other relief. [Doc. 2]. This court certified a class of plaintiffs more specifically described as follows:

> All children who are or will be in the legal custody of the Oklahoma Department of Human Services (1) due to a report or suspicion of abuse or neglect; or (2) who are or will be adjudicated deprived due to abuse or neglect.

[Doc. 272]. The Plaintiff Class and the Oklahoma Department of Human Services subsequently reached a Compromise and Settlement Agreement, which this court approved by virtue of an Order and Judgment dated February 29, 2012. [Doc. 778 and Doc. 779].

---

[1] John Schneider is automatically substituted as a part pursuant to Federal Rule of Civil Procedure 25(d).

Pursuant to the Compromise and Settlement Agreement, Kathleen G. Noonan, Kevin M. Ryan, and Eileen Crummy were appointed as "Co-Neutrals," who were charged with, twice annually, providing commentary as to the Department's overall progress and whether the Department is making good faith efforts pursuant to the Settlement Agreement. [Doc. 770-1, pp. 5 and 11]. To that end, the Co-Neutrals and Department established the Metrics, Baselines, and Targets Plan for various performance areas.

The Settlement Agreement provided that, on December 15, 2016, the Co-Neutrals should issue a final report, to include a finding that the Department has, or has not, made good faith efforts to achieve substantial and sustained progress toward Target Outcomes. [Doc. 770-1, pp. 11-12]. In the final report,

> [i]f the Co-Neutrals find that the Department has made, for a continuous period of at least two years prior to December 15, 2016, good faith efforts to achieve substantial and sustained progress toward each Target Outcome, then the Department's obligations under th[e] Settlement Agreement shall terminate and the parties shall jointly seek to vacate any Judgment entered by the Court as a result of a finding or decision by the Co-Neutrals.

[Doc. 770-1, p. 12].

On September 2, 2016, the parties agreed to amend the Compromise and Settlement Agreement to suspend the Co-Neutrals' issuance of a final report. Instead, the amendment permitted the Department to request a Final Report from the Co-Neutrals at any time.

On December 14, 2021, the court granted the parties Joint Motion to Modify Settlement Agreement as set forth in the Agreement to Amend the Compromise and Settlement Agreement and Partially Suspend Good Faith Reporting on Selected Performance Area Measures, referred to as the COVID Recovery Agreement. [Doc. 908-1; Doc. 909]. Under the COVID Recovery

Agreement, the parties agreed to hold in abeyance during the "COVID Recovery Period"[2] the twice annual determinations by the Co-Neutral as to whether DHS had engaged in good faith efforts to achieve substantial and sustained progress for seven performance area measures, known as the "Delayed Performance Area Measures." All other performance area measures were referred to as the "Non-Impacted Performance Area Measures."

On March 22, 2023, the Co-Neutrals issued the Nineteenth Commentary, the first Commentary following the COVID Recovery Period. With respect to the Non-Impacted Performance Areas, the Co-Neutrals found that the Department has fulfilled the Compromise and Settlement Agreement's requirement for a two-year continuous period of good faith determinations. Thus, the Nineteenth Commentary serves as the Final Report for the Non-Impacted Performance Area Measures.

The Compromise and Settlement Agreement provides a thirty-day period for the parties to appeal to the court the Final Report of the Co-Neutrals. [Doc. 770-1, p. 12]. The thirty-day period has lapsed and no appeal has been filed. Thus, the Nineteenth Commentary of the Co-Neutrals constitutes the Final Report for the twenty-three Non-Impacted Performance Area Measures. The Department's obligations under the Compromise and Settlement Agreement, as amended, with respect to the twenty-three "Non-Impacted Performance Areas Measures" are terminated. *See* [Doc. 770-1, p. 12].

IT IS SO ORDERED this 24th day of April, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2] The "COVID Recovery Period" included the following: (1) January 1, 2021 through June 30, 2021; (ii) July 1, 2021 through December 31, 2021; and (iii) January 1, 2022 through June 30, 2022. [Doc. 908-1, p. 3].