# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.G., by Next Friend G. Gail Stricklin, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JEFFREY CARTMELL, in his official ) <br> capacity as the Director of the Oklahoma ) <br> Department of Human Services, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 08-CV-074-GKF-FHM |

## OPINION AND ORDER

This matter comes before the court on the Motion Seeking this Court's Acceptance and Approval [Doc. 913], filed by defendant the Oklahoma Department of Human Services. Therein, the Department seeks approval of the Co-Neutral Twenty-Second Commentary, dated January of 2025 and titled "Final Report," pursuant to the Compromise and Settlement Agreement entered in this matter.

By way of background, on February 13, 2008, the named plaintiffs—nine children in foster care—on behalf of themselves and more than ten thousand similarly-situated Oklahoma children, filed suit seeking class certification and a permanent injunction enjoining defendants from subjecting plaintiff children to practices that violate their constitutional rights, among other relief. [Doc. 2]. This court certified a class of plaintiffs more specifically described as follows:

> All children who are or will be in the legal custody of the Oklahoma Department of Human Services (1) due to a report or suspicion of abuse or neglect, or (2) who are or will be adjudicated deprived due to abuse or neglect.

[Doc. 272]. The Plaintiff Class and the Oklahoma Department of Human Services subsequently reached a Compromise and Settlement Agreement, which this court approved by virtue of an Order and Judgment dated February 29, 2012. [Doc. 778; Doc. 779].

Pursuant to the Compromise and Settlement Agreement, Kathleen G. Noonan, Kevin M. Ryan, and Eileen Crummy were appointed as "Co-Neutrals," who were charged with, twice annually, providing commentary as to the Department's overall progress and whether the Department was making good faith efforts pursuant to the Settlement Agreement. [Doc. 770-1, pp. 5 and 11]. To that end, the Co-Neutrals and Department established the Metrics, Baselines, and Targets Plan for various performance areas.

The Settlement Agreement provided that, on December 15, 2016, the Co-Neutrals should issue a final report, to include a finding that the Department has, or has not, made good faith efforts to achieve substantial and sustained progress toward Target Outcomes. [Doc. 770-1, pp. 11-12]. In the final report,

> [i]f the Co-Neutrals find that the Department has made, for a continuous period of at least two years prior to December 15, 2016, good faith efforts to achieve substantial and sustained progress toward each Target Outcome, then the Department's obligations under th[e] Settlement Agreement shall terminate and the parties shall jointly seek to vacate any Judgment entered by the Court as a result of a finding or decision by the Co-Neutrals.

[Doc. 770-1, p. 12].

On September 2, 2016, the parties agreed to amend the Compromise and Settlement Agreement to suspend the Co-Neutrals' issuance of a final report. Instead, the amendment permitted the Department to request a Final Report from the Co-Neutrals at any time.

On December 14, 2021, the court granted the parties' Joint Motion to Modify Settlement Agreement as set forth in the Agreement to Amend the Compromise and Settlement Agreement and Partially Suspend Good Faith Reporting on Selected Performance Area Measures, referred to

as the COVID Recovery Agreement. [Doc. 908-1; Doc. 909]. Under the COVID Recovery Agreement, the parties agreed to hold in abeyance during the "COVID Recovery Period"[1] the twice annual determinations by the Co-Neutral as to whether DHS had engaged in good faith efforts to achieve substantial and sustained progress for seven performance area measures, known as the "Delayed Performance Area Measures." All other performance area measures were referred to as the "Non-Impacted Performance Area Measures."

On March 22, 2023, the Co-Neutrals issued the Nineteenth Commentary, the first Commentary following the COVID Recovery Period. With respect to the Non-Impacted Performance Areas, the Co-Neutrals found that the Department had fulfilled the Compromise and Settlement Agreement's requirement for a two-year continuous period of good faith determinations. Accordingly, on April 24, 2023, the court entered an Order concluding that the Department's obligations under the Compromise and Settlement Agreement, as amended, with respect to the twenty-three "Non-Impacted Performance Areas Measures" were terminated. [Doc. 910].

On February 11, 2025, the Co-Neutrals issued the Twenty-Second Commentary, which was designated as the "Final Report." Therein, the Co-Neutrals found that the Department has fulfilled the Compromise and Settlement Agreement's requirement for a two-year continuous period of good faith determinations as to the seven Delayed Performance Area Measures. Thus, the Twenty-Second Commentary serves as the Final Report both with respect to the Delayed Performance Area Measures and the Compromise and Settlement Agreement as a whole.

---

[1] The "COVID Recovery Period" included the following: (1) January 1, 2021 through June 30, 2021; (ii) July 1, 2021 through December 31, 2021; and (iii) January 1, 2022 through June 30, 2022. [Doc. 908-1, p. 3].

On March 12, 2025, the Department filed a Notice of No Objection to the Final Report. [Doc. 912].[2]

On March 13, 2025, the court held a hearing on the Twenty-Second Commentary. [Doc. 915]. During the hearing, plaintiffs presented a Notice advising that they do not object to the Final Report and will not file a Notice of Appeal. [Doc. 916].

Having reviewed the report and there being no objection, the court concludes that the Twenty-Second Commentary of the Co-Neutrals constitutes the Final Report for the seven Delayed Performance Area Measures. The Department's obligations under the Compromise and Settlement Agreement, as amended, with respect to the seven Delayed Performance Area Measures are terminated.

Further, having previously terminated the Department's obligations under the Compromise and Settlement Agreement, as amended, with respect to the twenty-three Non-Impacted Performance Area Measures, the defendants' obligations under the Compromise and Settlement Agreement are satisfied.

WHEREFORE, the Motion Seeking this Court's Acceptance and Approval [Doc. 913] of defendant the Oklahoma Department of Human Services is granted.

IT IS FURTHER ORDERED that the Department's obligations under the Compromise and Settlement Agreement, as amended, with respect to the seven Delayed Performance Area Measures are terminated.

IT IS FURTHER ORDERED that the defendants' obligations under the Compromise and Settlement Agreement are satisfied.

---

[2] The Compromise and Settlement Agreement provides a thirty-day period for the parties to appeal to the court the Final Report of the Co-Neutrals. [Doc. 770-1, p. 12].

IT IS FURTHER ORDERED that, pursuant to paragraph 2.15 of the Compromise and Settlement Agreement, the court's Judgment [Doc. 880], dated June 5, 2018 and adopting the decision of the Co-Neutrals of March 5, 2018, is vacated.

IT IS SO ORDERED this 13th day of March, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE